UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                  :

VASILI TSRETELI and VASZURELE LTD., on behalf  :
of themselves and all others similarly situated,
                                  :   No. 08-CV-10637 (LAK)

               Plaintiffs,      :

                                  :

       v.                       :

                                  :

RESIDENTIAL ASSET SECURITIZATION      :
TRUST 2006-A8, CREDIT SUISSE SECURITIES
(USA) LLC, MOODY'S INVESTORS SERVICE, INC.,  :
and THE MCGRAW-HILL COMPANIES, INC.,
                                  :

              Defendants.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## ANSWER

     Defendant Credit Suisse Securities (USA) LLC ("Credit Suisse"), by its undersigned

attorneys, for its Answer to Plaintiffs' Amended Class Action Complaint for Violations of the

Securities Act of 1933 (the "Amended Complaint"), states as follows:

## GENERAL DENIAL

     Under the Court's Orders dated February 5, 2010 and February 17, 2010, the Court's

Memorandum Opinion dated March 10, 2010, and the Court's Memorandum and Order dated

March 23, 2010, Plaintiffs' Amended Complaint has been dismissed in all respects except for

those claims asserted by Plaintiff Vaszurele Ltd. against Credit Suisse based on the alleged

abandonment of underwriting standards by IndyMac Bank, F.S.B.  Thus, substantial portions of

the Amended Complaint are no longer operative and do not require a response.  Unless as

otherwise expressly admitted or denied, Credit Suisse denies allegations that pertain to the

conduct of other named but now-dismissed defendants and third parties based upon its lack of

knowledge or information sufficient to form a belief as to the truth of those allegations.

The Amended Complaint contains purported excerpts from and references to a number of documents and third-party publications. Such documents and third-party publications speak for themselves and Credit Suisse refers to the respective documents for the complete and accurate contents thereof. The Amended Complaint also contains allegations that state legal conclusions. No response is required to such allegations.

Except as otherwise expressly recognized herein, Credit Suisse denies each and every allegation contained in the Amended Complaint, including, without limitation, any allegations contained in the preamble, headings, subheadings or footnotes of the Amended Complaint, and specifically denies any liability to Plaintiffs or any member of the class that Plaintiffs purport to represent. Pursuant to Rule 8(d) of the Federal Rules of Civil Procedure, averments in the Amended Complaint to which no responsive pleading is required shall be deemed as denied. Credit Suisse expressly reserves the right to seek to amend and/or supplement its Answer as may be necessary.

## RESPONSE TO SPECIFIC ALLEGATIONS

AND NOW, incorporating the foregoing, Credit Suisse responds to the specific allegations of the Amended Complaint in like-numbered paragraphs as follows:

1. Credit Suisse admits that Plaintiffs purport to bring a class action and to assert claims pursuant to the statute cited in paragraph 1 of the Amended Complaint, but denies that class action treatment is appropriate.

2. Credit Suisse admits that holders of the Senior Certificates receive periodic "pass-through" distributions of principal and interest payments made by borrowers on certain underlying home mortgage loans held by Residential Asset Securitization Trust 2006-A8 and originated or acquired by IndyMac Bank, F.S.B. Credit Suisse further admits that IndyMac

Bank, F.S.B. is a wholly-owned subsidiary of IndyMac Intermediate Holdings, Inc., which is a wholly-owned subsidiary of IndyMac Bancorp, Inc.  Credit Suisse lacks sufficient knowledge to admit or deny the allegations of the third and fourth sentences of paragraph 2 of the Amended Complaint.

3.     Credit Suisse admits that the initial offering of the Senior Certificates was made pursuant to the registration statement, prospectus and prospectus supplement referenced in paragraph 3 of the Amended Complaint.

4.     Credit Suisse denies the allegations of paragraph 4 of the Amended Complaint, except admits that it was the underwriter in a firm commitment underwriting for the Senior Certificates, admits that Moody's and S&P assigned "triple-A" ratings to the Senior Certificates, and respectfully refers the Court to the prospectus supplement quoted from in paragraph 4 of the Amended Complaint for the best evidence of its contents.

5.     The allegations of paragraph 5 of the Amended Complaint require no response insofar as they assert legal conclusions.  To the extent that a response is required, Credit Suisse denies the allegations of paragraph 5 of the Amended Complaint.

6.     Credit Suisse admits that Plaintiffs purport to assert claims pursuant to the statute cited in paragraph 6 of the Amended Complaint

7.     The allegations of paragraph 7 of the Amended Complaint require no response insofar as they assert a legal conclusion.

8.     The allegations of the first sentence of paragraph 8 of the Amended Complaint require no response insofar as they assert a legal conclusion.  Credit Suisse lacks sufficient knowledge to admit or deny the allegations of the second and third sentences of paragraph 8 of

the Amended Complaint, except admits that it conducts business in this District and that its employees in this District participated in the underwriting of the Senior Certificates.

9.    The allegations of paragraph 9 of the Amended Complaint require no response insofar as they assert a legal conclusion.  To the extent that a response is required, Credit Suisse denies that it engaged in any actionable acts or omissions and otherwise denies the allegations of paragraph 9 of the Amended Complaint as too vague and generalized to permit a response.

10.    Credit Suisse denies that the Offering Documents contained misstatements or omissions of material fact, denies that Vaszurele Ltd. has suffered any cognizable damages, and lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 10 of the Amended Complaint.

11.    The allegations of paragraph 11 of the Amended Complaint require no response because Mr. Tsereteli's claims have been dismissed.  To the extent that a response is required, Credit Suisse lacks sufficient knowledge to admit or deny the allegations of paragraph 11 of the Amended Complaint, except Credit Suisse denies that Mr. Tsereteli has suffered any cognizable damages.

12.    Credit Suisse lacks sufficient knowledge to admit or deny the allegations of paragraph 12 of the Amended Complaint, except admits that Residential Asset Securitization Trust 2006-A8 issued the Senior Certificates and that IndyMac MBS, Inc. was a subsidiary of IndyMac Bank, F.S.B.

13.    Credit Suisse admits that its principal place of business is Eleven Madison Avenue, New York, New York 10010 and that it was the underwriter for the Senior Certificates. The remaining allegations of paragraph 13 of the Amended Complaint are too vague to permit a response and are therefore denied.

14.     Credit Suisse lacks sufficient knowledge to admit or deny the allegations of paragraph 14 of the Amended Complaint, except admits that Moody's assigned ratings to the Senior Certificates.

15.     Credit Suisse lacks sufficient knowledge to admit or deny the allegations of paragraph 15 of the Amended Complaint, except admits that S&P assigned ratings to the Senior Certificates.

16.     The allegations of paragraph 16 of the Amended Complaint require no response.

17.     Credit Suisse denies that paragraph 17 of the Amended Complaint contains a complete and accurate characterization of "securitizations" or "mortgage-backed securities." The allegations of paragraph 17 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

18.     Credit Suisse denies that paragraph 18 of the Amended Complaint contains a complete and accurate characterization of the mechanics for a "mortgage-backed securitization." The allegations of paragraph 18 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

19.     Credit Suisse denies that paragraph 19 of the Amended Complaint contains a complete and accurate "overview of the securitization transactions," admits that it was the underwriter for the Senior Certificates, and respectfully refers the Court to the prospectus supplement referenced in paragraph 19 of the Amended Complaint for the best evidence of its contents. The remaining allegations of paragraph 19 of the Amended Complaint are too vague and generalized to permit a response and are therefore denied.

20.     Credit Suisse admits that IndyMac Bank, F.S.B. originated or acquired the underlying mortgage loans for the Senior Certificates and respectfully refers the Court to the

prospectus supplement referenced in paragraph 20 of the Amended Complaint for the best evidence of its disclosures concerning the characteristics of the loans in the mortgage pool and the underwriting guidelines of IndyMac Bank, F.S.B. The remaining allegations of paragraph 20 of the Amended Complaint are too vague to permit a response and are therefore denied.

21.    Credit Suisse admits that the prospectus supplement for the offering of the Senior Certificates disclosed that IndyMac Bank, F.S.B. sold the pool of mortgage loans underlying the certificates to IndyMac MBS, Inc. and that IndyMac MBS, Inc. deposited the pool of mortgage loans into Residential Asset Securitization Trust 2006-A8. Credit Suisse further admits that Residential Asset Securitization Trust 2006-A8 issued the Senior Certificates and that holders of the Senior Certificates acquired the right to receive a portion of the periodic principal and/or interest payments made by borrowers on the loans held by Residential Asset Securitization Trust 2006-A8. The remaining allegations of paragraph 21 of the Amended Complaint are too vague to permit a response and are therefore denied.

22.    Credit Suisse admits that IndyMac MBS, Inc. filed offering documents with the SEC and sold Senior Certificates to Credit Suisse and Subordinated Certificates to Lehman Brothers Inc. for the underwriters to sell to investors as part of a firm commitment underwriting. Credit Suisse further states that it performed due diligence in connection with the underwriting of the Senior Certificates. The remaining allegations of paragraph 22 of the Amended Complaint are too vague to permit a response and are therefore denied.

23.    Credit Suisse denies that all the classes of certificates listed in Paragraph 23 of the Amended Complaint were sold pursuant to the offering documents and respectfully refers the Court to the prospectus supplement for the offering for a complete and accurate characterization of the classes of certificates sold pursuant to the offering documents.

24.     Credit Suisse admits that the prospectus supplement for the offering disclosed that the Senior Certificates would have an initial aggregate "Class Certificate Balance" of approximately $603,163,942 out of an initial aggregate "Class Certificate Balance" of approximately $632,676,943 for all the certificates being offered pursuant to the offering documents.  Credit Suisse further admits that IndyMac Bank, F.S.B. contracted to service the mortgage loans underlying the certificates in accordance with the terms of the Pooling and Servicing Agreement referenced in the prospectus supplement for the offering.  Credit Suisse also admits that it was compensated in connection with its underwriting of the Senior Certificates.  The remaining allegations of paragraph 24 of the Amended Complaint are too vague to permit a response and are therefore denied.

25.     Credit Suisse denies that paragraph 25 of the Amended Complaint contains a complete and accurate characterization of "structured finance" or the alternatives to "structured finance" and respectfully refers the Court to the document quoted in paragraph 25 for the best evidence of its contents.  The allegations of paragraph 25 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

26.     As all claims relating to the rating agencies have been dismissed, no response is required to the allegations of paragraph 26 of the Amended Complaint.  Moreover, the allegations of paragraph 26 of the Amended Complaint require no response insofar as they assert legal conclusions.  To the extent a response is required, Credit Suisse respectfully refers the Court to the document quoted in paragraph 26 for the best evidence of its contents.  The allegations of paragraph 26 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

27.     Credit Suisse admits that there were different classes of certificates and respectfully refers the Court to the offering documents for a description of the different classes for the offering.  The allegations of paragraph 27 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

28.     Credit Suisse denies that paragraph 28 of the Amended Complaint contains a complete and accurate description of the "general characteristics" of classes or tranches of mortgage-backed securities.  Insofar as the allegations in paragraph 28 pertain to the certificates at issue in this case, Credit Suisse respectfully refers the Court to the offering documents for the certificates for the best evidence of their disclosures concerning the different classes being offered.  The allegations of paragraph 28 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

29.     Credit Suisse denies that paragraph 29 of the Amended Complaint contains a complete and accurate description of the "general characteristics" of classes or tranches of mortgage-backed securities.  Insofar as the allegations in paragraph 29 pertain to the certificates at issue in this case, Credit Suisse respectfully refers the Court to the offering documents for the certificates for the best evidence of their disclosures concerning the different classes being offered and to the document quoted in footnote 2 of the Amended Complaint for the best evidence of its contents.  The allegations of paragraph 29 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

30.     Credit Suisse denies that paragraph 30 of the Amended Complaint contains a complete and accurate description of the "general characteristics" of classes or tranches of mortgage-backed securities.  Insofar as the allegations in paragraph 30 pertain to the certificates at issue in this case, Credit Suisse respectfully refers the Court to the offering documents for the

certificates for the best evidence of their disclosures concerning the different classes being offered and to the document quoted in paragraph 30 for the best evidence of its contents. The allegations of paragraph 30 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

31.    Credit Suisse denies that paragraph 31 of the Amended Complaint contains a complete and accurate description of the "basic structure of subordinated tranches and the attributes of loss protection." Insofar as the allegations in paragraph 31 pertain to the certificates at issue in this case, Credit Suisse respectfully refers the Court to the offering documents for the certificates for the best evidence of their disclosures concerning the different classes being offered and to the document cited in paragraph 31 for the best evidence of its contents. The allegations of paragraph 31 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

32.    As all claims relating to ratings and rating methodology have been dismissed, no response is required to the allegations of paragraph 32 of the Amended Complaint. To the extent a response is required and insofar as the allegations in paragraph 32 pertain to the certificates at issue in this case, Credit Suisse respectfully refers the Court to the offering documents for the best evidence of their disclosures concerning the ratings for the certificates. The allegations of paragraph 32 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

33.    As all claims relating to ratings and rating methodology have been dismissed, no response is required to the allegations of paragraph 33 of the Amended Complaint. To the extent a response is required and insofar as the allegations in paragraph 33 pertain to the certificates at issue in this case, Credit Suisse respectfully refers the Court to the offering documents for the

best evidence of their disclosures concerning the ratings for the certificates and to the document quoted in paragraph 33 for the best evidence of its contents. The allegations of paragraph 33 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

34.    As all claims relating to ratings and rating methodology have been dismissed, no response is required to the allegations of paragraph 34 of the Amended Complaint. To the extent a response is required and insofar as the allegations in paragraph 34 pertain to the certificates at issue in this case, Credit Suisse respectfully refers the Court to the offering documents for the best evidence of their disclosures concerning the ratings for the certificates and to the document quoted in paragraph 34 for the best evidence of its contents. The allegations of paragraph 34 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

35.    As all claims relating to ratings and rating methodology have been dismissed, no response is required to the allegations of paragraph 35 of the Amended Complaint. To the extent a response is required and insofar as the allegations in paragraph 35 pertain to the certificates at issue in this case, Credit Suisse respectfully refers the Court to the offering documents for the best evidence of their disclosures concerning the ratings for the certificates and to the documents quoted in paragraph 35 for the best evidence of their contents. The allegations of paragraph 35 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

36.    As all claims relating to ratings and rating methodology have been dismissed, no response is required to the allegations of paragraph 36 of the Amended Complaint. To the extent a response is required and insofar as the allegations in paragraph 36 pertain to the certificates at

issue in this case, Credit Suisse respectfully refers the Court to the offering documents for the best evidence of their disclosures concerning the ratings for the certificates and to the document quoted in paragraph 36 for the best evidence of its contents. The allegations of paragraph 36 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

37.    As all claims relating to ratings and rating methodology have been dismissed, no response is required to the allegations of paragraph 37 of the Amended Complaint. To the extent a response is required and insofar as the allegations in paragraph 37 pertain to the certificates at issue in this case, Credit Suisse respectfully refers the Court to the offering documents for the best evidence of their disclosures concerning the ratings for the certificates. The allegations of paragraph 37 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

38.    As all claims relating to ratings and rating methodology have been dismissed, no response is required to the allegations of paragraph 38 of the Amended Complaint. To the extent a response is required and insofar as the allegations in paragraph 38 pertain to the certificates at issue in this case, Credit Suisse respectfully refers the Court to the offering documents for the best evidence of their disclosures concerning the ratings for the certificates and to the document quoted in paragraph 38 for the best evidence of its contents. The allegations of paragraph 38 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

39.    As all claims relating to ratings and rating methodology have been dismissed, no response is required to the allegations of paragraph 39 of the Amended Complaint. To the extent a response is required and insofar as the allegations in paragraph 39 pertain to the certificates at

issue in this case, Credit Suisse respectfully refers the Court to the offering documents for the best evidence of their disclosures concerning the ratings for the certificates and to the document quoted in paragraph 39 for the best evidence of its contents. The allegations of paragraph 39 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

40.     As all claims relating to ratings and rating methodology have been dismissed, no response is required to the allegations of paragraph 40 of the Amended Complaint. To the extent a response is required and insofar as the allegations in paragraph 40 pertain to the certificates at issue in this case, Credit Suisse respectfully refers the Court to the offering documents for the best evidence of their disclosures concerning the ratings for the certificates and to the document quoted in paragraph 40 for the best evidence of its contents. The allegations of paragraph 40 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

41.     As all claims relating to ratings and rating methodology have been dismissed, no response is required to the allegations of paragraph 41 of the Amended Complaint. To the extent a response is required and insofar as the allegations in paragraph 41 pertain to the certificates at issue in this case, Credit Suisse respectfully refers the Court to the offering documents for the best evidence of their disclosures concerning the ratings for the certificates and to the documents quoted in paragraph 41 for the best evidence of their contents. The allegations of paragraph 41 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

42.     As all claims relating to ratings and rating methodology have been dismissed, no response is required to the allegations of paragraph 42 of the Amended Complaint. To the extent

a response is required and insofar as the allegations in paragraph 42 pertain to the certificates at issue in this case, Credit Suisse respectfully refers the Court to the offering documents for the best evidence of their disclosures concerning the ratings for the certificates and to the document quoted in paragraph 42 for the best evidence of its contents. The allegations of paragraph 42 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

43.     As all claims relating to ratings and rating methodology have been dismissed, no response is required to the allegations of paragraph 43 of the Amended Complaint. To the extent a response is required and insofar as the allegations in paragraph 43 pertain to the certificates at issue in this case, Credit Suisse respectfully refers the Court to the offering documents for the best evidence of their disclosures concerning the ratings for the certificates and to the document quoted in paragraph 43 for the best evidence of its contents. The allegations of paragraph 43 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

44.     As all claims relating to ratings and rating methodology have been dismissed, no response is required to the allegations of paragraph 44 of the Amended Complaint. To the extent a response is required and insofar as the allegations in paragraph 44 pertain to the certificates at issue in this case, Credit Suisse avers that the allegations of paragraph 44 of the Amended Complaint require no response insofar as they assert legal conclusions and respectfully refers the Court to the document quoted in paragraph 44 for the best evidence of its contents. The allegations of paragraph 44 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

45.     As all claims relating to ratings and rating methodology have been dismissed, no response is required to the allegations of paragraph 45 of the Amended Complaint.  Moreover, Credit Suisse avers that the allegations of paragraph 45 of the Amended Complaint require no response insofar as they assert legal conclusions.  To the extent a response is required, Credit Suisse respectfully refers the Court to the document quoted in paragraph 45 for the best evidence of its contents.

46.     As all claims relating to ratings and rating methodology have been dismissed, no response is required to the allegations of paragraph 46 of the Amended Complaint.  To the extent a response is required and insofar as the allegations in paragraph 46 pertain to the certificates at issue in this case, Credit Suisse respectfully refers the Court to the offering documents for the best evidence of their disclosures concerning the ratings for the certificates and to the document quoted in paragraph 46 for the best evidence of its contents.  The allegations of paragraph 46 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

47.     As all claims relating to ratings and rating methodology have been dismissed, no response is required to the allegations of paragraph 47 of the Amended Complaint.  To the extent a response is required and insofar as the allegations in paragraph 47 pertain to the certificates at issue in this case, Credit Suisse respectfully refers the Court to the offering documents for the best evidence of their disclosures concerning the ratings for the certificates and to the documents quoted in paragraph 47 for the best evidence of their contents.  The allegations of paragraph 47 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

48.    Credit Suisse admits that the offering documents for the certificates disclosed the characteristics of both the certificates and the underlying mortgage loans was well as the underwriting process for the loans.  Credit Suisse further admits that the offering documents instructed investors to carefully review their contents before making any investment decisions and respectfully refers the Court to the offering documents for the best evidence of their contents.  The remaining allegations of paragraph 48 of the Amended Complaint are denied.

49.    Credit Suisse denies that paragraph 49 of the Amended Complaint contains a complete and accurate characterization of the offering documents' disclosures concerning the underwriting process for the mortgage loans underlying the certificates and respectfully refers the Court to the offering documents for the best evidence of their contents.

50.    Credit Suisse denies that paragraph 50 of the Amended Complaint contains a complete and accurate characterization of the offering documents' disclosures concerning the underwriting process for the mortgage loans underlying the certificates and respectfully refers the Court to the offering documents for the best evidence of their contents.

51.    Credit Suisse denies that paragraph 51 of the Amended Complaint contains a complete and accurate characterization of the offering documents' disclosures concerning the underwriting process for the mortgage loans underlying the certificates and respectfully refers the Court to the offering documents for the best evidence of their contents.

52.    Denied.

53.    Credit Suisse denies that paragraph 53 of the Amended Complaint contains a complete and accurate characterization of the offering documents' disclosures concerning the mortgage loans underlying the certificates and respectfully refers the Court to the offering documents for the best evidence of their contents.

54.     As all claims relating to loan-to-value ratios have been dismissed, no response is required to the allegations of paragraph 54 of the Amended Complaint.  To the extent a response is required, the allegations of paragraph 54 are denied.

55.     As all claims relating to ratings and rating methodology have been dismissed, no response is required to the allegations of paragraph 55 of the Amended Complaint.  To the extent a response is required, Credit Suisse respectfully refers the Court to the document quoted in paragraph 55 for the best evidence of their contents.

56.     As all claims relating to ratings and rating methodology have been dismissed, no response is required to the allegations of paragraph 56 of the Amended Complaint.  To the extent a response is required, Credit Suisse respectfully refers the Court to the document quoted in paragraph 56 for the best evidence of their contents.

57.     As all claims relating to ratings and rating methodology have been dismissed, no response is required to the allegations of paragraph 57 of the Amended Complaint.  To the extent a response is required, Credit Suisse denies that the offering documents contained any misstatements or omissions of material fact and lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 57 of the Amended Complaint.

58.     Credit Suisse denies that paragraph 58 of the Amended Complaint contains a complete and accurate characterization of the offering documents' disclosures concerning the underwriting process for the mortgage loans underlying the certificates and respectfully refers the Court to the offering documents for the best evidence of their contents.  The allegations of paragraph 58 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

59.     Credit Suisse denies that the offering documents contained any misstatements or omissions of material fact and respectfully refers the Court to the documents quoted in paragraph 59 of the Amended Complaint for the best evidence of their contents.  The allegations of paragraph 59 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

60.     Credit Suisse denies that the offering documents contained any misstatements or omissions of material fact and respectfully refers the Court to the documents quoted in paragraph 60 of the Amended Complaint for the best evidence of their contents.  The allegations of paragraph 60 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

61.     Credit Suisse denies that the offering documents contained any misstatements or omissions of material fact and respectfully refers the Court to the document quoted in paragraph 61 of the Amended Complaint for the best evidence of its contents.  The allegations of paragraph 61 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

62.     Credit Suisse denies that the offering documents contained any misstatements or omissions of material fact and avers that the allegations of paragraph 62 of the Amended Complaint require no response insofar as they assert legal conclusions.  The allegations of paragraph 62 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

63.     Credit Suisse respectfully refers the Court to the documents quoted in paragraph 63 of the Amended Complaint for the best evidence of their contents.  The allegations of

paragraph 63 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

64.    Credit Suisse denies that the offering documents contained any misstatements or omissions of material fact and respectfully refers the Court to the documents quoted in paragraph 64 of the Amended Complaint for the best evidence of their contents.  The allegations of paragraph 64 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

65.    Credit Suisse respectfully refers the Court to the document quoted in paragraph 65 of the Amended Complaint for the best evidence of its contents.  The allegations of paragraph 65 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

66.    Credit Suisse denies that the offering documents contained any misstatements or omissions of material fact and respectfully refers the Court to the document quoted in paragraph 66 of the Amended Complaint for the best evidence of its contents.  The allegations of paragraph 66 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

67.    Credit Suisse respectfully refers the Court to the document quoted in paragraph 67 of the Amended Complaint for the best evidence of its contents.  The allegations of paragraph 67 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

68.    Credit Suisse denies that the offering documents contained any misstatements or omissions of material fact and respectfully refers the Court to the documents quoted in paragraph 68 of the Amended Complaint for the best evidence of their contents.  The allegations of

paragraph 68 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

69.    Credit Suisse denies that the offering documents contained any misstatements or omissions of material fact and avers that the allegations of paragraph 69 of the Amended Complaint require no response insofar as they assert legal conclusions.  The allegations of paragraph 69 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

70.    As all claims relating to appraisal practices have been dismissed, no response is required to the allegations of paragraph 70 of the Amended Complaint.  To the extent a response is required, Credit Suisse denies that the offering documents contained any misstatements or omissions of material fact and respectfully refers the Court to the documents quoted in paragraph 70 for the best evidence of their contents.

71.    As all claims relating to appraisal practices have been dismissed, no response is required to the allegations of paragraph 71 of the Amended Complaint.  To the extent a response is required, Credit Suisse denies that the offering documents contained any misstatements or omissions of material fact and respectfully refers the Court to the document quoted in paragraph 71 for the best evidence of its contents.

72.    As all claims relating to appraisal practices have been dismissed, no response is required to the allegations of paragraph 72 of the Amended Complaint.  To the extent a response is required, Credit Suisse respectfully refers the Court to the documents quoted in paragraph 72 for the best evidence of their contents.

73.    As all claims relating to appraisal practices have been dismissed, no response is required to the allegations of paragraph 73 of the Amended Complaint.  To the extent a response

is required, Credit Suisse denies that the offering documents contained any misstatements or omissions of material fact and respectfully refers the Court to the document quoted in paragraph 73 for the best evidence of its contents.

74.     As all claims relating to appraisal practices have been dismissed, no response is required to the allegations of paragraph 74 of the Amended Complaint.  The allegations of paragraph 74 of the Amended Complaint also require no response insofar as they assert legal conclusions.  To the extent a response is required, Credit Suisse denies that the offering documents contained any misstatements or omissions of material fact.

75.     Credit Suisse respectfully refers the Court to the documents quoted in paragraph 75 of the Amended Complaint for the best evidence of their contents.  The allegations of paragraph 75 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

76.     Credit Suisse respectfully refers the Court to the document quoted in paragraph 76 of the Amended Complaint for the best evidence of its contents.  The allegations of paragraph 76 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

77.     Credit Suisse denies that the offering documents contained any misstatements or omissions of material fact and denies that Plaintiffs or other investors in the Senior Certificates have suffered any cognizable damages.  The allegations of paragraph 77 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

78.     As all claims relating to loan-to-value ratios have been dismissed, no response is required to the allegations of paragraph 78 of the Amended Complaint.  To the extent a response

is required, Credit Suisse denies that the offering documents contained any misstatements or omissions of material fact. The allegations of paragraph 78 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

79.    As all claims relating to loan-to-value ratios have been dismissed, no response is required to the allegations of paragraph 79 of the Amended Complaint. To the extent a response is required, Credit Suisse respectfully refers the Court to the document quoted in paragraph 79 for the best evidence of its contents.

80.    As all claims relating to loan-to-value ratios have been dismissed, no response is required to the allegations of paragraph 80 of the Amended Complaint. To the extent a response is required, Credit Suisse respectfully refers the Court to the document quoted in paragraph 80 for the best evidence of its contents.

81.    As all claims relating to loan-to-value ratios have been dismissed, no response is required to the allegations of paragraph 81 of the Amended Complaint. To the extent a response is required, Credit Suisse respectfully refers the Court to the document quoted in paragraph 81 for the best evidence of its contents. The allegations of paragraph 81 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

82.    As all claims relating to loan-to-value ratios have been dismissed, no response is required to the allegations of paragraph 82 of the Amended Complaint. To the extent a response is required, Credit Suisse respectfully refers the Court to the document quoted in paragraph 82 for the best evidence of its contents. The allegations of paragraph 82 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

83.    As all claims relating to loan-to-value ratios have been dismissed, no response is required to the allegations of paragraph 83 of the Amended Complaint. To the extent a response

is required, Credit Suisse respectfully refers the Court to the document quoted in paragraph 83 for the best evidence of its contents.  The allegations of paragraph 83 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

84.    As all claims relating to loan-to-value ratios have been dismissed, no response is required to the allegations of paragraph 84 of the Amended Complaint.  To the extent a response is required, Credit Suisse denies that the offering documents contained any misstatements or omissions of material fact and respectfully refers the Court to the document quoted in paragraph 84 for the best evidence of its contents.

85.    As all claims relating to loan-to-value ratios have been dismissed, no response is required to the allegations of paragraph 85 of the Amended Complaint.  To the extent a response is required, Credit Suisse denies that the offering documents contained any misstatements or omissions of material fact.  The allegations of paragraph 85 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

86.    As all claims relating to loan-to-value ratios have been dismissed, no response is required to the allegations of paragraph 86 of the Amended Complaint.  To the extent a response is required, the allegations of paragraph 86 of the Amended Complaint are otherwise too vague and generalized to permit a response and are therefore denied.

87.    As all claims relating to loan-to-value ratios have been dismissed, no response is required to the allegations of paragraph 87 of the Amended Complaint.  To the extent a response is required, Credit Suisse denies that the offering documents contained any misstatements or omissions of material fact.

88.    As all claims relating to ratings and rating methodology have been dismissed, no response is required to the allegations of paragraph 88 of the Amended Complaint.  To the extent

a response is required, Credit Suisse respectfully refers the Court to the document quoted in

paragraph 88 for the best evidence of its contents.

89.     As all claims relating to ratings and rating methodology have been dismissed, no

response is required to the allegations of paragraph 89 of the Amended Complaint.  To the extent

a response is required, Credit Suisse avers that the allegations of paragraph 89 of the Amended

Complaint require no response insofar as they assert legal conclusions, denies that the offering

documents contained any misstatements or omissions of material fact, respectfully refers the

Court to the offering documents for the best evidence of their contents, and Credit Suisse lacks

sufficient knowledge to admit or deny the remaining allegations of paragraph 89 of the Amended

Complaint.

90.     As all claims relating to ratings and rating methodology have been dismissed, no

response is required to the allegations of paragraph 90 of the Amended Complaint.  To the extent

a response is required, Credit Suisse denies that the offering documents contained any

misstatements or omissions of material fact, respectfully refers the Court to the offering

documents referenced in paragraph 90 of the Amended Complaint for the best evidence of their

contents, and lacks sufficient knowledge to admit or deny the remaining allegations of paragraph

90 of the Amended Complaint.

91.     As all claims relating to ratings and rating methodology have been dismissed, no

response is required to the allegations of paragraph 91 of the Amended Complaint.  To the extent

a response is required, Credit Suisse avers that the allegations of paragraph 91 of the Amended

Complaint require no response insofar as they assert legal conclusions and denies that the

offering documents contained any misstatements or omissions of material fact.

92.     As all claims relating to ratings and rating methodology have been dismissed, no response is required to the allegations of paragraph 92 of the Amended Complaint. To the extent a response is required, Credit Suisse avers that the allegations of paragraph 92 of the Amended Complaint require no response insofar as they assert legal conclusions, denies that the offering documents contained any misstatements or omissions of material fact, and Credit Suisse lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 92 of the Amended Complaint.

93.     As all claims relating to ratings and rating methodology have been dismissed, no response is required to the allegations of paragraph 93 of the Amended Complaint. To the extent a response is required, Credit Suisse respectfully refers the Court to the document quoted in paragraph 93 for the best evidence of its contents.

94.     As all claims relating to ratings and rating methodology have been dismissed, no response is required to the allegations of paragraph 94 of the Amended Complaint. To the extent a response is required, Credit Suisse respectfully refers the Court to the documents quoted in paragraph 94 for the best evidence of their contents.

95.     As all claims relating to ratings and rating methodology have been dismissed, no response is required to the allegations of paragraph 95 of the Amended Complaint. To the extent a response is required, Credit Suisse avers that the allegations of paragraph 95 of the Amended Complaint require no response insofar as they assert legal conclusions and respectfully refers the Court to the documents quoted in paragraph 95 for the best evidence of their contents.

96.     As all claims relating to ratings and rating methodology have been dismissed, no response is required to the allegations of paragraph 96 of the Amended Complaint. To the extent

a response is required, Credit Suisse respectfully refers the Court to the document quoted in paragraph 96 for the best evidence of its contents.

97.    As all claims relating to ratings and rating methodology have been dismissed, no response is required to the allegations of paragraph 97 of the Amended Complaint. To the extent a response is required, Credit Suisse avers that the allegations of paragraph 97 of the Amended Complaint require no response insofar as they assert legal conclusions and respectfully refers the Court to the documents quoted in paragraph 97 for the best evidence of their contents.

98.    As all claims relating to ratings and rating methodology have been dismissed, no response is required to the allegations of paragraph 98 of the Amended Complaint. To the extent a response is required, Credit Suisse avers that the allegations of paragraph 98 of the Amended Complaint require no response insofar as they assert legal conclusions and respectfully refers the Court to the documents quoted in paragraph 98 for the best evidence of their contents.

99.    As all claims relating to ratings and rating methodology have been dismissed, no response is required to the allegations of paragraph 99 of the Amended Complaint. To the extent a response is required, Credit Suisse respectfully refers the Court to the document quoted in paragraph 99 for the best evidence of its contents.

100.    As all claims relating to ratings and rating methodology have been dismissed, no response is required to the allegations of paragraph 100 of the Amended Complaint. To the extent a response is required, Credit Suisse respectfully refers the Court to the document quoted in paragraph 100 for the best evidence of its contents.

101.    As all claims relating to ratings and rating methodology have been dismissed, no response is required to the allegations of paragraph 101 of the Amended Complaint. To the

extent a response is required, Credit Suisse respectfully refers the Court to the document quoted in paragraph 101 for the best evidence of its contents.

102.    As all claims relating to ratings and rating methodology have been dismissed, no response is required to the allegations of paragraph 102 of the Amended Complaint.  To the extent a response is required, Credit Suisse respectfully refers the Court to the document quoted in paragraph 102 for the best evidence of its contents.

103.    As all claims relating to ratings and rating methodology have been dismissed, no response is required to the allegations of paragraph 103 of the Amended Complaint.  To the extent a response is required, Credit Suisse avers that the allegations of paragraph 103 of the Amended Complaint require no response insofar as they assert legal conclusions and denies that the offering documents contained any misstatements or omissions of material fact.

104.    Credit Suisse denies that Plaintiffs or other investors in the Senior Certificates have suffered any cognizable damages, respectfully refers the Court to the delinquency reports referenced in paragraph 104 of the Amended Complaint for the best evidence of their contents, and otherwise lacks sufficient knowledge to admit or deny the allegations of paragraph 104 of the Amended Complaint.

105.    The allegations of paragraph 105 of the Amended Complaint require no response insofar as they assert legal conclusions.  To the extent a response is required, Credit Suisse denies the allegations of paragraph 105 of the Amended Complaint that are directed to it and denies that Plaintiffs or other investors in the Senior Certificates have suffered any cognizable damages.

106.    Credit Suisse admits that Plaintiffs purport to bring a class action, but denies that class action treatment is appropriate.

107.    The allegations of paragraph 107 of the Amended Complaint require no response insofar as they assert legal conclusions.  To the extent a response is required, Credit Suisse denies that class action treatment is appropriate and lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 107 of the Amended Complaint.

108.    The allegations of paragraph 108 of the Amended Complaint require no response insofar as they assert legal conclusions.  To the extent a response is required, Credit Suisse denies that it has engaged in any "wrongful conduct in violation of statutory law," denies that class action treatment is appropriate, and lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 108 of the Amended Complaint.

109.    The allegations of paragraph 109 of the Amended Complaint require no response insofar as they assert legal conclusions.  To the extent a response is required, Credit Suisse denies that class action treatment is appropriate and lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 109 of the Amended Complaint.

110.    The allegations of paragraph 110 of the Amended Complaint require no response insofar as they assert legal conclusions.  To the extent a response is required, Credit Suisse denies that it has violated any provision of the Securities Act of 1933, denies that the offering documents contained any misstatements or omissions of material fact, denies that Plaintiffs or other investors in the Senior Certificates have suffered any cognizable damages, denies that class action treatment is appropriate, and lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 110 of the Amended Complaint.

111.    The allegations of paragraph 111 of the Amended Complaint require no response insofar as they assert legal conclusions.  To the extent a response is required, Credit Suisse

denies that Plaintiffs or other investors in the Senior Certificates have suffered any cognizable damages and denies that class action treatment is appropriate.

112.    For its response to paragraph 112 of the Amended Complaint, Credit Suisse repeats and realleges each and every response above as if fully set forth herein.

113.    As Count I of the Amended Complaint has been dismissed and was directed to the Rating Agency Defendants, no response is required to the allegations of paragraph 113 of the Amended Complaint.

114.    As Count I of the Amended Complaint has been dismissed and was directed to the Rating Agency Defendants, no response is required to the allegations of paragraph 114 of the Amended Complaint.

115.    As Count I of the Amended Complaint has been dismissed and was directed to the Rating Agency Defendants, no response is required to the allegations of paragraph 115 of the Amended Complaint.

116.    As Count I of the Amended Complaint has been dismissed and was directed to the Rating Agency Defendants, no response is required to the allegations of paragraph 116 of the Amended Complaint.

117.    As Count I of the Amended Complaint has been dismissed and was directed to the Rating Agency Defendants, no response is required to the allegations of paragraph 117 of the Amended Complaint.

118.    As Count I of the Amended Complaint has been dismissed and was directed to the Rating Agency Defendants, no response is required to the allegations of paragraph 118 of the Amended Complaint.

119.    As Count I of the Amended Complaint has been dismissed and was directed to the Rating Agency Defendants, no response is required to the allegations of paragraph 119 of the Amended Complaint.

120.    As Count I of the Amended Complaint has been dismissed and was directed to the Rating Agency Defendants, no response is required to the allegations of paragraph 120 of the Amended Complaint.

121.    For its response to paragraph 121 of the Amended Complaint, Credit Suisse repeats and realleges each and every response above as if fully set forth herein.

122.    As Count II of the Amended Complaint has been dismissed and was directed to the Rating Agency Defendants, no response is required to the allegations of paragraph 122 of the Amended Complaint.

123.    As Count II of the Amended Complaint has been dismissed and was directed to the Rating Agency Defendants, no response is required to the allegations of paragraph 123 of the Amended Complaint.

124.    As Count II of the Amended Complaint has been dismissed and was directed to the Rating Agency Defendants, no response is required to the allegations of paragraph 124 of the Amended Complaint..

125.    As Count II of the Amended Complaint has been dismissed and was directed to the Rating Agency Defendants, no response is required to the allegations of paragraph 125 of the Amended Complaint.

126.    As Count II of the Amended Complaint has been dismissed and was directed to the Rating Agency Defendants, no response is required to the allegations of paragraph 126 of the Amended Complaint.

127.     As Count II of the Amended Complaint has been dismissed and was directed to the Rating Agency Defendants, no response is required to the allegations of paragraph 127 of the Amended Complaint.

128.     As Count II of the Amended Complaint has been dismissed and was directed to the Rating Agency Defendants, no response is required to the allegations of paragraph 128 of the Amended Complaint.

129.     As Count II of the Amended Complaint has been dismissed and was directed to the Rating Agency Defendants, no response is required to the allegations of paragraph 129 of the Amended Complaint.

130.     For its response to paragraph 130 of the Amended Complaint, Credit Suisse repeats and realleges each and every response above as if fully set forth herein.

131.     Credit Suisse admits that Plaintiffs purport to bring a class claim against it under Section 11(a)(5) of the Securities Act of 1933, but denies that class action treatment is appropriate.

132.     Denied.

133.     The allegations of paragraph 133 of the Amended Complaint are denied, except Credit Suisse admits that it acquired Senior Certificates from Residential Asset Securitization Trust 2006-A8 and sold Senior Certificates to investors.

134.     The allegations of paragraph 134 of the Amended Complaint require no response insofar as they assert a legal conclusion.

135.     Denied.

136.     Denied.

137.     Denied.

138.    Denied.

139.    For its response to paragraph 139 of the Amended Complaint, Credit Suisse repeats and realleges each and every response above as if fully set forth herein.

140.    As Count IV of the Amended Complaint has been dismissed and was directed to the Residential Asset Securitization Trust 2006-A8, no response is required to the allegations of paragraph 140 of the Amended Complaint.

141.    As Count IV of the Amended Complaint has been dismissed and was directed to the Residential Asset Securitization Trust 2006-A8, no response is required to the allegations of paragraph 141 of the Amended Complaint.

142.    As Count IV of the Amended Complaint has been dismissed and was directed to the Residential Asset Securitization Trust 2006-A8, no response is required to the allegations of paragraph 142 of the Amended Complaint.

143.    As Count IV of the Amended Complaint has been dismissed and was directed to the Residential Asset Securitization Trust 2006-A8, no response is required to the allegations of paragraph 143 of the Amended Complaint.

144.    As Count IV of the Amended Complaint has been dismissed and was directed to the Residential Asset Securitization Trust 2006-A8, no response is required to the allegations of paragraph 144 of the Amended Complaint.

145.    As Count IV of the Amended Complaint has been dismissed and was directed to the Residential Asset Securitization Trust 2006-A8, no response is required to the allegations of paragraph 145 of the Amended Complaint.

146.    As Count IV of the Amended Complaint has been dismissed and was directed to the Residential Asset Securitization Trust 2006-A8, no response is required to the allegations of paragraph 146 of the Amended Complaint.

147.    As Count IV of the Amended Complaint has been dismissed and was directed to the Residential Asset Securitization Trust 2006-A8, no response is required to the allegations of paragraph 147 of the Amended Complaint.

148.    As Count IV of the Amended Complaint has been dismissed and was directed to the Residential Asset Securitization Trust 2006-A8, no response is required to the allegations of paragraph 148 of the Amended Complaint.

149.    For its response to paragraph 149 of the Amended Complaint, Credit Suisse repeats and realleges each and every response above as if fully set forth herein.

150.    Credit Suisse admits that Plaintiffs purport to bring a class claim against it under Section 12(a)(2) of the Securities Act of 1933, but denies that class action treatment is appropriate.

151.    The allegations of paragraph 151 of the Amended Complaint require no response insofar as they assert legal conclusions.  To the extent a response is required, Credit Suisse admits that it sold Senior Certificates to investors pursuant to the offering documents for the certificates, but denies that the offering documents were "defective."  The allegations of paragraph 151 of the Amended Complaint are otherwise too vague to permit a response and are therefore denied.

152.    The allegations of paragraph 152 of the Amended Complaint require no response insofar as they assert legal conclusions.  To the extent a response is required, Credit Suisse admits that it received compensation for its underwriting of the Senior Certificates, but denies

any liability to Plaintiffs or other investors in the Senior Certificates.  The allegations of paragraph 152 of the Amended Complaint are otherwise too vague to permit a response and are therefore denied.

153.    Denied.

154.    The allegations of paragraph 154 of the Amended Complaint require no response insofar as they assert a legal conclusion.

155.    Denied.

156.    Credit Suisse lacks sufficient knowledge to admit or deny the allegations of the first sentence of paragraph 156 of the Amended Complaint, except that Credit Suisse denies that the offering documents for the certificates were "defective."  The allegations of the second sentence of paragraph 156 of the Amended Complaint are denied.

157.    Credit Suisse denies the allegations of the first sentence of paragraph 157 of the Amended Complaint.  The remaining allegations of paragraph 157 of the Amended Complaint require no response insofar as they assert legal conclusions.

158.    Denied.

159.    For its response to paragraph 159 of the Amended Complaint, Credit Suisse repeats and realleges each and every response above as if fully set forth herein.

160.    As Count VI of the Amended Complaint has been dismissed and was directed to the Rating Agency Defendants, no response is required to the allegations of paragraph 160 of the Amended Complaint.

161.    As Count VI of the Amended Complaint has been dismissed and was directed to the Rating Agency Defendants, no response is required to the allegations of paragraph 161 of the Amended Complaint.

162.    As Count VI of the Amended Complaint has been dismissed and was directed to the Rating Agency Defendants, no response is required to the allegations of paragraph 162 of the Amended Complaint..

163.    As Count VI of the Amended Complaint has been dismissed and was directed to the Rating Agency Defendants, no response is required to the allegations of paragraph 163 of the Amended Complaint.

164.    As Count VI of the Amended Complaint has been dismissed and was directed to the Rating Agency Defendants, no response is required to the allegations of paragraph 164 of the Amended Complaint..

165.    As Count VI of the Amended Complaint has been dismissed and was directed to the Rating Agency Defendants, no response is required to the allegations of paragraph 165 of the Amended Complaint.

166.    As Count VI of the Amended Complaint has been dismissed and was directed to the Rating Agency Defendants, no response is required to the allegations of paragraph 166 of the Amended Complaint.

167.    As Count VI of the Amended Complaint has been dismissed and was directed to the Rating Agency Defendants, no response is required to the allegations of paragraph 167 of the Amended Complaint.

168.    As Count VI of the Amended Complaint has been dismissed and was directed to the Rating Agency Defendants, no response is required to the allegations of paragraph 168 of the Amended Complaint.

## DEFENSES

The statement of any defense hereinafter does not assume the burden of proof for any issue as to which applicable law places the burden upon Plaintiffs. Credit Suisse expressly reserves the right to amend and/or supplement its defenses as may be necessary and/or that discovery indicates may be appropriate.

## FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because the substance of the material information that Plaintiffs allege to have been misrepresented or omitted was in fact disclosed in the offering documents for the Senior Certificates, or was otherwise publicly available or widely known to the investing community.

## THIRD DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because the alleged misstatements and omissions were not material to the investment decisions of a reasonable investor in view of, *inter alia*, the total mix of available information.

## FOURTH DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because certain alleged misstatements are forward-looking statements accompanied by meaningful cautionary language and are therefore not

actionable under the safe harbor provisions of the Private Securities Litigation Reform Act and/or the bespeaks caution doctrine.

## FIFTH DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because certain alleged misstatements contain expressions of opinion that Plaintiffs have not alleged, and cannot prove, were not truly held.

## SIXTH DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because neither Plaintiffs nor any members of the putative class have suffered any cognizable damages.

## SEVENTH DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, for lack of proximate causation between the alleged misstatements and omissions and the losses allegedly suffered by Plaintiffs and members of the putative class.

## EIGHTH DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because no alleged misstatement or omission caused, in whole or in part, any diminution in the value of the Senior Certificates.

## NINTH DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because any damages recoverable by Plaintiffs must be

reduced by the amount of payments received and to be received in the future by Plaintiffs under the terms of the certificates they purchased.

## TENTH DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, by the applicable statutes of limitations.

## ELEVENTH DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because Credit Suisse acted with reasonable care and due diligence with respect to the matters alleged to have been misrepresented in or misleadingly omitted from the offering documents for the Senior Certificates or public filings incorporated therein. After reasonable investigation, Credit Suisse had reasonable ground to believe, and did believe, that the statements contained in the offering documents were true and did not omit any material fact.

## TWELFTH DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because the alleged misstatements were made in reliance upon the opinions of professionals and experts. Credit Suisse believed these experts were, in fact, expert in their field and were competent to render the opinions they had provided. Without admitting that any opinions provided by these experts were in anyway inadequate, unfounded or incorrect, Credit Suisse had no notice that the opinions provided by these experts were in any way inadequate, unfounded or incorrect. Credit Suisse had no reasonable ground to believe, and did not believe, that any statements based on opinions provided by experts were untrue or that there was an omission to state a fact required to be stated therein or necessary to

make the statements therein not materially misleading.  As a result of that reasonable reliance, Credit Suisse did not know, and in the exercise of reasonable diligence could not have known, that the offering documents for the Senior Certificates contained material misrepresentations or omissions.

## THIRTEENTH DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because the offering documents for the Senior Certificates provided, as required under Section 1111 of Regulation AB, "[a] description of the solicitation, credit-granting or underwriting criteria used to originate or purchase the pool assets, including, to the extent known [by Credit Suisse], any changes in such criteria and the extent to which such policies and criteria are or could be overridden."  17 C.F.R. § 229.1111(a)(3).

## FOURTEENTH DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, under the "repurchase or substitute" provisions in the offering documents for the Senior Certificates.

## FIFTEENTH DEFENSE

Plaintiffs' claim under Section 12 of the Securities Act of 1933 and/or the Section 12 claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, for lack of standing.  Only those who purchased Senior Certificates from Credit Suisse in the initial offering have standing to bring a Section 12 claim against Credit Suisse.  Secondary market purchasers have no standing to pursue a Section 12 claim against Credit Suisse.

## SIXTEENTH DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because this action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

WHEREFORE, Credit Suisse respectfully requests that the Court dismiss Plaintiffs' claims against it, award costs, disbursements and attorneys' fees to Credit Suisse, and grant such other and further relief that the Court deems just and proper.

Dated:   New York, New York          GIBSON, DUNN & CRUTCHER LLP
         April 26, 2010

                                     By:  /s/ Robert F. Serio
                                          Robert F. Serio (RS-2479)
                                          Aric H. Wu (AW-0252)
                                          Eric M. Creizman (EC-7684)

                                     200 Park Avenue
                                     New York, New York 10166-0193
                                     Phone: (212) 351-4000
                                     Fax: (212) 351-4035

                                     Attorneys for Defendant
                                     Credit Suisse Securities (USA) LLC