**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VASILI TSERETELI and VASZURELE LTD., on behalf of themselves and all others similarly situated,<br><br>       Lead Plaintiff,<br><br>  v.<br><br>RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A8, CREDIT SUISSE SECURITIES (USA) LLC,<br><br>       Defendants. | No. 08-Civ.-10637 (LAK) |

## STIPULATION OF SETTLEMENT

Subject to the approval of the Court, this Stipulation of Settlement (the "Stipulation" or the "Settlement") is entered in the above-captioned consolidated class action (the "Action") between and among Lead Plaintiff and Class Representative Vaszurele Ltd. ("Vaszurele" or "Lead Plaintiff") on behalf of itself and the Class (as hereinafter defined), and defendant Credit Suisse Securities (USA) LLC ("Credit Suisse" or "Defendant") and with Vaszurele, the "Parties"). The Settlement is intended to fully, finally and forever resolve, discharge and settle the Released Claims (defined below) on the terms set forth herein.

WHEREAS:

A.  All terms with initial capitalization shall have the meanings ascribed to them in paragraph 1 below.

B.  On November 19, 2008, Vasili Tsereteli ("Tsereteli") filed a class action complaint against Credit Suisse, Residential Asset Securitization Trust 2006-A8 (the "Trust"), Moody's Investors Service, Inc. ("Moody's"), and the McGraw-Hill Companies, Inc. ("McGraw-

Hill"), in the Supreme Court for the State of New York, New York County, Index No. 2008-603380 (the "State Court Action"), asserting claims under §§ 11 and 12 of the Securities Act of 1933 (the "Securities Act").  On December 12, 2008, then-defendant McGraw Hill removed the State Court Action to the United States District Court for the Southern District of New York, Case No. 08-CV-10637-LAK (the "Action").  On December 26, 2008, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), Tsereteli published a notice of his action to investors, which indicated that the last day to seek lead plaintiff appointment was 60 days from that date.

C.      On February 24, 2009, Tsereteli moved for appointment as lead plaintiff and for the appointment of Wolf Popper LLP ("Wolf Popper" or "Lead Counsel") as lead counsel.  That motion was unopposed.  By Order dated March 16, 2009, the Court granted the motion and appointed Tsereteli as lead plaintiff and Wolf Popper as lead counsel.

D.      On April 16, 2009, Tsereteli moved to substitute Vaszurele as the lead plaintiff.  The motion was granted on May 5, 2009.

E.      On April 20, 2009, Lead Plaintiff filed the Amended Class Action Complaint for Violations of the Securities Act of 1933 ("Complaint") against Credit Suisse, the Trust, Moody's and McGraw-Hill (Moody's and McGraw-Hill may be collectively referred to herein as the "Ratings Agencies").

F.      On May 22, 2009 Credit Suisse, the Trust and the Ratings Agencies filed motions to dismiss the Complaint.

G.      On February 5, 2010, the Court issued an Order granting the Ratings Agencies' motions to dismiss with prejudice.  On March 15, 2010, Lead Plaintiff timely filed a notice of appeal with the United States Court of Appeals for the Second Circuit from the Court's February

5, 2010 Order.  On June 1, 2011, the Second Circuit affirmed the Court's February 5, 2010 Order.

H.      On February 9, 2010, Lead Plaintiff filed a Notice of Voluntary Dismissal as to its claims against the Trust.

I.      On March 11, 2010, the Court denied in part and granted in part Credit Suisse's motion to dismiss, sustaining Vaszurele's claims based on allegations regarding the systematic disregard of underwriting guidelines.

J.      On April 26, 2010, Credit Suisse filed its Answer to the Amended Complaint.

K.      On October 15, 2010, the Court entered a Scheduling Order, which provided for a pre-trial schedule, including deadlines for briefing on class certification, discovery, summary judgment and the filing of a pre-trial order.

L.      On December 10, 2010, Lead Plaintiff filed its Motion for Class Certification.

M.      On June 29, 2012 the Court granted Lead Plaintiff's Motion for Class Certification.

N.      On November 26, 2012, the United States Court of Appeals for the Second Circuit granted Credit Suisse's petition for leave to appeal the Court's order granting class certification.  The appeal has been fully briefed, and oral argument on the appeal is scheduled for October 18, 2013.

O.      Lead Counsel has conducted an extensive analysis relating to the claims and the underlying events and transactions alleged in the Complaint.  Lead Counsel has analyzed a substantial number of documents, including documents produced in discovery by Defendant and numerous third parties, retained experts to produce opinions on several subjects after review and analysis of evidence, reviewed the offering documents and related agreements, reviewed relevant

SEC filings, news reports and documents from government investigations, and has researched the applicable law with respect to the claims of Lead Plaintiff and the Class against Defendant, as well as the potential defenses thereto. Lead Counsel participated in an extensive mediation with Defendant's Counsel overseen by experienced mediator David Geronemus.  The mediation was conducted over the course of eight months and included both in-person sessions and telephonic and electronic communications ancillary thereto.

P.      Based upon its investigations and the mediation, Lead Counsel has concluded that the terms and conditions of this Settlement are fair, reasonable and adequate to Lead Plaintiff and the Class, and in their best interests, and have agreed to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering (i) the substantial present benefits that Lead Plaintiff and the members of the Class will receive from resolution of the Action as against the Defendant, (ii) the attendant risks, delay and costs of discovery, experts and litigation generally, and (iii) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

Q.      This Stipulation shall not be construed or deemed to be a concession by Lead Plaintiff of any infirmity in the claims asserted in the Action and Lead Plaintiff believes its claims have merit and that they would prevail if the action were to go to trial.

R.      Credit Suisse has denied and continues to deny each and all of the claims and contentions alleged by Lead Plaintiff in this Action.  Credit Suisse expressly denies any and all allegations of wrongdoing, fault, or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  Credit Suisse further denies that Lead Plaintiff or the Class have suffered damages, that the price of the Certificates were artificially inflated at any time as the result of any alleged misrepresentations or

omissions, and that Lead Plaintiff or the Class were harmed by the conduct alleged in the Complaint.  Nonetheless, because further litigation of this Action would be protracted and expensive and because of the uncertainty and risks inherent in any litigation, Defendant has determined that it is desirable that this Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.

S.      This Stipulation shall in no way be construed or deemed to be evidence of, or an admission or concession on the part of Defendant with respect to, any claim of fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendant has, or could have, asserted.

T.      The Parties agree that certification of a class, for settlement purposes only, is appropriate in the Action.  For purposes of this Settlement, the Class includes all those persons meeting the definition set forth in paragraph 1.h below.  Nothing in this Stipulation shall serve in any fashion, either directly or indirectly, as evidence or support for certification of a class other than for settlement purposes, and the Parties intend that the provisions herein concerning certification of the Class shall have no effect whatsoever in the event the Settlement does not become Final.

NOW THEREFORE, without any admission or concession on the part of Lead Plaintiff of any lack of merit of the Action whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit in the defenses whatsoever by Defendant, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiff and Defendant, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties hereto from the Settlement, that all Claims as against the Released Party and all Released Claims shall be fully,

finally and forever compromised, settled, released, discharged and dismissed with prejudice, upon and subject to the following terms and conditions:

## DEFINITIONS

l.     As used in this Stipulation, the following terms shall have the meanings specified below.

(a)     "Appeal" means the appeal from the Court's class certification order pending in the United States Court of Appeals for the Second Circuit, Case Number 12-4411.

(b)      "Authorized Claimant" means a Class Member who submits a timely and valid Proof of Claim Form to the Claims Administrator (in accordance with the requirements established by the Court) that is approved for payment from the Net Settlement Fund.

(c)     "Certificates" means the twenty-six (26) classes of Senior Mortgage Pass-Through Certificates sponsored by IndyMac Bank, F.S.B., issued by the Trust, and offered pursuant to the Offering Documents.  The Certificates bear the following CUSIP numbers: 761119AA4, 761119AB2, 761119AC0, 761119AD8, 761119AE6, 761119AF3, 761119AG1, 761119AH9, 761119AJ5, 761119AK2, 761119AL0, 761119AM8, 761119AN6, 761119AP1, 761119AQ9, 761119AR7, 761119AS5, 761119AT3, 761119AU0, 761119AV8, 761119AW6, 761119AX4, 761119AY2, 761119AZ9, 761119BA3, 761119BB1.

(d)     "Claim" means a completed and signed Proof of Claim Form submitted to the Claims Administrator in accordance with the instructions on the Proof of Claim Form.

(e)     "Claim Form" or "Proof of Claim Form" means the Proof of Claim Form and Release (substantially in the form attached hereto as Exhibit A-2 to Exhibit A) that a Claimant or Class Member must complete if that Claimant or Class Member seeks to be eligible to share in a distribution of the Net Settlement Fund.

(f)     "Claimant" means a person or entity that submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(g)     "Claims Administrator" means Epiq Class Action & Claims Solutions, Inc. or other claims administrator selected by Lead Counsel and approved by the Court.

(h)     "Class" means all persons or entities who purchased or otherwise acquired the Certificates through and including the day before Lead Plaintiff's Motion For a Notice Order. Excluded from the Class are the Released Party, IndyMac, the officers or directors of the Released Party or IndyMac, at any relevant time hereto, and any members of their immediate families and their legal representatives, heirs, successors or assigns.  Also excluded from the Class are any persons or entities who exclude themselves by filing a valid request for exclusion in accordance with the requirements set forth in the Notice.

(i)     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(j)     "Class Member" means a person or entity that is a member of the Class and that does not exclude himself, herself or itself by timely filing a request for exclusion in accordance with the requirements set forth in the Notice.

(k)     "Class Representative" means Vaszurele.

(l)     "Complaint" means the Amended Class Action Complaint for Violations of the Securities Act of 1933, filed by Lead Plaintiff in the Action on April 20, 2009.

(m)     "Court" means the United States District Court for the Southern District of New York.

(n)     "Defendant" means Credit Suisse Securities (USA) LLC.

(o)     "Defendant's Counsel" means the law firm of Gibson, Dunn & Crutcher LLP.

(p)     "Effective Date" means the date on which all of the following shall have occurred: (i) Defendant no longer has any right under paragraph 36 below to terminate this Settlement, or if Defendant does have such right, it has given written notice to Lead Counsel that it will not exercise such right; (ii) the Court has entered the Notice Order; (iii) the Court has approved the Settlement, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; (iv) the Court has entered the Judgment, substantially in the form annexed hereto as Exhibit B, or the Court enters an order and final judgment in a form other than that contemplated by Lead Plaintiff and Defendants ("Alternative Judgment") and neither Lead Plaintiff nor Defendant elects to terminate this Settlement; and (v) the Judgment or Alternative Judgment has become Final (as defined in paragraph 1.s. below).

(q)     "Escrow Account" means an interest-bearing escrow account maintained at the Escrow Agent, which account shall be under the exclusive control of Lead Counsel.

(r)     "Escrow Agent" means a financial institution designated by Lead Counsel.

(s)     "Final" means, with respect to any order of court, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise.  Without limitation, an order becomes "Final" when (i) the District Court enters the Judgment and there have been no objections to the Settlement or request for attorneys' fees and Litigation Expenses; (ii) the District Court enters an Alternative Judgment, neither Lead Plaintiff nor Defendant elects to terminate this Settlement, and there have been no objections to the Settlement or request for attorneys' fees and Litigation Expenses; (iii) the District Court enters the Judgment or an Alternative Judgment, and if an objection to the Settlement or request for attorneys' fees and

Litigation Expenses was filed, and no appeal has been filed and the prescribed time for commencing any appeal has expired; or (iv) the District Court enters the Judgment or an Alternative Judgment and an objection to the Settlement or request for attorneys' fees and Litigation Expenses was filed and an appeal has been filed and either (a) the appeal has been dismissed, or (b) the order has been affirmed.  Any appeal or other proceeding pertaining solely to an order solely adopting or approving a Plan of Allocation or solely to any order issued with respect to an application for attorneys' fees and Litigation Expenses pursuant to paragraphs 20-21 below, shall not in any way delay or preclude the Judgment from becoming Final.

(t)      "Final Approval Hearing" means the hearing set by the Court under Rule 23(e) of the Federal Rules of Civil Procedure to consider final approval of the Settlement, the proposed Plan of Allocation and application for an award of attorneys' fees and reimbursement of Litigation Expenses.

(u)      "IndyMac" means any one or more of IndyMac Bank F.S.B., IndyMac Bancorp, Inc., their parents, subsidiaries, affiliates, successors or assigns.

(v)      "Judgment" means an order of judgment and dismissal approving the Settlement to be rendered by the Court substantially in the form attached hereto as Exhibit B.

(w)      "Lead Counsel" means the law firm of Wolf Popper LLP.

(x)      "Lead Plaintiff" means Vaszurele Ltd.

(y)      "Litigation Expenses" means the reasonable costs and expenses incurred by Lead Counsel in connection with commencing and prosecuting the Action, for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.  Litigation Expenses may also include reimbursement of the expenses of Lead Plaintiff in accordance with 15 U.S.C. § 77aa.

(z)      "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) other costs, expenses, or amounts as may be approved by the Court; plus any amount remaining in the Notice and Administration Fund at the time the order approving the Settlement becomes Final.

(aa)     "Notice" means the Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (substantially in the form attached hereto as Exhibit A-1 to Exhibit A), which is to be sent to members of the Class.

(bb)     "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator, as further set forth in the Notice Order, including in connection with (i) providing notice to the Class, including, printing, mailing, publishing, reproducing and otherwise distributing the Notice and Summary Notice; (ii) administering the Claims process and (iii) distributing funds to Authorized Claimants.

(cc)     "Notice and Administration Fund" means the sum of one hundred-thousand dollars ($100,000.00) in cash to be paid by Defendant within five (5) days of the entry of the Notice Order and deposited into an account controlled by Lead Counsel.  The Notice and Administration Fund shall be used to pay for Notice and Administration Costs.  If the Notice and Administration Fund is not exhausted by the Notice and Administration Costs, and if the Settlement is approved and becomes Final, the remaining balance in the Notice and Administration Fund shall be included in the Net Settlement Fund.  If the Settlement is not approved and does not become Final, any remaining balance in the Notice and Administration Fund shall be returned to Defendant.

(dd)   "Notice and Administration Fund Account" means account under the exclusive control of Lead Counsel into which the Notice and Administration Fund will be deposited.

(ee)   "Notice Order" means the order (substantially in the form attached hereto as Exhibit A) to be entered by the Court setting a date for a fairness hearing concerning the Settlement and directing the form and manner of the Notice be provided to the Class.

(ff)   "Offering" means the Residential Asset Securitization Trust 2006-A8 offering, which occurred on or about June 28, 2006.

(gg)   "Offering Documents" means, collectively, the registration materials filed with the SEC pursuant to which the Certificates were sold in the Offering, specifically, the Form S-3 shelf registration statement filed with the SEC on or about on February 24, 2006 (amended March 29 and April 13, 2006), a prospectus dated June 14, 2006, and a prospectus supplement dated June 28, 2006.

(hh)   "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice, or such other plan of allocation as the Court shall approve.

(ii)   "Publication Notice" or "Summary Notice" means the Summary Notice, substantially in the form attached hereto as Exhibit A-3 to Exhibit A, to be published as set forth in the Notice Order.

(jj)   "Released Claims" means any and all claims (including Unknown Claims), rights, remedies, demands, liabilities, or causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, punitive damages, compensation, restitution, rescission, interest, attorneys' fees/costs, expert or consulting fees, and any other costs, expenses, losses or liabilities of any kind or nature whatsoever), whether legal, statutory or equitable in nature, by or on behalf of Lead Plaintiff, or any other Class Member against the

Released Party that has been alleged or could have been alleged directly or indirectly in the Complaint, whether based on federal, state, local, statutory, or common law or any other law, rule, or regulation, whether known claims or unknown claims, whether class, representative, or individual in nature, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, whether at law or in equity, matured or unmatured, that are based upon or arise from (i) any of the allegations, transactions, facts, matters, events, disclosures, statements, occurrences, circumstances, representations, conduct, acts, or omissions or failures to act that were or could have been alleged or asserted in the Action, and (ii) the purchase, acquisition, or disposition of the Certificates or any interest therein.  Notwithstanding the foregoing, the Class will not release any claims relating to the enforcement of the Settlement.

(kk)    "Released Party" means the Defendant and Defendant's past or present heirs, executors, estates, administrators, predecessors, successors, assigns, attorneys, accountants, auditors, agents, parents, subsidiaries, divisions, affiliates, insurers, co-insurers, reinsurers, employers, employees, members, directors, managing directors and officers.

(ll)    "Settlement" means this Stipulation of Settlement and the settlement terms set forth herein.

(mm)   "Settlement Consideration" means the Settlement Fund and the Notice and Administration Fund.

(nn)    "Settlement Fund" means the sum of ten million nine-hundred thousand dollars ($10,900,000) in cash.  Defendant shall cause the Settlement Fund to be deposited into an interest-bearing Escrow Account within ten (10) business days following entry of the Notice Order.

(oo)    "Settling Parties" means Defendant and Lead Plaintiff.

(pp)    "Stipulation" means this Stipulation of Settlement.

(qq)   "Taxes" means: (i) all federal, state and/or local taxes of any kind on any income earned by the Settlement Fund; and (ii) the reasonable expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, reasonable expenses of tax attorneys and accountants).

(rr)   "Trust" means Residential Asset Securitization Trust 2006-A8.

(ss)   "Unknown Claims" means any Released Claims that the Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Party which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Party, or might have affected his, her or its decision not to object to or opt out of this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiff expressly waives and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542.  Lead Plaintiff and the Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of

the Released Claims, but Lead Plaintiff fully, finally and forever settles and releases, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

## THE SETTLEMENT CONSIDERATION

2.      In consideration of the terms of this Settlement, Defendant shall cause (i) the Settlement Fund amount of $10,900,000 to be deposited into the Escrow Account within ten (10) business days after entry of the Notice Order; and (ii) the Notice and Administration Fund amount of $100,000 to be deposited into the Notice and Administration Fund Account within five (5) days after entry of the Notice Order.  The interest earned on the Settlement Fund shall be for the benefit of the Class if the Settlement becomes Final.  If the Settlement does not become Final and the Settlement is terminated, the interest earned on the Settlement Fund shall be for the benefit of Defendant.

3.      Within one (1) day after entry of the Notice Order, Lead Plaintiff shall provide Defendant wiring instructions and the payee's Form W-9 for both the Escrow Account and the Notice and Administration Fund Account.

177628-1

4.      If Lead Plaintiff timely provides Defendant wiring instructions and the payee's Form W-9 for both the Escrow Account and the Notice and Administration Fund Account and either (a) the $10,900,000.00 is not deposited into the Escrow Account within ten (10) business days after entry of the Notice Order, or (b) the $100,000.00 is not deposited into the Notice and Administration Fund Account within five (5) business days of the Notice Order, Lead Plaintiff reserves the right to either: (i) move to enforce the Settlement, including seeking interest on any unpaid amount; or (ii) terminate the Settlement, in which case paragraph 37 below shall govern.

## CERTIFICATION OF SETTLEMENT CLASS

5.      Solely for purposes of this Settlement, and subject to approval by the Court, the Parties agree that (i) a settlement Class (as defined above) shall be certified pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure; (ii) Lead Plaintiff shall be appointed as representative of the settlement Class; and (iii) Lead Counsel shall be appointed counsel for the settlement Class.  Should the settlement Class not be certified, or should any court materially amend the scope of the settlement Class, each of the Parties reserves the right to void this Stipulation in accordance with paragraphs 36 and 37 herein.

## RELEASE OF CLAIMS

6.      Upon the Effective Date, Lead Plaintiff and each of the Class Members, on behalf of themselves and any of their personal representatives, spouses, domestic partners, trustees, heirs, executors, administrators, successors or assigns shall be deemed by operation of law to have fully, finally and forever released, relinquished, waived, discharged and dismissed all Released Claims against the Released Party, with prejudice and on the merits, whether or not such Class Member executes and delivers a Proof of Claim Form.  The Parties acknowledge, and

the Class Members shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and the provisions, rights and benefits of California Civil Code § 1542, was bargained for and is a key element of the Settlement of which the release in this paragraph is a part.

7.      Upon the Effective Date, Lead Plaintiff and all Class Members and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, or continuing to prosecute an action or proceedings in any court of law or equity, arbitration tribunal, administrative forum of any kind, asserting against the Released Party any of the Released Claims.

8.      Upon the Effective Date, Defendant will release as against Lead Plaintiff and Tsereteli, and their respective attorneys, all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common or foreign law, that arise out of or related in any way to the institution, prosecution, or settlement of the claims against the Defendant.

9.      Notwithstanding any of the foregoing, neither of the Settling Parties releases any claims relating to the enforcement of this Settlement.

## USE OF SETTLEMENT FUND

10.      The Settlement Fund shall be used to pay any: (i) Taxes; (ii) Notice and Administration Costs pursuant to paragraphs 11, 14, 17, 18 and 19 below and as otherwise approved by the Court; (iii) attorneys' fees awarded by the Court; (iv) Litigation Expenses awarded by the Court; and (v) other reasonable costs, expenses, or amounts as may be approved by the Court.  The balance remaining in the Settlement Fund shall be distributed to Authorized Claimants as provided below.

177628-1

11.     The Notice and Administration Fund shall be used to pay for costs of printing, mailing, distributing and publishing notice to the Class and for otherwise paying for Notice and Administration Costs.  If, after the Effective Date, the Settlement becomes Final and there is a balance remaining in the Notice and Administration Fund, it shall be included in the Net Settlement Fund.

12.     The Net Settlement Fund shall be distributed to Authorized Claimants as provided herein.  Defendant shall have no responsibility or liability for the maintenance or distribution of the Net Settlement Fund pursuant to this Settlement.  Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in excess of U.S. $250,000 in United States Treasury Bills having maturities of 180 days or less, United States Agency or Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof, or an account fully insured by the United States Government Federal Deposit Insurance Corporation (FDIC).  Any funds held in escrow in an amount of less than U.S. $250,000 may be held in an interest-bearing account insured by the FDIC or money market funds.

13.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.46813-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.46813-

2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.46813-2(k)) for the Settlement Fund.  Such returns shall be consistent with this paragraph and in all events shall reflect that all taxes on the income earned on the Settlement Fund shall be paid out of the Settlement Fund as provided by paragraph 14 below.  Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  Upon written request, Defendant will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation §1.46813-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.46813-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.  The Parties agree to cooperate with each other and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

14.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent, and without prior Order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes (including any interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  The Settlement Fund shall indemnify and hold the Released Party harmless for any Taxes and related expenses of any kind whatsoever (including without limitation, taxes payable

by reason of any such indemnification).  Defendant shall notify the Escrow Agent if Defendant receives any notice of any claim for Taxes relating to the Settlement Fund, and the Parties agree to cooperate with each other and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

15.     This is not a claims-made settlement; there will be no reversion.  Upon the occurrence of the Effective Date, Defendant shall not have any right to the return of the Settlement Fund, Notice and Administration Fund, or any portion thereof irrespective of the number of Claims filed, the collective amount of losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.  If any portion of the Net Settlement Fund remains following distribution pursuant to paragraph 10 above and is of such an amount that in the discretion of Lead Counsel it is not cost effective or efficient to redistribute the amount to the Class, then such remaining funds, after payment of any further Notice and Administration Costs and Taxes, shall be donated to a non-profit charitable organization selected by David Geronemus of JAMS, or another neutral to be proposed by the Parties and approved by the Court.

16.     The Claims Administrator shall discharge its duties under Lead Counsel's supervision and subject to the jurisdiction of the Court.  Except as otherwise expressly provided herein, the Released Party shall have no responsibility whatsoever for the administration of the Settlement, and shall have no liability whatsoever to any person, including, but not limited to, the Class Members, in connection with any such administration.

17.     Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim to those members of the Class who may be identified through reasonable effort, including through the cooperation (where possible) of Defendant and/or its agents.   Lead

Counsel will cause to be published the Summary Notice pursuant to the terms of the Notice Order or whatever other form or manner might be ordered by the Court. For the purpose of identifying and providing notice to the Class, within seven (7) days of the date of entry of the Notice Order, the Defendant shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) any lists it or its agent(s) has that identify potential Class Members (including names and addresses), in electronic form. To the extent such lists have already been produced to Lead Plaintiffs, they need not be provided again.

18.     Lead Counsel may pay from the Notice and Administration Fund, without further approval from Defendant or further order of the Court, all reasonable Notice and Administration Costs in an amount not to exceed $100,000. If any greater amount is required, Lead Counsel may apply to the Court for leave to pay such additional amount out of the Settlement Fund. Such costs and expenses shall include, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with searching for Class Members and providing Notice and processing the submitted claims, and the reasonable fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs properly paid or incurred, including any related fees, shall not be returned or repaid to Defendant.

19.     Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund. The Released Party shall have no responsibility for, interest in, or liability whatsoever with respect to the maintenance, investment

or distribution of the Settlement Fund, Notice and Administration Fund, the establishment or maintenance of the Escrow Account, the establishment or administration of the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes, the distribution of the Net Settlement Fund, the administration of the Settlement, or any losses incurred in connection with such matters. Defendant takes no position with respect to the provisions of this Stipulation governing those issues.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

20.    Lead Counsel will apply to the Court for an award of attorneys' fees and for reimbursement of Litigation Expenses.  The amounts the Court awards will be paid out of the Settlement Fund.  Defendant has no responsibility for or liability with respect to the payment of any fee or expense award to any counsel for Lead Plaintiff or Class Members, and Defendant shall take no position with respect to Lead Counsel's applications or awards discussed in this paragraph.

21.    Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel, subject to the Court's approval, upon the date that the Settlement becomes Final.  An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of this Stipulation.  Lead Plaintiff and Lead Counsel may not cancel or terminate the Stipulation or the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

## CLAIMS ADMINISTRATOR

22.    The Claims Administrator shall administer the process of receiving, reviewing and approving or denying claims under Lead Counsel's supervision and subject to the

jurisdiction of the Court. Defendant shall not have any responsibility for the administration of the Settlement or the claims process.

23.      The Claims Administrator shall receive Claims and administer them according to the Plan of Allocation, as proposed by Lead Plaintiff and approved by the Court, or according to such other Plan of Allocation as the Court approves.  The proposed Plan of Allocation is set forth in the Notice attached hereto as Exhibit A-1 to Exhibit A.

24.      The allocation of the Net Settlement Fund among Authorized Claimants is a matter separate and apart from the proposed Settlement between Defendant and Lead Plaintiff, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  The Plan of Allocation proposed in the Notice is not a necessary term of this Stipulation, and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court.  Lead Plaintiff and Lead Counsel may not cancel or terminate the Stipulation or the Settlement based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in this Action.  Defendant shall not have any responsibility or liability whatsoever for allocation of the Net Settlement Fund, nor shall Defendant take any position regarding the Plan of Allocation proposed by Lead Plaintiff.

25.      Any Class Member who does not timely submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund but will nevertheless be bound by all of the terms of the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any of the Released Party concerning any Settled Claim.

26.     All Claim Forms must be submitted by the date set by the Court in the Notice Order and specified in the Notice, unless such deadline is extended by Order of the Court.  Any Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court, late-filed Claim Forms are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment and the releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any of the Released Party concerning any Settled Claim.  A Claim Form shall be deemed to be submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.

27.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, including, but not limited to, the releases provided for in the Judgment, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or this Settlement in connection with the processing of Claim Forms.

28.     Lead Counsel will apply to the Court, with reasonable advance notice to Defendant, for a Class Distribution Order: (i) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (ii) approving payment of any outstanding administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (iii) if the Effective Date has

occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

29.     Payment pursuant to the Class Distribution Order shall be final and conclusive against any and all Class Members. All Class Members whose Claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in this Action and the releases provided for therein, and will be permanently barred and enjoined from bringing any action against any and all Released Party concerning any and all of the Released Claims.

30.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.

## **REQUESTS FOR EXCLUSION**

31.     Class Members requesting exclusion from the Class shall be requested to provide the following information to the Administrator:  (i) name, (ii) address, (iii) telephone number, (iv) face value and class (with CUSIP) of the Certificates purchased (or otherwise acquired) or sold, (v) prices or other consideration paid or received for such Certificates, (vi) the date of each purchase or sale transaction, and (vii) a statement that the person or entity wishes to be excluded from the Class.  Unless otherwise ordered by the Court, any Class Member who does not submit a timely written request for exclusion as provided by this section shall be bound by the Agreement.  The deadline for submitting requests for exclusion shall be 21 days prior to the Final Approval Hearing.

32.     The Claims Administrator shall scan and send electronically copies of all requests for exclusion in PDF format (or such other format as shall be agreed) to Defendant's Counsel and to Lead Counsel expeditiously (and not more than three (3) days) after the Claims Administrator receives such a request.   As part of the motion papers in support of the settlement of the Action, Lead Counsel will cause to be provided a list of all the persons who have requested exclusion from the Class, and shall cause to be certified that all requests for exclusion received by the Claims Administrator have been copied and provided to Defendant's Counsel.

## OBJECTIONS TO THE SETTLEMENT AND/OR REQUESTS FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

33.     Any Class Member who files an objection to either the Settlement or to Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, shall provide the following information in their objection:  (i) full name, (ii) address, (iii) telephone number, (iv) face value and class (with CUSIP) of the Certificates purchased (or otherwise acquired) or sold, (v) prices or other consideration paid or received for such Certificates, (vi) the date of each purchase or sale transaction, (vii) brokerage confirmation receipts or other competent documentary evidence of such transactions; (viii) a written statement of all grounds for the objection accompanied by any legal support for the objection; (ix) copies of any papers, briefs or other documents upon which the objection is based; (x) a list of all persons who will be called to testify in support of the objection; (xi) a statement of whether the objector intends to appear at the Final Approval Hearing; (xii) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (xiii) the objector's signature, even if represented by counsel.

## MOTION FOR NOTICE ORDER

177628-1

34.     Promptly after the execution of this Stipulation, Lead Plaintiff shall submit the Stipulation together with its Exhibits to the Court and shall move for entry of the Notice Order (substantially in the form attached hereto as Exhibit A) setting a date for a Final Approval Hearing and directing the form and manner of the Notice be provided to the Class (the "Motion For a Notice Order").

## MOTION FOR ENTRY OF FINAL JUDGMENT

35.     At least thirty five (35) days prior to the date set for the Final Approval Hearing, which will be preceded by the deadlines established for (a) requests for exclusion; (b) objections to the Settlement; and (c) Defendant to terminate the Settlement pursuant to the Parties' Supplemental Agreement, Lead Plaintiff shall move for entry of the Judgment, substantially in the form annexed hereto as Exhibit B, including, among other things, the releases provided for therein.  The Parties agree to cooperate with each other to the extent reasonably necessary to carry out the provisions of this paragraph.

## WAIVER OR TERMINATION

36.     Within seven (7) days after the latest of:  (a) the Court's entry of an order expressly declining to enter the Notice Order in any material respect without reasonable leave to amend; (b) notification from Defendant's Counsel to Lead Counsel that the threshold for Exclusion Requests set forth in the Parties' Supplemental Agreement has been exceeded; (c) the Court's refusal to approve this Stipulation or any material part of it without reasonable leave to amend; (d) the Court's declining to enter the Judgment in any material respect; or (e) the date upon which the Judgment is modified or reversed in any material respect and represents a Final decision on the matter, Defendant and Lead Plaintiff each shall have the right to terminate the Settlement and this Stipulation, by providing written notice to the other of an election to do so.

177628-1

No decision with respect to an application for attorneys' fees or Litigation Expenses, or with respect to any plan of allocation, shall constitute grounds for termination of the Settlement.

37.    Except as otherwise provided herein, in the event the Settlement is terminated, the Settlement termination shall be without prejudice, and none of the terms shall be effective or enforceable and the facts of the Settlement shall not be admissible for any purpose, and the Settling Parties shall be deemed to have reverted to their respective status in this Action as of the date of the Motion For a Notice Order, and, except as otherwise expressly provided, this Stipulation shall be null and void and shall have no further force or effect, the Settling Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered, and any portion of the Settlement Fund, previously paid or caused to be paid by Defendant, including, but not limited to, any funds disbursed in payment of Litigation Expenses, together with any interest carried or appreciation thereon, less any Taxes paid or due with respect to such income, and less Notice and Administration Costs incurred and paid or payable, shall be returned to Defendant within ten (10) business days after written notification of such event by Lead Counsel to the Escrow Agent, with a copy of such notice to Defendant's Counsel.

## NO ADMISSION OF WRONGDOING

38.    Whether or not the Settlement is approved by the Court, and whether or not the Settlement is consummated, the fact and terms of this Stipulation, including exhibits, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

(a)    shall not be offered or received against the Released Party as evidence of or construed as, or deemed to be evidence of any presumption, concession or admission by the Released Party with respect to the truth of any fact alleged by Lead Plaintiff or the validity of

any claim that was or could have been asserted against the Released Party in this Action or in any litigation, in this or any other court, administrative agency, arbitration forum or other tribunal, or of any liability, negligence, fault or other wrongdoing of any kind of the Released Party to Lead Plaintiff, the Class or anyone else;

(b)     shall not be offered or received against the Released Party as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Party;

(c)     shall not be offered or received against the Released Party, as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason or purpose as against the Released Party, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, the Released Party may file this Stipulation and/or the Judgment in any action for any purpose, including, but not limited to, in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release and discharge, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(d)     shall not be construed against any Released Party as an admission, concession or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)     shall not be construed against Lead Plaintiff or any other Class Member(s) as an admission, concession or presumption that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the amount of the Settlement Fund.

## MISCELLANEOUS PROVISIONS

39.     All of the following exhibits attached hereto are hereby incorporated by reference as though fully set forth herein: proposed Notice Order, Notice, Proof of Claim Form, Summary Notice and proposed Judgment.

40.     If a trustee, receiver, conservator or other fiduciary is appointed under any law similar to Title 11 of the United States Code (Bankruptcy), and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited to the Settlement Fund by others, then, at the election of Lead Plaintiff, the Settling Parties shall jointly move the Court to vacate and set aside the releases given and the Judgment entered in favor of Defendant pursuant to this Stipulation, which releases and Judgment shall be null and void, and the Settling Parties shall be restored to their respective positions in the litigation as of the date of the Motion For a Notice Order, and any cash amounts in the Settlement Fund or paid to Lead Counsel shall be returned as provided in paragraph 21 above.

41.     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes asserted or that could be asserted by the Lead Plaintiff or any other Class Member(s) against Defendant with respect to all Released Claims.  Within ten (10) days of the filing of the Motion For a Notice Order, Defendant will request that the U.S. Court of Appeals for the Second Circuit stay the Appeal, including the oral argument set for October 18, 2013.  To the extent necessary, Defendant will dismiss or withdraw the Appeal upon entry of the Judgment,

177628-1

or an Alternative Judgment that is acceptable to the Settling Parties.   Lead Plaintiff will cooperate and join in any efforts to effectuate the stay, dismissal or withdrawal of the Appeal.

42.   This Stipulation, including the exhibits to this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all signatories hereto or their successors-in-interest.   Any condition in this Stipulation may be waived by the party entitled to enforce the condition in a writing signed by that party or its counsel.   The waiver by any party of any breach of this Stipulation by any other party shall not be deemed a waiver of the breach by any other party, or a waiver of any other prior or subsequent breach of this Stipulation by that party or any other party.   Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

43.   The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

44.   The administration and consummation of this Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of, *inter alia*, entering orders providing for the enforcement of the terms of this Stipulation, including, but not limited to, the releases provided for herein, and awards of attorneys' fees and Litigation Expenses to Lead Counsel.

45.   Lead Plaintiff and Defendant agree that, prior to final approval of the Settlement, the David Geronemus will continue to serve as a mediator for any disputes between them arising out of the Settlement.   The Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

177628-1

46.     This Stipulation and its exhibits constitute the entire agreement among the Settling Parties concerning this Settlement, and no representations, warranties or inducements have been made by any Settling Party concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.  This Stipulation supersedes any and all prior statements, representations, promises or other agreements, written or oral, with respect to the subject matter of this Stipulation.

47.     This Stipulation may be executed in one or more original, e-mailed and/or faxed counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

48.     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

49.     All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Stipulation.

50.     The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

51.     This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations among the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

52.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

53.     Lead Plaintiff represents and warrants that it has not assigned, transferred, or otherwise disposed of the claims that are the subject of this Agreement.

54.     Lead Counsel and Defendant's Counsel agree to cooperate fully in seeking Court approval of the Notice Order and the Settlement and to use reasonable efforts to  agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

55.     If any party is required to give notice to the other parties under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt by hand delivery, facsimile transmission or electronic mail.  Notice shall be provided to the counsel indicated on the signature block below.

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys as of September 17, 2013.

WOLF POPPER LLP

_____
Lester L. Levy
James A. Harrod
Robert S. Plosky
845 Third Avenue, NY 10022
Tel:  (212) 759-4600
Fax:  (212) 486-2093
llevy@wolfpopper.com
jharrod@wolfpopper.com
rplosky@wolfpopper.com

*Lead Counsel for Lead Plaintiff*
*Vaszurele Ltd.*

GIBSON DUNN & CRUTCHER LLP

_____
Robert F. Serio
Aric H. Wu
200 Park Avenue
New York, New York 10166-0193
Tel:  (212) 351-4000
Fax:  (212) 351-4035
rserio@gibsondunn.com
awu@gibsondunn.com

*Attorneys for Defendant*
*Credit Suisse Securities (USA) LLC*

177628-1

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VASILI TSERETELI and VASZURELE LTD., on behalf of themselves and all others similarly situated,<br><br>               Lead Plaintiff,<br><br>     v.<br><br>RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A8, CREDIT SUISSE SECURITIES (USA) LLC,<br><br>           Defendants. | No. 08-Civ.-10637 (LAK) |

## [PROPOSED] ORDER CERTIFYING SETTLEMENT CLASS, APPROVING NOTICE TO THE CLASS AND SCHEDULING OF FINAL APPROVAL HEARING

### STIPULATION EXHIBIT A

WHEREAS, Lead Plaintiff and Class Representative Vaszurele Ltd. ("Vaszurele" or "Lead Plaintiff") on behalf of itself and the Class (as hereinafter defined) have applied to the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order in the above-captioned litigation (the "Action") in accordance with the Stipulation of Settlement, dated as of September 17, 2013 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action (the "Settlement"); (1) certifying the Action as a class action for settlement purposes; (2) approving the form and method of notice to the Class; and (3) scheduling a hearing for final approval of the Settlement.

WHEREAS, defendant Credit Suisse Securities (USA) LLC ("Credit Suisse" or "Defendant") does not oppose this request; and

WHEREAS, the Court is familiar with and has reviewed the record in the Action and has reviewed the Stipulation, including the exhibits attached to the Stipulation, and found good cause for entering the following Order:

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      This order (the "Notice Order") hereby incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2.      Pending further order of the Court, all litigation activity, except that contemplated herein, in the Stipulation, in the Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") or in the Judgment, is hereby stayed and all hearings, deadlines and other proceedings in this Action, except the Final Approval Hearing, are hereby taken off calendar.

## CERTIFICATION OF SETTLEMENT CLASS

3.      Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies, solely for purposes of effectuating the proposed Settlement, a class of all persons or entities who purchased or otherwise acquired the Certificates[1] through and including September ___, 2013 [day before Lead Plaintiff's Motion for a Notice Order] (the "Class"). Excluded from the Class are the Released Party, IndyMac, the officers or directors of the Released Party or IndyMac, at any relevant time hereto, and any members of their immediate families and their legal representatives, heirs, successors or assigns.  Also excluded from the

---

[1]      "Certificates" means the twenty-six (26) classes of Senior Mortgage Pass-Through Certificates sponsored by IndyMac Bank, F.S.B., issued by Residential Asset Securitization Trust 2006-A8, and offered pursuant to a Form S-3 shelf registration statement filed with the SEC on or about on February 24, 2006 (amended March 29 and April 13, 2006), a prospectus dated June 14, 2006, and a prospectus supplement dated June 28, 2006.  The Certificates  bear the following CUSIP numbers: 761119AA4, 761119AB2, 761119AC0, 761119AD8, 761119AE6, 761119AF3, 761119AG1, 761119AH9, 761119AJ5, 761119AK2, 761119AL0, 761119AM8, 761119AN6, 761119AP1, 761119AQ9, 761119AR7, 761119AS5, 761119AT3, 761119AU0, 761119AV8, 761119AW6, 761119AX4, 761119AY2, 761119AZ9, 761119BA3, 761119BB1.

Class are any persons or entities who exclude themselves by filing a valid request for exclusion in accordance with the requirements set forth in the Notice.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby appoints Vaszurele as Class Representative, and Wolf Popper LLP as Class Counsel for the settlement Class.

## APPOINTMENT OF CLAIMS ADMINISTRATOR

5.     The Court approves the appointment of Epiq Class Action & Claims Solutions, Inc. as the Claims Administrator to supervise and administer the notice procedure, as well as the processing of claims as more fully set forth below:

a)     No later than 10 days from the date of this Order, October __, 2013, the Claims Administrator shall cause a copy of the Notice and Proof of Claim Form (the "Claim Form"), annexed hereto as Exhibits A-1 and A-2, respectively, to be mailed by first-class mail, postage prepaid, to those members of the Class who may be identified through reasonable effort, including through the cooperation of Defendants and/or their agents (the "Notice Date");

b)     A summary notice (the "Summary Notice"), annexed hereto as Exhibit A-3, shall be published once in the national edition of *The Investor's Business Daily* no later than October __, 2013, 10 days from date of this Order; and

c)     The Notice, the Summary Notice and the Claim Form shall also be placed on the Claims Administrator's website, on or before the Notice Date.

## NOTICE TO SETTLEMENT CLASS

6.     The Court approves the form of Notice and Summary Notice (together, the "Notices") and the Claim Form, and finds that the procedures established for publication, mailing and distribution of such Notices substantially in the manner and form set forth in Paragraph 5 of

this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27(a)(7) of the Securities Exchange Act of 1933 (the "Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 77aa-(a)(7), the Constitution of the United States, and any other applicable law, and constitute the best notice practicable under the circumstances.

7.      For the purpose of identifying and providing notice to the Class, on or before _____, 2013 [7 days following the date of this Order], Defendants shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) any lists they and/or their agent(s) have that identify potential Class Members (including names and addresses), in electronic form.  To the extent such lists have already been produced to Lead Plaintiffs, they need not be provided again.

8.      No later than _____, 201___ [35 days before Fairness Hearing], Lead Counsel shall cause to be filed with the Clerk of this Court affidavits or declarations of the person or persons under whose general direction the mailing of the Notice and the publication of the Summary Notice shall have been made, showing that such mailing and publication have been made in accordance with this Order.

9.      Nominees who purchased Certificates for beneficial owners who are Class Members are directed to: (a) request within ten (10) calendar days of receipt of the Notice additional copies of the Notice and the Claim Form from the Claims Administrator for such beneficial owners; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days after receipt of the Notice.  If a nominee elects to send the Notice to beneficial owners, such nominee is directed to mail the Notice within ten (10) calendar days of receipt of the additional copies of the Notice from the Claims Administrator, and

upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class.  Upon full compliance with this Notice Order, including the timely mailing of the Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Notice Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice, if the nominee elected or elects to do so. Such properly documented expenses incurred by nominees in compliance with the terns of this Notice Order shall be paid from the Settlement Fund.

## **HEARING: RIGHT TO BE HEARD**

10.     The Court will hold a settlement hearing (the "Final Approval Hearing") on November _____, 201___, at _____ ___.m. [no less than 101 days from the date of the Notice Order], in the United States District Court for the Southern District of New York, 500 Pearl Street, Courtroom 21B, 21st Floor, New York, New York, for the following purposes: (i) to determine whether the Settlement should be finally approved as fair, reasonable, adequate and in the best interests of the Class; (ii) to determine whether the Judgment, in the form attached as Exhibit B to the Stipulation, should be entered dismissing and releasing the Released Claims with prejudice; (iii) to rule upon the Plan of Allocation; (iv) to rule upon Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses; and (v) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

11.     Papers in support of the Settlement, the Plan of Allocation and Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses shall be filed no later

than _____, 201___ [35 days prior to Final Approval Hearing].  Reply papers shall

be filed no later than _____, 201____ [7 days prior to Final Approval Hearing].

12.    Any member of the Class may appear at the Final Approval Hearing and show

cause why the proposed Settlement embodied in the Stipulation should or should not be approved

as fair, reasonable, adequate and in the best interests of the Class, or why the Judgment should or

should not be entered thereon, and/or to present opposition to the Plan of Allocation or to the

application of Lead Counsel for attorneys' fees and reimbursement of Litigation Expenses.

However, no Class Member or any other person shall be heard or entitled to contest the approval of

the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon

approving the same, or the terms of the Plan of Allocation or the application by Lead Counsel for

an award of attorneys' fees and reimbursement of Litigation Expenses, unless that Class Member or

person (i) has served written objections, by hand or first-class mail, including the basis therefor, as

well as copies of any papers and/or briefs in support of his, her or its position upon the following

counsel for receipt no later than _____, 201___ [14 days prior to the Final

Approval Hearing]:

**Lead Counsel for the Class**
WOLF POPPER LLP
Lester L. Levy
James A. Harrod
Robert S. Plosky
845 Third Avenue
New York, New York 10022

**Counsel for Defendant**
GIBSON DUNN & CRUTCHER LLP
Robert F. Serio
Aric H. Wu
200 Park Avenue
New York, New York 10166-0193

and (ii) filed said objections, papers and briefs with the Clerk of the United States District Court

for the Southern District of New York.  Any objection must include: (a) full name, (b) address, (c)

telephone number, (d) face value and class (with CUSIP) of the Certificates purchased (or

otherwise acquired) or sold, (e) prices or other consideration paid or received for such

Certificates, and (f) the date of each purchase or sale transaction, (g) brokerage confirmation

receipts or other competent documentary evidence of such transactions; (h) a written statement of all grounds for the objection accompanied by any legal support for the objection; (i) copies of any papers, briefs or other documents upon which the objection is based; (j) a list of all persons who will be called to testify in support of the objection; (k) a statement of whether the objector intends to appear at the Final Approval Hearing; (l) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (m) the objector's signature, even if represented by counsel.  If the objector intends to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys who will appear on his, her or its behalf at the Final Approval Hearing.  Any Class Member who does not make his, her or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as reflected in the Stipulation, to the Plan of Allocation or to the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses.  By objecting to the Settlement, the Plan of Allocation and/or the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, or otherwise requesting to be heard at the Final Approval Hearing, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to the person's or entity's objection or request to be heard and the subject matter of the Settlement, including, but not limited to, enforcement of the terms of the Settlement (including, but not limited to, the release of the Released Claims provided for in the Stipulation and the Judgment).

13.    If approved, all Class Members will be bound by the proposed Settlement provided for in the Stipulation, and by any judgment or determination of the Court affecting Class Members, regardless of whether or not a Class Member submits a Claim Form.

14.     Any member of the Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

15.     The Court reserves the right to (a) adjourn or continue the Final Approval Hearing, or any adjournment or continuance thereof, without further notice to Class Members and (b) approve the Stipulation with modification and without further notice to Class Members.  The Court retains jurisdiction of this Action to consider all further applications arising out of or otherwise relating to the proposed Settlement, and as otherwise warranted.

16.     All Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class.

## CLAIMS PROCESS

17.     In order to be entitled to participate in the Settlement, a Class Member must complete and submit a Claim Form in accordance with the instructions contained therein.  To be valid and accepted, Claim Forms submitted in connection with this Settlement must be postmarked no later than _____ ___, 2014 [120 days from the date of the Notice Order].

18.     Any Class Member who does not timely submit a valid Claim Form shall not be eligible to share in the Settlement Fund, unless otherwise ordered by the Court, but nonetheless shall be barred and enjoined from asserting any of the Released Claims and shall be bound by any judgment or determination of the Court affecting the Class Members.

## REQUEST FOR EXCLUSION FROM THE CLASS

19.     Any requests for exclusion must be submitted for receipt no later than _____, 201_____ [21 days prior to Final Hearing].  Any Class Member who wishes to be excluded from the Class must provide (i) full name, (ii) address, (iii) telephone number, (iv)

face value and class (with CUSIP) of the Certificates purchased (or otherwise acquired) or sold, (v) prices or other consideration paid or received for such Certificates, (vi) the date of each purchase or sale transaction, and (vii) a statement that the person or entity wishes to be excluded from the Class.  It must also be signed by the person or entity requesting exclusion, and provide a telephone number for that person or entity.  All persons who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

20.    Any member of the Class who does not request exclusion from the Class in the manner stated in this Order shall be deemed to have waived his, her or its right to be excluded from the Class, and shall forever be barred from requesting exclusion from the Class in this or any other proceeding, and shall be bound by the Settlement and the Judgment, including, but not limited to the release of the Released Claims provided for in the Stipulation and the Judgment, if the Court approves the Settlement.

21.    The Released Party shall have no responsibility or liability whatsoever with respect to the Plan of Allocation or Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses.  The Plan of Allocation and Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses will be considered separately from the fairness, reasonableness and adequacy of the Settlement.  At or after the Final Approval Hearing, the Court will determine whether Lead Counsel's proposed Plan of Allocation should be approved, and the amount of attorneys' fees and Litigation Expenses to be awarded to Lead Counsel.  Any appeal from any orders relating solely to the Plan of Allocation or solely to Lead Counsel's application for an award of attorneys' fees and Litigation Expenses, or any reversal

or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Action set forth therein.

22.     Only Class Members and Lead Counsel shall have any right to any portion of, or any rights in the distribution of, the Settlement Fund, unless otherwise ordered by the Court or otherwise provided in the Stipulation.

23.     All funds held in the Escrow Account shall be deemed and considered to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

24.     As set forth in the Stipulation, Defendant shall cause $100,000.00 to be paid into the Notice and Administration Fund Account, which Lead Counsel may use to direct payment for the actual costs incurred in connection with providing notice to the Class, locating Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim Forms, and paying taxes, escrow fees and costs, if any.  The Notice and Administration Fund shall be used to pay for the costs associated with printing, mailing, reproducing and distributing the Notice and publishing the Summary Notice.  If the Notice and Administration Fund is not exhausted by the Notice and Administration Costs, and if the Settlement is approved and becomes Final, the remaining balance in the Notice and Administration Fund shall be included in the Net Settlement Fund.  If the Settlement is not approved and does not become Final any remaining balance in the Notice Fund shall be returned to Defendant.

25.     The fact and terms of this Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order and the Settlement, and any act performed or

document signed in connection with this Order and the Settlement, shall not, in this or any other Court, administrative agency, arbitration forum or other tribunal, constitute an admission of, or evidence of, or be deemed to create any inference of, (i) any acts of wrongdoing or lack of wrongdoing, (ii) any liability on the part of Defendant to Lead Plaintiff, the Class or anyone else, (iii) any deficiency of any claim or defense that has been or could have been asserted in this action, (iv) any damages or lack of damages suffered by Lead Plaintiff, the Class or anyone else, or (v) that the Settlement Amount (or any other amount) represents the amount that could or would have been recovered in this Action if it was not settled at this point in time.  The fact and terms of this Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order and the Settlement, and any act performed or document signed in connection with this Order and the Settlement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal, except as necessary to enforce the terms of this Order and/or the Settlement, including, but not limited to, the Judgment and the release of the Released Claims provided for in the Stipulation and the Judgment.

26.     Unless otherwise provided in the Stipulation, there shall be no distribution of any of the Net Settlement Fund to any Class Member until a plan of allocation is finally approved and is affirmed on appeal or certiorari or is no longer subject to review by appeal or certiorari and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

27.     Upon the date for publishing the Summary Notice, pending final determination of whether Settlement should be approved, the Lead Plaintiff, all putative Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute or commence

any action which asserts the Released Claims against the Released Party, unless such putative Class Member requests exclusion from the Class in accordance with the Notice.

28.     In the event that the Settlement fails to become effective in accordance with its terms, or if the Judgment is not entered or is reversed, vacated or materially modified on appeal (and, in the event of material modification, if any party elects to terminate the Settlement), this Order (except Paragraphs 25 and 28) shall be null and void, the Stipulation shall be deemed terminated, and the parties shall return to their positions without prejudice in any way, as provided for in the Stipulation.

IT IS SO ORDERED.

DATED:   September __, 2013

_____
THE HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT A-1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VASILI TSERETELI and VASZURELE LTD., on behalf of themselves and all others similarly situated, | No. 08-Civ.-10637 (LAK) |
| Plaintiffs, | |
| v. | |
| RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A8, CREDIT SUISSE SECURITIES (USA) LLC, | |
| Defendants. | |

**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT,**
**FINAL APPROVAL HEARING, AND MOTION FOR ATTORNEYS' FEES AND**
**REIMBURSEMENT OF LITIGATION EXPENSES**

**STIPULATION EXHIBIT A-1**

*A Federal Court authorized this Notice.*

*This is not a solicitation from a lawyer.*

NOTICE OF PENDENCY OF CLASS ACTION:  **Please be advised that your rights may be affected by a class action lawsuit pending in this Court (the "Action") if you purchased or otherwise acquired a beneficial interest in any of the 26 classes of publicly-offered senior mortgage pass-through certificates sponsored by IndyMac Bank, F.S.B, issued by Residential Asset Securitization Trust 2006-A8 offering (the "Offering") and offered by a Form S-3 Shelf Registration Statement (File No. 333-132042) filed with the Securities and Exchange Commission and dated February 24, 2006 (amended March 29 and April 13, 2006) (the "Registration Statement"), a base Prospectus dated June 14, 2006 (the "Prospectus") and a Prospectus supplement dated June 28, 2006 (the "Prospectus Supplement") (collectively, the Registration Statement, Prospectus and Prospectus Supplement are referred to as the "Offering Documents"), through and including September __, 2013 [day prior to the filing of the Motion For a Notice Order].**

NOTICE OF SETTLEMENT: **Please also be advised that the Court-appointed Lead Plaintiff, Vaszurele, Ltd., ("Lead Plaintiff" or "Vaszurele"), on behalf of itself and the Class (defined below) have reached a proposed settlement of the Action for the cash sums of (a) ten million nine hundred-thousand dollars ($10,900,000) (the "Settlement Fund"), and (b) an additional one hundred-thousand dollars ($100,000) to pay for Notice and Administration Costs (the "Notice and Administration Fund"), with any remaining money in the Notice and Administration Fund at the time the Settlement becomes Final being transferred to the Settlement Fund, that will resolve all claims in the Action (the "Settlement").**

**This Notice explains important rights you may have, including your possible receipt of cash from the Settlement.  Your legal rights will be affected whether or not you act.  Please read this Notice carefully and in its entirety!**

1.       **Description of the Litigation and Class**: This Notice relates to the pendency and proposed settlement of a class action lawsuit against Defendant Credit Suisse Securities (USA) LLC ("Credit Suisse" or "Defendant").  Credit Suisse was the underwriter of the certificates sold pursuant to the Offering Documents in the Offering. The "Settling Parties" means the (i) Defendant; and (ii) Lead Plaintiff on behalf of itself and the Class Members.  The proposed Settlement, if approved by the Court, will settle the claims of all persons and entities who purchased or otherwise acquired a beneficial interest in the publicly-offered senior mortgage pass-through certificates sponsored by IndyMac Bank, F.S.B, issued by Residential Asset Securitization Trust 2006-A8, and offered by the Offering Documents (identified by CUSIP in Table A, below) (the "Certificates") through and including [day prior to the filing of a motion for the Notice Order], and who were damaged thereby (the "Class").  The parties to this case have agreed to resolve the claims in a settlement, which is embodied in a Stipulation of Settlement, dated as of September 17, 2013, (the "Stipulation") that was filed with the Court.   The Stipulation of Settlement, along with other documents related to the Settlement and the litigation, are available on the website of the Claims Administrator:  www.RAST2006A8Settlement.com. Certain capitalized terms used in this Notice have the meanings defined in the Stipulation.

2.       **Statement of the Class's Recovery**:  Subject to Court approval and, as described more fully below, Lead Plaintiff, on behalf of itself and the Class, has agreed to settle all Released Claims (as defined in ¶ 54 below) against Defendant in exchange for (a) a payment of ten million nine hundred-thousand dollars ($10,900,000) to be deposited into an interest-bearing

escrow account within ten (10) business days following entry of the Order providing for this Notice (the "Notice Order") and (b) an additional payment of one hundred-thousand dollars ($100,000) to pay for Notice and Administration Costs (with any remainder being transferred to the Settlement Fund), to be paid within five (5) calendar days of the entry of the Notice Order (the Settlement Fund and Notice Fund are referred to collectively as the "Settlement Consideration").  The Net Settlement Fund (the Settlement Fund less any: taxes, Notice and Administration Costs, attorneys' fees and Litigation Expenses awarded by the Court; and other costs, expenses, or amounts as may be approved by the Court; plus any amount remaining in the Notice and Administration Fund at the time the order approving the Settlement becomes Final) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") that will be approved by the Court and will determine how the Net Settlement Fund shall be allocated to the members of the Class.  The proposed Plan of Allocation is included in this Notice, and may be modified by the Court without further notice.

3.      **Statement of Average Recovery Per $1,000 of Initial Certificate Value**:  The Settlement Consideration is $11 million, plus interest earned on the Settlement Fund.  Based on the total initial face dollar value of the Certificates, as stated in the Prospectus Supplement (without subtracting the principal pay-downs received on the Certificates), and assuming all purchasers of the initially offered Certificates elect to participate, the estimated average distribution is $18.24 per $1,000 in initial face value of the Certificates.  Class Members may recover more or less than this amount depending on, among other factors, when their certificates were purchased or sold, the amount of principal that has been repaid, the estimated value of the Certificates on the Action Date as indicated in the attached Table A, the number of Class Members who timely file Claims, and the Plan of Allocation, as more fully described below in

this Notice.  In addition, the actual recovery of Class Members will be further reduced by the payment of fees and costs from the Settlement Fund.

4. **Statement of the Parties' Position on Damages:**  Defendant Credit Suisse denies all claims of wrongdoing, fault, or liability to Lead Plaintiff and/or the Class.  Credit Suisse further denies that Lead Plaintiff or the Class have suffered any damages, that the price of the Certificates were artificially inflated at any time as the result of any alleged misrepresentations or omissions, and that Lead Plaintiff or the Class were harmed by the conduct alleged in the  Complaint.  The issues on which the parties disagree include, but are not limited to: (1) whether the alleged misrepresentations in the Offering Documents were material, false or misleading, or whether the Offering Documents omitted material information; (2) whether Defendant is otherwise liable under the securities laws for those statements or omissions; and (3) whether the price of the Certificates were artificially inflated at any time as the result of any alleged misrepresentation and omission in the Offering Documents.

5. **Statement of Attorneys' Fees and Expenses Sought:** Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 29% of the Settlement Consideration, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.  In addition, Lead Counsel will apply for the reimbursement of certain Litigation Expenses paid or incurred in connection with the prosecution and resolution of the Action in an amount not to exceed $500,000, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.  Based on the total initial face dollar value of the Certificates as stated in the Prospectus Supplement (without subtracting the principal paydowns received on the Certificates), and assuming all purchasers of the initially offered Certificates elect to participate, if the Court approves Lead Counsel's fee and Litigation

Expense application, the estimated average cost is $6.12 per $1,000 in initial certificate value of the Certificates.

      6.    **<u>Identification of Attorney Representative</u>:** Lead Plaintiff and the Class are being represented by Lester L. Levy, Esq. and James A. Harrod, Esq. of Wolf Popper LLP, 845 Third Avenue, New York, NY 10022, the Court-appointed Lead Counsel.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **REMAIN A MEMBER OF THE CLASS** | This is the only way to receive a payment. If you wish to obtain a payment as a member of the Class, you will need to file a claim form (the "Claim Form"), which is included with this Notice, postmarked no later than _____, 2014 [120 days from date of entry of the Notice Order]. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 201__ [21 days prior to Final Approval Hearing].** | Receive no payment pursuant to this Settlement. If you exclude yourself from the Class, you may be able to seek recovery against the Defendant or other Released Party through other litigation. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING WRITTEN OBJECTIONS SO THAT THEY ARE *RECEIVED* NO LATER THAN _____, 201___. [14 days prior to Final Approval Hearing]** | Write to the Court and explain why you do not like the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses. You cannot object to the Settlement unless you are a member of the Class and do not exclude yourself. |
| **GO TO THE HEARING ON _____, 201__, AT _____ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN NOVEMBER _____, 201___ . [14 days prior to Final Approval Hearing]** | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses. |
| **DO NOTHING** | Receive no payment, remain a Class Member, give up your rights and be bound by the Final Order and Judgment entered by the Court if it approves the Settlement, including the Release of the Released Claims. |

## WHAT THIS NOTICE CONTAINS

| | |
|---|---|
| Why Did I Get This Notice? | Page |
| What Is This Case About? What Has Happened So Far? | Page |

| | |
|---|---|
| How Do I Know If I Am Affected By The Settlement? | Page |
| What Are The Settling Parties' Reasons For The Settlement? | Page |
| What Might Happen If There Were No Settlement? | Page |
| How Much Will My Payment Be? | Page |
| What Rights Am I Giving Up By Agreeing To The Settlement? | Page |
| What Payment Are The Attorneys For The Class Seeking? | Page |
| How Will The Lawyers Be Paid? | Page |
| How Do I Participate In The Settlement? | Page |
| What Do I Need To Do? | Page |
| What If I Do Not Want To Be A Part Of The Settlement? | Page |
| How Do I Exclude Myself? | Page |
| When And Where Will The Court Decide Whether To Approve The Settlement? | Page |
| Do I Have To Come To The Hearing? | Page |
| May I Speak At The Hearing If I Don't Like The Settlement? | Page |
| What If I Bought Certificates On Someone Else's Behalf? | Page |
| Can I See The Court File? | Page |
| Whom Should I Contact If I Have Questions? | Page |

## WHY DID I GET THIS NOTICE?

7.     This Notice is being sent to you pursuant to an Order of the United States District Court for the Southern District of New York (the "Court") because you or someone in your family may have purchased or otherwise acquired a beneficial interest in one or more of the Certificates sponsored by IndyMac Bank, F.S.B, issued by Residential Asset Securitization Trust

2006-A8, and offered by the Offering Documents.  The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court decides whether to approve the Settlement.  Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, a claims administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

8.      In a class action lawsuit, the Court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members.  In this Action, the Court has appointed Vaszurele as Lead Plaintiff under a federal law governing lawsuits such as this one, the Court has also appointed Lead Plaintiff as the Class Representative, and approved Lead Plaintiff's selection of the law firm of Wolf Popper LLP ("Lead Counsel") to serve as Lead Counsel in the Action.  A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency.  Once the class is certified, the Court must resolve all issues on behalf of the class members, except for any persons who choose to exclude themselves from the class. (For more information on excluding yourself from the Class, please read "What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself?" below.)

9.      The Court in charge of this case is the United States District Court for the Southern District of New York, and the case is known as *Tsereteli, et al., v. Residential Asset Securitization Trust 2006-A8, et al.,* No. 08-Civ.-10637(LAK) (the "Action").  The Judge presiding over this case is the Honorable Lewis A. Kaplan, United States District Judge.  The

person who is suing is called the plaintiff (Lead Plaintiff Vaszurele), and the entity being sued is called Defendant (Credit Suisse). The case title reflects the names of parties that were originally in the case but are no longer involved in the litigation.

10.     This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to receive them. The purpose of this Notice is to inform you of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Class if you wish to do so. It also is being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness and adequacy of the proposed Settlement, the fairness and reasonableness of the proposed Plan of Allocation, and the application by Lead Counsel for attorneys' fees and reimbursement of Litigation Expenses (the "Final Approval Hearing").

11.     The Final Approval Hearing will be held on _____, 201____, at ____ _.M., before the Honorable Lewis A. Kaplan, at the United States District Court for the Southern District of New York, 500 Pearl Street, Courtroom 21B, 21st Floor, New York, New York, to determine:

- whether the Court should grant final certification of the Class for purposes of the Settlement;
- whether the proposed Settlement is fair, reasonable, adequate and in the best interests of the Class and should be approved by the Court;
- whether the Released Claims against Defendant should be dismissed with prejudice and fully and finally released by Lead Plaintiff and the Class as set forth in the Stipulation;
- whether the proposed Plan of Allocation is fair and reasonable and should be approved by the Court; and
- whether Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved by the Court.

12.     This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If

the Court approves the Settlement, payments to Authorized Claimants (defined below) will be made after any appeals are resolved, and after the completion of all claims processing. Please be patient.

## WHAT IS THIS CASE ABOUT? WHAT HAS HAPPENED SO FAR?

13.     On November 19, 2008, the original class action complaint was filed against Credit Suisse, Residential Asset Securitization Trust 2006-A8 (the "Trust"), Moody's Investors Service, Inc. ("Moody's), and the McGraw-Hill Companies, Inc. ("McGraw-Hill"), in the Supreme Court for the State of New York, New York County, Index No. 2008-603380 (the "State Court Action"), asserting claims under §§ 11 and 12 of the Securities Act of 1933 (the "Securities Act").

14.     On December 12, 2008, then-defendant McGraw Hill removed the State Court Action to the United States District Court for the Southern District of New York, where it obtained the caption and file number reflected above.  On December 26, 2008, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), a notice of the Action was published alerting investors in the Certificates that the last day to seek lead plaintiff appointment was 60 days from that date.

15.     On February 24, 2009, Vaszurele's predecessor plaintiff moved for appointment as lead plaintiff and for the appointment of Wolf Popper LLP as lead counsel.  By Order dated March 16, 2009, the Court granted the motion.

16.     On April 16, 2009, a motion was made to substitute Vaszurele as the lead plaintiff.  The motion was granted on May 5, 2009.

17.     On April 20, 2009, Lead Plaintiff filed the Amended Class Action Complaint for Violations of the Securities Act of 1933 ("Complaint") against Credit Suisse, the Trust, Moody's

and McGraw-Hill (Moody's and McGraw-Hill may be collectively referred to herein as the "Ratings Agencies").

18.    On May 22, 2009, Credit Suisse, the Trust and the Ratings Agencies filed motions to dismiss the Complaint.

19.    On February 5, 2010, the Court issued an order granting the Ratings Agencies' motions to dismiss with prejudice.  On March 15, 2010, Lead Plaintiff timely filed a notice of appeal from the Court's Order dismissing its claims against the Rating Agencies with the United States Court of Appeals for the Second Circuit.  On June 1, 2011, the Second Circuit affirmed the District Court's February 5, 2010 Order.

20.    On February 9, 2010, Lead Plaintiff filed a Notice of Voluntary Dismissal as to its claims against the Trust.

21.    On March 11, 2010, the Court denied in part and granted in part Credit Suisse's motion to dismiss, sustaining Vaszurele's claims based on allegations regarding the systematic disregard of underwriting guidelines of IndyMac Bank, the originator of the loans backing the Certificates.

22.    On April 26, 2010, Credit Suisse filed its Answer to the Amended Complaint.

23.    On October 15, 2010, the Court entered a Scheduling Order, which provided for a pre-trial schedule, including deadlines for briefing on class certification, discovery, summary judgment and the filing of a pre-trial order.  Subsequent to that date, the parties engaged in discovery, including the production of documents from them and third parties.

24.    On December 10, 2010, Lead Plaintiff filed its Motion for Class Certification.  In connection with the Motion for Class Certification, the Parties submitted expect reports and

conducted discovery, including document productions and depositions.  On June 29, 2012 the Court granted Lead Plaintiff's Motion for Class Certification.

25.     On November 26, 2012, the United States Court of Appeals for the Second Circuit granted Credit Suisse's petition for leave to appeal the Court's order granting class certification.  The appeal has been fully briefed, and oral argument on the appeal is scheduled for October 18, 2013.

26.     The parties began to discuss a possible resolution of the Action in 2012. Beginning in late 2012, the parties engaged an experienced, mutually-agreed upon mediator to assist them in attempting to settle the Action.  The parties submitted mediation briefing in December 2012 and had a day-long mediation session in New York in January 2013. Negotiations over the possible settlement extended on an ongoing basis over the next eight months.  On March 26, 2013, the Court entered an order staying the Action and ordered the parties to engage in settlement discussions.

27.     In August 2013, after extensive mediation and negotiations, Lead Plaintiff and Defendant reached an agreement in principle to settle the Action as described in this Notice.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

28.     If you are a member of the Class, you are subject to the Settlement unless you timely request to be excluded. The "Class" consists of all persons or entities who purchased or otherwise acquired the Certificates through and including [day before Lead Plaintiff's motion for the Notice Order].  Excluded from the Class are the Released Party (defined below), IndyMac (as defined in the Stipulation), the officers or directors of the Released Party or IndyMac, at any relevant time hereto, and any members of their immediate families and their legal representatives, heirs, successors or assigns.  Also excluded from the Class are any persons or

entities who exclude themselves by filing a valid request for exclusion in accordance with the requirements set forth in the Notice:

**RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU ARE ELIGIBLE TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT, YOU MUST SUBMIT THE ENCLOSED CLAIM FORM POSTMARKED NO LATER THAN _____ ___, 2014.**

| WHAT ARE THE SETTLING PARTIES' REASONS FOR THE SETTLEMENT? |
| --- |

29.     Lead Plaintiff and Lead Counsel believe that the claims asserted against Credit Suisse have merit.  Lead Plaintiff and Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Credit Suisse through trial and appeals, as well as the difficulties in establishing liability and damages, and sustaining class certification in light of Credit Suisse's appeal of the Court's class certification decision.  Lead Plaintiff and Lead Counsel have considered the uncertain outcome and trial and appellate risk in complex lawsuits like this one.

30.     In light of the amount of the Settlement and the immediacy of recovery to the Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class.  Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit now, namely $11 million (less the various deductions described in this Notice), as compared to the risk that the claims would produce a similar, smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

31.     Credit Suisse has denied and continues to deny each and all of the claims alleged by Lead Plaintiff in the Action.  Credit Suisse expressly denies any and all allegations of wrongdoing, fault, or liability against it arising out of any of the conduct, statements, acts or

omissions alleged, or that could have been alleged, in the Action. Credit Suisse further denies, that Lead Plaintiff or the Class have suffered damages, that the price of the Certificates were artificially inflated at any time as the result of any alleged misrepresentations or omissions, and that Lead Plaintiff or the Class were harmed by the conduct alleged in the Complaint. Nonetheless, because further litigation of this Action would be protracted and expensive and because of the uncertainty and risks inherent in any litigation, Credit Suisse has determined that it is desirable that this Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

32.    If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of their claims, neither Lead Plaintiff nor the Class would recover anything from Credit Suisse. Also, if Credit Suisse were successful in proving any of their defenses, the Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all. Finally, if Credit Suisse were successful in its appeal of the Court's decision certifying the class, it is possible that Class Members would receive nothing and would be unable to prosecute their own claims.

## HOW MUCH WILL MY PAYMENT BE?

## I.    THE PROPOSED PLAN OF ALLOCATION: GENERAL PROVISIONS

33.    The $10.9 million cash payment, and the interest earned thereon, shall be the Settlement Fund; to the extent that the $100,000 cash Notice and Administration Fund is not exhausted to defray Notice and Administration Costs, (which expenses would otherwise be subtracted from the Class's recovery), the Notice and Administration Fund will be included in the distribution made to the Class. The Settlement Fund, plus any balance remaining in the

Notice and Administration Fund at the time the Settlement becomes Final, less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) other costs, expenses, or amounts as may be approved by the Court, shall be distributed based on the acceptable Claim Forms submitted by members of the Class.  The Net Settlement Fund will be distributed to Authorized Claimants who timely submit acceptable Claim Forms under the Plan of Allocation described below, or as otherwise ordered by the Court.

34.     Your share of the Net Settlement Fund will depend on the aggregate losses from purchases of Certificates (represented by valid and acceptable Claim Forms) that members of the Class submit to the Claims Administrator, relative to the Net Settlement Fund; the face value of the Certificates you purchased; whether you held or sold those Certificates; the date on which you sold those Certificates; and the price at which you purchased or sold them.  At this time, it is not possible to determine how much individual Class Members may receive from the Settlement.

35.     A payment to any Authorized Claimant that would amount to less than $10.00 will not be included in the calculation of the Net Settlement Fund, and no payment to those members of the Class will be made.

36.     To determine the amount that an Authorized Claimant may recover under the Plan of Allocation, Lead Counsel obtained pricing information for the Certificates as shown in Table A.  The proposed Plan of Allocation is generally based upon the statutory measure of damages for claims asserted with respect to material misrepresentations or omissions in the Offering Documents.  For each Authorized Claimant, a "Recognized Loss" will be calculated.  The calculation of a "Recognized Loss," as defined in ¶ 46 below, is not intended to be an estimate of, nor does it indicate, the amount that a Class Member might have been able to recover after a

trial. Nor is the calculation of a Recognized Loss pursuant to the Plan of Allocation an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement, which would depend on the total amount of all Recognized Losses. The Recognized Loss formula provides the basis for proportionately allocating the Net Settlement Fund to Authorized Claimants. That computation is only a method to weigh Class Members' claims against one another. Each Authorized Claimant will receive a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Loss, that is a proportion of their Recognized Loss relative to the aggregate Recognized Losses of all Authorized Claimants.

## II.    CALCULATION OF RECOGNIZED LOSS OR GAIN AMOUNTS

37.    A "Recognized Loss or Gain Amount" will be calculated for each Certificate purchased or acquired for which adequate documentation is provided (each an "Eligible Certificate"). The calculation of the Recognized Loss or Gain Amount will depend on several factors, including: (i) when the Certificate was purchased or acquired; (ii) whether it was sold, and if so, when it was sold and for how much; and (iii) the value of the Certificate on November 18, 2008, the "Action Date" (as stated in the attached Table A).

38.    The "Recognized Loss or Gain Amount" will be calculated solely on the outstanding "Face Value" (*i.e.,* the principal amount then outstanding) for each Certificate at the time of sale, or if not sold, on the Action Date (*i.e.,* Authorized Claimants will not be allocated damages related to principal and interest payments they received). In each calculation of the Recognized Loss or Gain Amount, the Face Value Sold will be limited to no more than 100% of the Face Value Purchased.

39.    As borrowers pay back or pay off the mortgage loans underlying mortgage-backed securities, the principal balance outstanding on a particular class of mortgage-backed

securities is paid back, resulting in the decline of that principal balance. This needs to be taken into consideration in allocating the Settlement. The percentage of the original aggregate principal balance that remains to be distributed in a mortgage-backed security is known as the "Factor" and can change on a periodic basis as principal is paid back. A Certificate's Factor will be calculated by the Claims Administrator as follows:

**Factor = outstanding aggregate principal balance divided by original aggregate principal balance**

The Factor for each Certificate on the Action Date is reflected in the attached Table A.

40. For each calculation of the Recognized Loss or Gain Amount below, the purchase price used for the calculation may not exceed the price at which the Eligible Certificate was offered to the public. Thus, if the actual purchase price exceeds the price at which the Eligible Certificate was offered to the public, the price at which it was offered to the public will be used as the purchase price. If the sales price or value at the Action Date exceeds the purchase price, then the calculation will result in a Recognized Gain Amount for that Certificate. If you have a Recognized Gain Amount for a Certificate, you will not receive a recovery in this Settlement for that Certificate. Paragraphs 41 through 43 also provide some examples of how Recognized Loss or Recognized Gain may be calculated in different circumstances.

41. **Certificates Sold Prior To The Action Date:** For each Eligible Certificate sold prior to the Action Date, the Recognized Loss or Gain Amount is calculated as follows:

**Face Value sold x ((Purchase price – sales price)/100)**

**Example 1:** Investor A purchased $100,000.00 Face Value of Certificate Class 1-A-1 (CUSIP: 761119AA4) on June 28, 2006. The purchase price was $100.00. On February 29, 2008 (prior to the Action Date), Investor A sold $90,000.00 Face Value of Certificate Class 1-A-1. The sales price was $90.00. Investor A's Recognized Loss Amount is calculated as follows:

**$90,000 x ((100.00 – 90.00)/100)**

Investor A's Recognized Loss Amount on these transactions is $9,000.00.

If a sale did not result in a complete disposition of an investor's ownership in a particular Certificate (*i.e.,* only a portion of the holding in that Certificate was sold), a Recognized Loss Amount, if any, related to the remaining portion of the Certificate will be calculated separately under the appropriate methodology described in this Plan of Allocation.

42.   **Certificates Sold On Or After the Action Date:** For each Eligible Certificate sold on or after the Action Date, the Recognized Loss or Gain Amount is calculated as follows:

**Face Value sold x ((purchase price - greater of (a) value on the Action Date, or (b) the sales price)/100)**

For Certificates sold on or after the Action Date, the value used to calculate the Recognized Loss Amount or Gain shall be the *greater* of: (i) the Eligible Certificate's value on the Action Date (as reflected in Table A); or (ii) the sales price of the Eligible Certificate.

**Example 2:** Investor B purchased $100,000.00 Face Value of Certificate Class 2-A-2 (CUSIP 761119AG1) on June 28, 2006.  The purchase price was $100.00.  On October 13, 2009 (after the Action Date), Investor B sold $90,000.00 Face Value of Certificate Class 2-A-2.  The sales price was $60.00. The value on the Action Date was $58.58, as reflected in Table A.  Investor B's Recognized Loss Amount is calculated as follows:

**$90,000 x ((100.00 – 60.00)/100)**

Investor B's Recognized Loss Amount is $36,000.00.

**Example 3:** Investor C also purchased $100,000.00 Face Value of Certificate Class 2-A-2 (CUSIP 761119AG1) on June 28, 2006.  The purchase price was $100.00.  On December 13, 2008 (after the Action Date), Investor C sold $90,000.00 Face Value of Certificate Class 2-A-2. The sales price was $55.00. The value on the Action Date was $58.58, as reflected in Table A. Investor C's Recognized Loss Amount is calculated as follows

**$90,000 x ((100.00 – 58.58)/100)**

Investor B's Recognized Loss Amount is $37,278.00.

If a sale did not result in a complete disposition of an investor's ownership in a particular Certificate (*i.e.,* only a portion of the holding in that Certificate was sold), a Recognized Loss

Amount, if any, related to the remaining portion of the Certificate will be calculated separately under the appropriate methodology described in this Plan of Allocation.

43. **Certificates That Were Not Sold As Of The Notice Date:** For each Eligible Certificate that was not sold on or prior to the date this Notice was disseminated [October __, 2013] (*i.e.,* the Eligible Certificate is still held by the Authorized Claimant), the Recognized Loss Amount or Gain is calculated as follows:

**Face Value at the Action Date x ((purchase price-value at Action Date)/100)**

For Certificates that were not sold, the Face Value at the Action Date is calculated as follows:

**Face Value purchased x**
**Factor on the Action Date/Factor on the purchase date**

**Example 4:** Investor D purchased $100,000.00 Face Value of Certificate Class 3-A-1 (CUSIP 761119AP1) on June 28, 2006.  The purchase price was $100.00. The factor on the purchase date was 1.00. Investor D did not sell its Certificates.

As reflected in Table A, the value on the Action Date was $50.16, and the factor on the Action Date was .77287.  Investor D's Face Value at the Action Date is calculated as follows:

**Face Value on the Action Date = $100,000.00 x (.77287/1.00) = $77,287.02**

Using the resulting Face Value at the Action Date (*i.e*., $77,287.02), Investor D's Recognized Loss Amount is calculated as follows:

**$77,287.02 x ((100.00 – 50.16)/100)**

Investor D's Recognized Loss Amount is $38,519.85.

\*       \*       \*

44. Notwithstanding the above provisions, the Recognized Gain or Loss Amount for any purchases or acquisitions of Certificates that occurred after the Action Date (November 18, 2008) is zero.

45.     A "Total Recognized Loss By CUSIP" will be calculated for each Authorized Claimant on a CUSIP by CUSIP basis.  Accordingly, multiple transactions by an Authorized Claimant in a single CUSIP will be netted; *i.e.*, the total Recognized Gain or Loss Amounts for that CUSIP shall be calculated by (1) totaling all Recognized Loss Amounts for that CUSIP; and (2) subtracting from that the total of all Recognized Gain Amounts for that CUSIP.  A Total Recognized Loss By CUSIP cannot be less than zero.

46.     Each Authorized Claimant's "Recognized Loss" is the sum of all that Authorized Claimant's Total Recognized Loss By CUSIP.  Recognized Gain or Loss Amounts will be aggregated across all CUSIPs invested in by each Authorized Claimant such that Recognized Loss amounts on the investment in one CUSIP may be offset by Recognized Gains on the investment in another.

## III.     DISTRIBUTION OF THE NET SETTLEMENT FUND

47.     The "Recognized Loss" will be used solely to calculate the relative amount of the Net Settlement Fund for each Authorized Claimant and does not reflect the actual amount an Authorized Claimant may expect to recover from the Net Settlement Fund.  The combined Recognized Losses of all Authorized Claimants may be greater than the Net Settlement Fund.  If this is the case, and subject to the $10.00 minimum payment requirement described in ¶[36] above, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund, which shall be his, her or its Recognized Loss divided by the total of all Recognized Losses to be paid, multiplied by the total amount in the Net Settlement Fund.

48.     Payment pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants.  No Person shall have any claim based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation,

or further order(s) of the Court against Lead Counsel, Lead Plaintiff, Class Members, the Claims Administrator, Credit Suisse and the Released Party, or any person designated by Lead Counsel. All members of the Class who fail to timely submit an acceptable Claim Form by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including the release of the Released Claims.

49.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any member of the Class.

50.     The Plan of Allocation set forth herein is the proposed plan submitted by Lead Plaintiff and Lead Counsel for the Court's approval. The Court may approve this plan as proposed or it may modify it without further notice to the Class.

| **WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT?** |
| --- |

51.     If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims asserted against Credit Suisse in the Action and will provide that Lead Plaintiff and all other members of the Class, on behalf of themselves and any of their personal representatives, spouses, domestic partners, trustees, heirs, executors, administrators, successors or assigns shall be deemed to have – and by operation of the Judgment shall have – fully and finally released, relinquished, waived, discharged and dismissed each and every Released Claim (as defined in ¶ 54 below), against the Released Party (as defined in ¶ 53 below), and shall forever be enjoined from pursuing any or all Released Claims (as defined in ¶ 54, below) against the Released Party, whether directly or indirectly, whether on their own behalf or otherwise, and regardless of whether or not such Class Member executes and delivers a

Proof of Claim Form (except that the foregoing provision shall not apply to any such representative, spouse, domestic partner, trustee, heir, executor, administrator, successor or assign who independently would be a member of the Class and timely excludes himself, herself or itself).

52.     The Judgment also will provide that Credit Suisse will release as against Lead Plaintiff and its predecessor plaintiff, and their respective attorneys, all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common or foreign law, that arise out of or related in any way to the institution, prosecution, or settlement of the claims against Credit Suisse, except for claims relating to the enforcement of the Settlement.

53.     "Released Party" means the Defendant and Defendant's past or present heirs, executors, estates, administrators, predecessors, successors, assigns, attorneys, accountants, auditors, agents, parents, subsidiaries, divisions, affiliates, insurers, co-insurers and reinsurers, employers, employees, members, directors, managing directors and officers.

54.     "Released Claims" means any and all claims (including Unknown Claims), rights, remedies, demands, liabilities, or causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, punitive damages, compensation, restitution, rescission, interest, attorneys' fees/costs, expert or consulting fees, and any other costs, expenses, losses or liabilities of any kind or nature whatsoever), whether legal, statutory or equitable in nature, by or on behalf of Lead Plaintiff, or any other Class Member against the Released Party that has been alleged or could have been alleged directly or indirectly in the Complaint, whether based on federal, state, local, statutory, or common law or any other law, rule, or regulation, whether known claims or unknown claims, whether class, representative, or

individual in nature, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, whether at law or in equity, matured or unmatured, that are based upon or arise from (i) any of the allegations, transactions, facts, matters, events, disclosures, statements, occurrences, circumstances, representations, conduct, acts, or omissions or failures to act that were or could have been alleged or asserted in the Action, and (ii) the purchase, acquisition or disposition of the Certificates or any interest therein. Notwithstanding the foregoing, the Class will not release any claims relating to the enforcement of the Settlement.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS' BE PAID?

55.     Lead Counsel has not received any payment for its services in pursuing claims against Defendant on behalf of the Class, nor has Lead Counsel been reimbursed for its out-of-pocket Litigation Expenses.  Before final approval of the Settlement, Lead Counsel intends to apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 29% of the Settlement Consideration, plus interest at the same rate and for the same time period as earned by the Settlement Fund.  At the same time, Lead Counsel also intends to apply for the reimbursement of certain Litigation Expenses in an amount not to exceed $500,000.  The sums approved by the Court will be paid from the Settlement Fund.  Members of the Class are not personally liable for the payment of these sums.  Lead Counsel will file their motion requesting attorneys' fees and for reimbursement of Litigation Expenses on _____, 201___ [35 days prior to the Final Approval Hearing].  The papers detailing that motion will be posted on the Settlement Website (www.RAST2006A8Settlement.com).

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

56.     If you purchased any of the Certificates and you are not excluded by the definition of the Class and you do not elect to exclude yourself from the Class, then you are a member of the Class and you will be bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Class.  If you are a member of the Class, you must submit a Claim Form and supporting documentation to establish your entitlement to share in the Settlement.   A Claim Form is included with this Notice, or you may go to the website maintained by the Claims Administrator for the Settlement to request that a Claim Form be mailed to you.  The website is www.RAST2006A8Settlement.com.  You may also request a Claim Form by calling toll-free (877) 853-2535 or by emailing info@RAST2006A8Settlement.com.  Copies of the Claim Form can also be downloaded from Lead Counsel's website at www.wolfpopper.com. Those who exclude themselves from the Class, and those who do not submit timely and valid Claim Forms with adequate supporting documentation will not be eligible to share in the Settlement. Please retain all records of your ownership of and transactions in the Certificates, as they may be needed to document your claim.

57.     As a Class Member, you are represented by Lead Plaintiff and Lead Counsel unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys listed in the section below entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?"

58.     If you do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section below entitled, "What If I Do Not Want To Be A Part Of The Class And The Settlement? How Do I Exclude Myself?"

59.     If you wish to object to the Settlement or any of its terms, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section below entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?"

---

**WHAT IF I DO NOT WANT TO BE A PART OF THE SETTLEMENT? HOW DO I EXCLUDE MYSELF?**

---

60.     Each Class Member will be bound by all determinations and judgments in this lawsuit, including those concerning the Settlement, whether favorable or unfavorable, unless such person or entity mails, by first-class mail (or its equivalent outside the United States), or otherwise delivers a written Request for Exclusion from the Class, addressed to:

**RAST 2006-A8 MBS Settlement**
**Class Administrator**
**P.O. Box _____**
**[City, STATE #####]**
**(877) 853-2535**

The exclusion request must be *received* no later than _____, 201__ [21 days prior to the Final Approval Hearing].  You will not be able to exclude yourself from the Class after that date. Each Request for Exclusion must provide the (i) name, (ii) address, (iii) telephone number, (iv) face value and class (with CUSIP) of the Certificates purchased (or otherwise acquired) or sold, (v) prices or other consideration paid or received for such Certificates, (vi) the date of each purchase or sale transaction, and (vii) a statement that the person or entity wishes to be excluded from the Class.  The request for exclusion must also be signed by the person or entity requesting exclusion, and provide a telephone number for that person or entity.  Requests for exclusion will not be valid

if they are not received within the time stated above, unless the Court otherwise determines.  Keep a copy of everything you mail, in case something is lost during shipping or processing.

61.      If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration or other proceeding concerning any of the Released Claims.

62.      If a person or entity requests to be excluded from the Class, that person or entity will not receive any benefit provided for in the Settlement.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**

**DO I HAVE TO COME TO THE HEARING?**

**MAY I SPEAK AT THE HEARING?**

---

63.      If you do not wish to object in person to the proposed Settlement, the proposed Plan of Allocation, and/or the application for attorneys' fees and reimbursement of Litigation Expenses, you do not need to attend the Final Approval Hearing.  You can object to or participate in the Settlement without attending the Final Approval Hearing.

64.      The Final Approval Hearing will be held on _____, 201___, at __ _.M. before the Honorable Lewis A. Kaplan, at the United States District Court for the Southern District of New York, 500 Pearl Street, Courtroom 21B, 21st Floor, New York, New York.  The Court has the right to approve the Settlement, the Plan of Allocation or the request for attorneys' fees and reimbursement of litigation expenses at or after the Final Approval Hearing without further notice to the members of the Class.

65.      Any member of the Class who does not request exclusion from the Class in the manner set forth in ¶ 60 above may object to or oppose the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses.

Objections or oppositions must be in writing.  You must file any written objection or opposition, together with copies of all other papers (including proof of purchase or sales of Certificates in the Offerings) and briefs, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below for receipt on or before _____, 201___ [14 days prior to the Final Approval Hearing].  You must also serve the papers, by hand or first-class mail, on Lead Counsel and counsel for Defendant,, at the addresses set forth below so that the papers are *received* on or before _____, 201__ [14 days prior to the Final Approval Hearing].

**Clerk's Office**
UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
Clerk of the Court
500 Pearl Street
New York, New York 10007

**Lead Counsel for the Class**
WOLF POPPER LLP
Lester L. Levy
James A. Harrod
Robert S. Plosky
845 Third Avenue
New York, New York 10022

**Counsel for Defendant**
GIBSON DUNN & CRUTCHER LLP
Robert F. Serio
Aric H. Wu
200 Park Avenue
New York, New York 10166-0193

66.    You may not object to the Settlement or any aspect of it if you are not a member of the Class or if you exclude yourself from the Class.

67.    You may file a written objection without having to appear at the Final Approval Hearing.  A valid objection must include: (a) the full name of the objecting Class member, (b)

the objector's address, (c) the objector's telephone number, (d) the face value and class (with CUSIP) of the Certificates the objector purchased (or otherwise acquired) or sold, (e) prices or other consideration paid or received for such Certificates, and (f) the date of each purchase or sale transaction, (g) the objector's brokerage confirmation receipts or other competent documentary evidence of such transactions, (h) a written statement of all grounds for the objection accompanied by any legal support for the objection, (i) copies of any papers, briefs or other documents upon which the objection is based, (j) a list of all persons, if any, who will be called to testify in support of the objection, (k) a statement of whether the objector intends to appear at the Final Approval Hearing, (l) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years, and (m) the objector's signature, even if represented by counsel.  If you intend to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys who will appear on your behalf at the Final Approval Hearing.  Any member of the Class who does not make his, her or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as reflected in the Stipulation, to the Plan of Allocation or to the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses.  You may not appear at the Final Approval Hearing to present your objection, however, unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

68.     If you wish to be heard orally at the Final Approval Hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you have filed and served a

timely written objection as described above, you also must notify the above counsel on or before

_____, 201____ [14 days prior to final approval], concerning your intention to

appear.  Persons who intend to object and desire to present evidence at the Final Approval Hearing

must include in their written objections the identity of any witnesses they may call to testify and

exhibits they intend to introduce into evidence at the hearing.

69.    If you object to the Settlement, the Plan of Allocation and/or Lead Counsel's

request for an award of attorneys' fees and reimbursement of Litigation Expenses, or otherwise

request to be heard at the Final Approval Hearing in the manner stated above, you are submitting to

the jurisdiction of the Court with respect to the subject matter of the Settlement, including, but not

limited to, the release of the Released Claims contained in the Final Order and Judgment.  If the

Court overrules your objection and approves the Settlement or the part of the Settlement to which

you have objected, you only will potentially share in the Settlement Fund if you file a Claim Form

in the manner stated in ¶ 56 above and the Claims Administrator approves your claim.

70.    You are not required to hire an attorney to represent you in making written

objections or in appearing at the Final Approval Hearing.  If you decide to hire an attorney, which

will be at your own expense, he or she must file a notice of appearance with the Court and serve it

on Lead Counsel so that the notice is received on or before _____, 201_____ [14 days

prior to final approval].

71.    The Final Approval Hearing may be postponed or adjourned by the Court without

further written notice to the Class. If you intend to attend the Final Approval Hearing, you should

confirm the date and time with Lead Counsel.

**UNLESS THE COURT ORDERS OTHERWISE, ANY CLASS MEMBER
WHO DOES NOT OBJECT IN THE MANNER DESCRIBED ABOVE
WILL BE DEEMED TO HAVE WAIVED ANY OBJECTION AND SHALL
BE FOREVER FORECLOSED FROM MAKING ANY OBJECTION TO**

**THE PROPOSED SETTLEMENT, THE PROPOSED PLAN OF ALLOCATION, OR LEAD COUNSEL'S REQUEST FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES. CLASS MEMBERS DO NOT NEED TO APPEAR AT THE HEARING OR TAKE ANY OTHER ACTION TO INDICATE THEIR APPROVAL**.

---

### WHAT IF I BOUGHT CERTIFICATES ON SOMEONE ELSE'S BEHALF?

72.     If you purchased or otherwise acquired Certificates described above for the beneficial interest of a person or organization other than yourself, you must either (i) send a copy of this Notice to the beneficial owner of such certificates, postmarked no later than ten (10) calendar days after you receive this Notice, or (ii) provide to Epiq Class Action & Claims Solutions, Inc. the names and addresses of such persons no later than ten (10) calendar days after you receive this Notice.  If you choose the second option, the Claims Administrator will send a copy of the Notice to the beneficial owner.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice may also be obtained by calling toll-free (877) 853-2535, and may be downloaded from the settlement website, www.RAST2006A8Settlement.com, or from Lead Counsel's website, www.wolfpopper.com.

---

### CAN I SEE THE COURT FILE? WHO SHOULD I CONTACT IF I HAVE QUESTIONS?

73.     This Notice contains only a summary of the terms of the proposed Settlement. More detailed information about the matters involved in the Action is available at www.RAST2006A8Settlement.com, including, among other documents, copies of the Stipulation, the Claim Form and the Complaint.

74.     All inquiries concerning this Notice or the Claim Form should be directed to:

**Claims Administrator**

RAST 2006-A8 MBS Settlement
Claims Administrator
P.O. Box _____
[City, STATE #####]
(877) 853-2535
info@RAST2006A8Settlement.com

**Lead Counsel**

Wolf Popper LLP
Lester L. Levy, Esq.
James A. Harrod, Esq.
Robert S. Plosky, Esq.
845 Third Avenue
New York, New York 10022

**DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF**

**COURT REGARDING THIS NOTICE.**

Dated:  September____, 2013

By Order of the Clerk of Court United States District Court for the Southern District of New York.

# TABLE A

| Certificate - Class | | CUSIP | Original Face Value Outstanding (1) | Original Price/ $100 Face * | Remaining Unpaid Principal On Action Date (1)** | Factor** | Price/ $100 Face ** |
|---|---|---|---|---|---|---|---|
| Residential Asset Securitization Trust 2006-A8 | 1-A-1 | 761119AA4 | $72,080,834 | $100.0000 | $53,534,797 | 0.74271 | $52.0166 |
| Residential Asset Securitization Trust 2006-A8 | 1-A-2 | 761119AB2 | $14,416,166 | $100.0000 | $10,706,959 | 0.74271 | $41.2698 |
| Residential Asset Securitization Trust 2006-A8 | 1-A-3 | 761119AC0 | $0 | $100.0000 | $0 | 1.00000 | $6.3725 |
| Residential Asset Securitization Trust 2006-A8 | 1-A-4 | 761119AD8 | $20,495,900 | $100.0000 | $20,495,900 | 1.00000 | $41.6203 |
| Residential Asset Securitization Trust 2006-A8 | 1-A-5 | 761119AE6 | $2,903,000 | $100.0000 | $2,903,000 | 1.00000 | $57.9374 |
| Residential Asset Securitization Trust 2006-A8 | 2-A-1 | 761119AF3 | $43,516,500 | $100.0000 | $24,610,851 | 0.56555 | $60.4013 |
| Residential Asset Securitization Trust 2006-A8 | 2-A-2 | 761119AG1 | $72,000,000 | $100.0000 | $40,719,757 | 0.56555 | $58.5833 |
| Residential Asset Securitization Trust 2006-A8 | 2-A-3 | 761119AH9 | $36,000,000 | $100.0000 | $20,359,878 | 0.56555 | $59.0162 |
| Residential Asset Securitization Trust 2006-A8 | 2-A-4 | 761119AJ5 | $54,819,500 | $100.0000 | $54,819,500 | 1.00000 | $57.8052 |
| Residential Asset Securitization Trust 2006-A8 | 2-A-5 | 761119AK2 | $50,000,000 | $100.0000 | $29,297,978 | 0.58596 | $64.0253 |
| Residential Asset Securitization Trust 2006-A8 | 2-A-6 | 761119AL0 | $0 | $100.0000 | $0 | 1.00000 | $3.8177 |
| Residential Asset Securitization Trust 2006-A8 | 2-A-7 | 761119AM8 | $7,468,000 | $100.0000 | $7,468,000 | 1.00000 | $29.3645 |
| Residential Asset Securitization Trust 2006-A8 | 2-A-8 | 761119AN6 | $3,000,000 | $100.0000 | $3,000,000 | 1.00000 | $54.5393 |
| Residential Asset Securitization Trust 2006-A8 | 3-A-1 | 761119AP1 | $129,783,000 | $100.0000 | $100,305,409 | 0.77287 | $50.1643 |
| Residential Asset Securitization Trust 2006-A8 | 3-A-2 | 761119AQ9 | $20,295,000 | $100.0000 | $14,211,256 | 0.70023 | $74.5990 |
| Residential Asset Securitization Trust 2006-A8 | 3-A-3 | 761119AR7 | $13,000,000 | $100.0000 | $12,407,238 | 0.95440 | $35.7467 |
| Residential Asset Securitization Trust 2006-A8 | 3-A-4 | 761119AS5 | $48,500,000 | $100.0000 | $48,500,000 | 1.00000 | $53.7672 |
| Residential Asset Securitization Trust 2006-A8 | 3-A-5 | 761119AT3 | $0 | $100.0000 | $0 | 1.00000 | $4.0219 |
| Residential Asset Securitization Trust 2006-A8 | 3-A-6 | 761119AU0 | $3,193,000 | $100.0000 | $1,116,493 | 0.34967 | $59.5012 |
| Residential Asset Securitization Trust 2006-A8 | 3-A-7 | 761119AV8 | $942,000 | $100.0000 | $1,088,580 | 1.15560 | $36.1873 |
| Residential Asset Securitization Trust 2006-A8 | 3-A-8 | 761119AW6 | $3,000,000 | $100.0000 | $2,509,874 | 0.83662 | $41.1500 |
| Residential Asset Securitization Trust 2006-A8 | 3-A-9 | 761119AX4 | $0 | $100.0000 | $0 | 1.00000 | $3.5790 |
| Residential Asset Securitization Trust 2006-A8 | 3-A-10 | 761119AY2 | $160,000 | $100.0000 | $184,897 | 1.15560 | $39.3634 |
| Residential Asset Securitization Trust 2006-A8 | 3-A-11 | 761119AZ9 | $3,853,000 | $100.0000 | $3,853,000 | 1.00000 | $48.7602 |
| Residential Asset Securitization Trust 2006-A8 | P-O | 761119BA3 | $3,737,943 | $100.0000 | $3,276,886 | 0.87665 | $42.1474 |
| Residential Asset Securitization Trust 2006-A8 | A-X | 761119BB1 | $0 | $100.0000 | $0 | 1.00000 | $15.3855 |

(1) Based on the Trust's Monthly Distribution Reports, on or about the Offering or Action Date
* Price on June 28, 2006
** On or about November 18, 2008

# EXHIBIT A-2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VASILI TSERETELI and VASZURELE LTD., on behalf of themselves and all others similarly situated, | No. 08-Civ.-10637 (LAK) |
| Lead Plaintiff, | |
| v. | |
| RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A8, CREDIT SUISSE SECURITIES (USA) LLC, | |
| Defendants. | |

## PROOF OF CLAIM AND RELEASE

### STIPULATION EXHIBIT A-2

YOU MUST COMPLETE THIS CLAIM FORM BY _____ ____, 2014 [120 Days from the Notice Order Date] TO BE ELIGIBLE TO SHARE IN THE SETTLEMENT.  ADDITIONAL INFORMATION CONCERNING THE SETTLEMENT IS INCLUDED IN THE ACCOMPANYING NOTICE.  CAPITALIZED TERMS USED HEREIN HAVE THE SAME MEANINGS AS DEFINED IN THE NOTICE.

TABLE OF CONTENTS                                                    PAGE #

PART I -CLAIMANT INFORMATION…………………………………………...….2

PART II -TRANSACTIONS IN RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A8MORTGAGE PASS-THROUGH CERTIFICATES.....................................................................3-4

PART III - RELEASE OF CLAIMS AND SIGNATURE……………………………......5-7

REMINDER CHECKLIST.......................................................................8

IMPORTANT- Before Completing This Proof of Claim, Please Carefully Read the Enclosed Instruction Sheet.

QUESTIONS? CALL TOLL-FREE (877) 853-2535 OR VISIT www.RAST2006A8Settlement.com

2

| **PART I – CLAIMANT INFORMATION** |
|---|

Claimant or Representative Contact Information:

The Claims Administrator will use this information for all payments. If this information changes, you
MUST notify the Claims Administrator in writing at the address above.

Beneficial Owner's Name (First, Middle, Last)                     /Joint Owner's Name


If owner is not a natural person, Entity:                     /Representative

Street Address:




City:



State and Zip Code



Foreign Province:                     Foreign Country:

Email Address:

Daytime Telephone Number: (          )     -                     Evening Telephone Number: (          )     -

Last 4 digits of Claimant Social Security Number/Taxpayer ID Number:

Record Owner's Name (if known and different from Beneficial Owner listed above):



Account Number:


Check appropriate box (check only one box) :

☐ Individual/ Sole Proprietor     ☐ Joint Owners     ☐ Pension Plan
☐ Corporation                     ☐ Partnership      ☐ Trust
☐ IRA                             ☐ Other (describe:_____ )

NOTE:   Separate Proofs of Claim should be submitted for each separate legal entity (e.g., a claim from
Joint Owners should not include separate transactions of just one of the Joint Owners, an Individual should
not combine his or her IRA transactions with transactions made solely in the Individual's name).
Conversely, a single Proof of Claim should be submitted on behalf of one legal entity including all
transactions made by that entity no matter how many separate accounts that entity has (e.g., a Corporation
with multiple brokerage accounts should include all transactions in Certificates) on one Proof of Claim, no
matter how many accounts the transactions were made in.

NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All Claimants MUST submit a manually signed paper Proof of Claim form, whether or not they also submit electronic copies, either listing all their transactions or including a notation to see corresponding electronic file for all transactions. If you wish to file your claim electronically, you must contact the Claims Administrator at (877) 853-2535 or visit their website at www.RAST2006A8Settlement.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

Proceed to Part II of this Proof of Claim.

| PART II -TRANSACTIONS IN THE CERTIFICATES |
|---|

1. **PURCHASES AND ACQUISITIONS**:   List all purchases and acquisitions of Certificates pursuant or traceable to the Offering Documents.  Be sure to attach the required documentation.

| Trade Date(s) (List Chronologically) (Month/Day/Year) | CUSIP* | Face Value | Price** | Total Cost** |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

\* As provided in Table A of the Notice
\*\* excluding commissions, transfer taxes or other fees

2. **SALES:** List all sales of Certificates that were purchased or acquired pursuant or traceable to the Offering.  Be sure to attach the required documentation.

| Trade Date(s) (List Chronologically) (Month/Day/Year) | CUSIP* | Face Value | Price** | Total Cost** |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

\* As provided in Table A of the Notice
\*\* excluding commissions, transfer taxes or other fees

| IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS PLEASE PHOTOCOPY THIS PAGE, WRITE YOUR NAME ON THE COPY AND CHECK THIS BOX: ☐ IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES MAY NOT BE REVIEWED. |
|---|

3.     **UNSOLD CERTIFICATES AT THE DATE SUIT WAS BROUGHT AND THROUGH DATE OF SUBMISSION OF CLAIM FORM:** State the CUSIP and Face Value of the Certificates that were purchased or acquired pursuant or traceable to the Offering, that the Claimant still owned on the following dates:

November 18, 2008:

| CUSIP* | Face Value |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

\* As provided in Table A of the Notice

As of the Notice Date [October __, 2013]:

| CUSIP* | Face Value |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

\* As provided in Table A of the Notice

Be sure to attach the required documentation. Proceed to Part III of this Proof of Claim.

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS PLEASE PHOTOCOPY THIS PAGE, WRITE YOUR NAME ON THE COPY AND CHECK THIS BOX: ☐ IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES MAY NOT BE REVIEWED.

| PART III: RELEASE OF CLAIMS AND SIGNATURE |
|:---:|

Definitions

"Class" means all persons or entities who purchased or otherwise acquired the Certificates through and including [day before Lead Plaintiff's motion for the Notice Order].  Excluded from the Class are the Released Party, IndyMac, the officers or directors of the Released Party or IndyMac, at any relevant time hereto, and any members of their immediate families and their legal representatives, heirs, successors or assigns.  Also excluded from the Class are any persons or entities who exclude themselves by filing a valid request for exclusion in accordance with the requirements set forth in the Notice.

"Certificates" means the twenty-six (26) classes of Senior Mortgage Pass-Through Certificates sponsored by IndyMac Bank, F.S.B., issued by the Trust, and offered pursuant to the Offering Documents.  The Certificates bear the following CUSIP numbers: 761119AA4, 761119AB2, 761119AC0, 761119AD8, 761119AE6, 761119AF3, 761119AG1, 761119AH9, 761119AJ5, 761119AK2, 761119AL0, 761119AM8, 761119AN6, 761119AP1, 761119AQ9, 761119AR7, 761119AS5, 761119AT3, 761119AU0, 761119AV8, 761119AW6, 761119AX4, 761119AY2, 761119AZ9, 761119BA3, 761119BB1.

"Defendant" means Credit Suisse Securities (USA) LLC.

"Effective Date" means the date on which all of the following shall have occurred: (i) Defendant no longer has any right under paragraph 36 of the Stipulation to terminate this Settlement, or if Defendant does have such right, it has given written notice to Lead Counsel that it will not exercise such right; (ii) the Court has entered the Notice Order; (iii) the Court has approved the Settlement, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; (iv) the Court has entered the Judgment, substantially in the form annexed hereto as Exhibit B, or the Court enters an order and final judgment in a form other than that contemplated by Lead Plaintiff and Defendants ("Alternative Judgment") and neither Lead Plaintiff nor Defendant elects to terminate this Settlement; and (v) the Judgment or Alternative Judgment has become Final (as defined in paragraph 1.s. of the Stipulation).

"Judgment" means an order of judgment and dismissal approving the Settlement to be rendered by the Court substantially in the form attached hereto as Exhibit B.

"Released Party" means the Defendant and Defendant's past or present heirs, executors, estates, administrators, predecessors, successors, assigns, attorneys, accountants, auditors, agents, parents, subsidiaries, divisions, affiliates, insurers, co-insurers, reinsurers, employers, employees, members, directors, managing directors and officers.

"Released Claims" means any and all claims (including Unknown Claims), rights, remedies, demands, liabilities, or causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, punitive damages, compensation, restitution, rescission, interest, attorneys' fees/costs, expert or consulting fees, and any other costs, expenses, losses or liabilities of any kind or nature whatsoever), whether legal, statutory or equitable in nature, by or on behalf of Lead Plaintiff, or any other Class Member against the Released Party that has been alleged or could have been alleged directly or indirectly in the Complaint, whether based on federal, state, local, statutory, or common law or any other law, rule, or regulation, whether known claims or unknown claims, whether class, representative, or individual in nature, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, whether at law or in equity, matured or unmatured, that are based upon or arise from (i) any of the allegations, transactions, facts, matters, events, disclosures, statements, occurrences, circumstances, representations, conduct, acts, or omissions or failures to act that were or could have been alleged or asserted in the Action, and (ii) the purchase, acquisition, or disposition of the Certificates or any interest therein.  Notwithstanding the foregoing, the Class will not release any claims relating to the enforcement of the Settlement.

"Unknown Claims" means any Released Claims that the Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Party which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Party, or might have affected his, her or its decision not to object to or opt out of this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Lead Plaintiff expressly waives and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. Lead Plaintiff and the Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff fully, finally and forever settles and releases, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

| **PART III: RELEASE OF CLAIMS AND SIGNATURE (CONT)** |
|---|

The Release

I (We) understand and acknowledge that without further action by anyone, on and after the Effective Date, each Class Member, on behalf of him, her or itself and any of his, her or its personal representatives, spouse, domestic partner, trustees, heirs, executors, administrators, successors or assigns for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Judgment shall have fully, finally, and forever released, relinquished, waived, discharged and dismissed each and every Released Claim against the Released Party, and shall forever be enjoined from pursuing any or all Released Claims against the Released Party, whether directly or indirectly, whether on their own behalf or otherwise, and regardless of whether or not such Class Member executes and delivers a Proof of Claim Form (except that the foregoing provision shall not apply to any such representative, spouse, domestic partner, trustee, heir, executor, administrator, successor or assign who independently would be a member of the Class and timely excludes himself, herself or itself).

| PART III: RELEASE OF CLAIMS AND SIGNATURE (CONT.) |
|---|

## SIGNATURE AND CERTIFICATIONS

By signing and submitting this Proof of Claim Form, the Claimant(s) or the person(s) who represents the Claimant(s) certifies, as follows:

I (We) submit this Proof of Claim Form under the terms of the Stipulation described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I (we) am (are) bound by and subject to the terms of any judgment that may be entered in the Action.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim covering the same purchases or acquisitions of Certificates and alleging the Released Claims and know of no other person having done so on my (our) behalf.

I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever release, relinquish, waive, discharge and dismiss each and every Released Claims against the Released Party as defined above,

1.    that the Claimant(s) is a (are) Class Member(s), as defined herein and in the Notice;

2.    that I (we) have not filed a request for exclusion from the Class and that I (we) do not know of any request for exclusion from the Class filed on my (our) behalf with respect to my (our) transactions in the mortgage pass-through certificates at issue herein;

3.    that I (we) own(ed) the mortgage pass-through certificates identified in the Proof of Claim, or that, in signing and submitting this Proof of Claim, I (we) have the authority to act on behalf of the owner(s) thereof;

4.    that Claimant(s) may be eligible to receive a distribution from the Net Settlement Fund;

5.    that I (we) agree to furnish such additional information with respect to this Proof of Claim as the parties, the Claims Administrator or the Court may require;

6. that I (we) waive trial by jury, to the extent it exists, and agree to the Court's summary disposition of the determination of the validity or amount of the claim made by this Proof of Claim;

7.    that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof;

8.    that I (we) have included information requested above about all of my (our) transactions in Certificates; and

9.    that I (we) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1 )(c) of the Internal Revenue Code.

NOTE: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike the language that you are not subject to backup withholding in the certification above. The Internal Revenue Service does not require your consent to any provision other than the certification required to avoid backup withholding.

I (We) declare, under penalty of perjury under the laws of the United States of America, that the statements made and answers given in this Proof of Claim are true and correct and that the documents submitted herewith are true and genuine.

_____
(Signature of Claimant)

_____         _____
(Print Name of Claimant)                                              (Date)

_____
(Signature of Joint Claimant, if any)

_____         _____
(Print Name of Joint Claimant)                                      (Date)

*If Claimant is other than an individual, or is not the person* completing this form, the following *also* must *be provided:*

_____
(Signature of Person Completing Form)

_____         _____
 (Print Name of Person Completing Form)                         (Date)

_____
(Capacity of Person Signing (Executor, President, Trustee, etc.)

REMINDER CHECKLIST

1.      Please sign the Certification Section of the Proof of Claim and Release form.

2.      If this Claim is being made on behalf of Joint Claimants, then both must sign.

3.      Please remember to attach supporting documents.

4.      DO NOT SEND ORIGINALS OF ANY SUPPORTING DOCUMENTS.

5.      Keep a copy of your Proof of Claim and Release form and all documentation submitted for your records.

6.      The Claims Administrator will acknowledge receipt of your Proof of Claim and Release by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgment postcard. If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at (877) 853-2535

7.      If you move, please send your new address to:

Claims  Administrator

(877) 853-2535

**Do not use highlighter on the Proof of Claim and Release form or supporting documentation. THIS PROOF OF CLAIM MUST BE POSTMARKED NO LATER THAN _____, 2014, AND MUST BE MAILED TO:**

Claims Administrator

(877) 853-2535
ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF
TIME.  THANK YOU FOR YOUR PATIENCE.

# EXHIBIT A-3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VASILI TSERETELI and VASZURELE LTD., on behalf of themselves and all others similarly situated,<br><br>Lead Plaintiff,<br><br>v.<br><br>RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A8, CREDIT SUISSE SECURITIES (USA) LLC,<br><br>Defendants. | No. 08-Civ.-10637 (LAK) |

<u>SUMMARY NOTICE</u>

**STIPULATION EXHIBIT A-3**

**TO: ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED THE SENIOR MORTGAGE PASS-THROUGH CERTIFICATES SPONSORED BY INDYMAC BANK, F.S.B., ISSUED BY RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A8, AND OFFERED BY A FORM S-3 SHELF REGISTRATION STATEMENT (FILE NO. 333-132042) DATED FEBRUARY 24, 2006 (AMENDED MARCH 29 AND APRIL 13, 2006), A PROSPECTUS DATED JUNE 14, 2006, AND A PROSPECTUS SUPPLEMENT DATED JUNE 28, 2006, THROUGH AND INCLUDING [DAY PRIOR TO THE FILING OF A MOTION FOR THE NOTICE ORDER].**

YOU ARE HEREBY NOTIFIED that a proposed settlement has been reached in this action. A hearing will be held with respect to the settlement on _____, 201__, at __ _.M. before the Honorable Lewis A. Kaplan in the United States District Court for the Southern District of New York, 500 Pearl Street, Courtroom 21B, 21st Floor, New York, New York.

The purpose of the hearing is to determine whether the proposed settlement of the securities class action claims asserted in this litigation, pursuant to which Defendant will cause to be deposited the sums of (a) ten million nine hundred-thousand dollars ($10,900,000) into a settlement fund, and (b) an additional one hundred-thousand dollars ($100,000) to pay for Notice and Administration Costs (with any remainder being transferred to the Settlement Fund), in exchange for the dismissal of the litigation and a release of claims against it should be approved by the Court as fair, reasonable, adequate and in the best interests of the Class, which includes all persons and entities who

1

purchased or otherwise acquired the Senior Mortgage Pass-Through Certificates ("Certificates") sponsored by IndyMac Bank, F.S.B. and issued by Residential Asset Securitization Trust 2006-A8 , through and including [day prior to the filing of the Motion For a Notice Order].

If you purchased or otherwise acquired any of the Certificates, you may be entitled to share in the distribution of the settlement fund if you submit a claim form no later than _____, 2014 [120 days after the date of entry of the Notice Order], establishing that you are entitled to a recovery.

If you are a Class Member, you have the right to object to the settlement, the plan of allocation and/or the request by Lead Counsel for an award of attorneys' fees and expenses, or otherwise request to be heard, by submitting no later than _____, 201__ [14 days prior to the Final Approval Hearing], a written objection in accordance with the procedures described in a more detailed notice that has been mailed to persons or entities known to be potential Class Members, and that is available at www.RAST2006A8Settlement.com.  You also have the right to exclude yourself from the Class, by submitting no later than _____, 201__ [21 days prior to the Final Approval Hearing], a written request for exclusion from the Class in accordance with the procedures described in the more detailed notice.  If the settlement is approved by the Court, you will be bound by the settlement and the Court's final order and judgment, including the releases provided for in the final order and judgment, unless you submit a request to be excluded.

This notice provides only a summary of matters regarding the litigation and the settlement.  A detailed notice describing the litigation, the proposed settlement, and the rights of members of the Class to appear in Court at the hearing, to request to be excluded from the Class and/or to object to the settlement, the plan of allocation and/or the request by Lead Counsel for an award of attorneys' fees and expenses has been mailed to persons or entities known to be potential Class Members.  You may obtain a copy of this notice, a proof of claim form, or other information by writing to the following address or calling the following telephone number.

**RAST 2006-A8 MBS Settlement**
**P.O. Box _____**
**[City, STATE #####]**
**(###) ###-####**
**info@RAST2006A8Settlement.com**

or by downloading the same from www.RAST2006A8Settlement.com

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE
REGARDING THIS NOTICE.

Dated: _____, 2013 [no later than 10 days from the date of entry of the Notice Order]

By Order of the Clerk of the Court
United States District Court for the
Southern District of New York

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VASILI TSERETELI and VASZURELE LTD., on behalf of themselves and all others similarly situated,<br><br>Lead Plaintiff,<br><br>v.<br><br>RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A8, CREDIT SUISSE SECURITIES (USA) LLC,<br><br>Defendants. | No. 08-Civ.-10637 (LAK) |

## [PROPOSED] FINAL JUDGMENT AND
## ORDER OF DISMISSAL WITH PREJUDICE

### STIPULATION EXHIBIT B

This matter came before the Court for hearing pursuant to the Order of this Court, dated _____, 2013, on the application of the Lead Plaintiff for approval of the Settlement set forth in the Stipulation of Settlement dated as of September 17, 2013 (the "Stipulation").  Full and adequate notice having been given to the Class as required in the Court's Notice Order, and the Court having considered all papers filed and proceedings held herein and good cause appearing therefore,

NOW, THEREFORE, 1T IS HEREBY ORDERED THAT:

1.     This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2.     This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby certifies the Action as a class action for settlement purposes.  The Class consists of all

1

persons or entities who purchased or otherwise acquired the Certificates[1] through and including September __, 2013 [day prior to the filing of the Motion For a Notice Order].  Excluded from the Class are the Released Party, IndyMac, the officers or directors of the Released Party or IndyMac, at any relevant time hereto, and any members of their immediate families and their legal representatives, heirs, successors or assigns.  Also excluded from the Class are any persons or entities who exclude themselves by filing a valid request for exclusion in accordance with the requirements set forth in the Notice, a list of which is attached hereto as Exhibit 1.

    4.    With respect to the Class, this Court finds, solely for the purposes of settlement, that:

    a.    the members of the Class are sufficiently numerous that joinder of all Class Members in the Action is impracticable;

    b.    there are questions of law and fact common to the Class;

    c.    the claims by the Class Representative are typical of the claims of the Class;

    d.    the Class Representative and Lead Counsel have fairly and adequately represented and protected the interests of the Class Members;

    e.    the questions of law and fact common to the members of the Class predominate over questions affecting only individual members; and

---

[1]    "Certificates" means the twenty-six (26) classes of Senior Mortgage Pass-Through Certificates sponsored by IndyMac Bank, F.S.B., issued by Residential Asset Securitization Trust 2006-A8, and offered pursuant to a Form S-3 shelf registration statement filed with the SEC on or about on February 24, 2006 (amended March 29 and April 13, 2006), a prospectus dated June 14, 2006, and a prospectus supplement dated June 28, 2006.  The Certificates  bear the following CUSIP numbers: 761119AA4, 761119AB2, 761119AC0, 761119AD8, 761119AE6, 761119AF3, 761119AG1, 761119AH9, 761119AJ5, 761119AK2, 761119AL0, 761119AM8, 761119AN6, 761119AP1, 761119AQ9, 761119AR7, 761119AS5, 761119AT3, 761119AU0, 761119AV8, 761119AW6, 761119AX4, 761119AY2, 761119AZ9, 761119BA3, 761119BB1.

   f. a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Class Members; and (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum.

  5. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable and adequate to Lead Plaintiff, the Class and each of the Class Members.  The Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties and is in the best interest of the Class.  The Court further finds that the record is sufficiently developed and complete to have enabled the Class Representative and Defendant to have adequately evaluated and considered their positions.  Accordingly, the Settlement embodied in the Stipulation is hereby finally approved in all respects.  The Settling Parties are hereby directed to perform its terms.

  6. Except as to any individual claim of those persons who have validly and timely requested exclusion from the Class (identified in Exhibit 1 hereto), the Action and all claims contained therein are dismissed with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

  7. This Judgment is binding on all members of the Class (which does not include those persons listed in Exhibit 1 hereto who have validly and timely requested exclusion from the Class).

8.      Pursuant to this Judgment, upon the Effective Date, Lead Plaintiff and each of the Class Members, on behalf of themselves and any of their personal representatives, spouses, domestic partners, trustees, heirs, executors, administrators, successors or assigns shall be deemed by operation of law to have fully, finally and forever released, relinquished, waived, discharged and dismissed each and every Released Claims, and shall forever be enjoined from pursuing any or all Released Claims, against the Released Party, whether directly or indirectly, whether on their own behalf or otherwise; and regardless of whether or not such Class Member executes and delivers a Proof of Claim Form (except that the foregoing provision shall not apply to any such representative, spouse, domestic partner, trustee, heir, executor, administrator, successor or assign who independently would be a member of the Settlement Class and timely excludes himself, herself or itself).  By entering into this Settlement, Lead Plaintiff represents and warrants that it has not assigned, hypothecated, conveyed, transferred or otherwise granted or given any interest in the Released Claims, or any of them, to any other person or entity.   The Settling Parties acknowledge, and the Class Members shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and the provisions, rights and benefits of California Civil Code § 1542, was bargained for and is a key element of the Settlement of which the release in this paragraph is a part

9.      Pursuant to this Judgment, upon the Effective Date, the Defendant, on behalf of itself, its executors, administrators, predecessors, successors and assigns, shall be deemed by operation of law to have released, waived, discharged and dismissed against Lead Plaintiff, Tsereteli and Lead Counsel, all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common or foreign law, that

arise out of or related in any way to the institution, prosecution, or settlement of the claims against the Defendant, except for claims relating to the enforcement of the Settlement.,

10.     The distribution of the Notice and the publication of the Summary Notice as provided for in the Notice Order constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort.   Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. § 78aa-(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law.   A full opportunity has been offered to the Class Members to object to Lead Counsel's application for an award of attorneys' fees and for reimbursement of Litigation Expenses and to participate in the hearing thereon.   Thus, it is hereby determined that all Class Members who did not timely elect to exclude themselves by written communication are bound by this Judgment.

11.     Any plan of allocation submitted by Lead Counsel or any other order entered regarding any attorneys' fee and/or expense application shall in no way disturb or affect this Final Judgment and Order of Dismissal with Prejudice and shall be considered separate from this Final Judgment and Order of Dismissal with Prejudice.

12.     Neither the Stipulation nor the Settlement shall be:

          a.     offered or received against the Released Party as evidence of, or construed as, or deemed to be evidence of any presumption, concession or

admission by the Released Party with respect to the truth of any fact alleged by Lead Plaintiff, or the validity of any claim that was or could have been asserted against the Released Party in this Action or in any litigation, or of any liability, negligence, fault or other wrongdoing of any kind of the Released Party;

b.      offered or received against the Released Party as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Party, or against the Lead Plaintiff or any Class Member(s) as evidence of any infirmity in the claims of Lead Plaintiff or the other Class Member(s);

c.      offered or received against the Released Party, or against Lead Plaintiff, or any other Class Member(s), as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason or purpose as against the Released Party, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if the Stipulation is approved by the Court, the Released Party may file the Stipulation and/or this Judgment and Order of Dismissal with Prejudice in any action for any purpose, including, but not limited to, in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release and discharge, good faith settlement, judgment bar or reduction or any

other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

d.      construed against the Released Party as an admission, concession or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; nor

e.      construed against Lead Plaintiff, or any other Class Member(s) as an admission, concession or presumption that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the amount of the Settlement Fund.

13.      The Stipulation may be filed in an action to enforce or interpret the terms of the Stipulation, the Settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein.

14.      Lead Counsel are hereby reimbursed $_____ for Litigation Expenses, which expenses and costs the Court finds to have been reasonably incurred.

15.      The Court hereby awards Lead Counsel attorneys' fees of ___% of the Settlement Consideration, which is $_____, plus the interest earned on the Settlement Fund for the same time period and the same rate as that earned on the Settlement Fund until the fee is paid. The Court finds that the amount of fees awarded is appropriate and is fair and reasonable under both the "percentage-of-recovery" method and the lodestar method given the substantial risks of non-recovery, the substantial time and effort involved, and the result obtained for the Class.

16.      Lead Counsel is authorized to pay the Claims Administrator for its work performed thus far, and shall pay the Claims Administrator's future invoices from the Net Settlement Fund as Lead Counsel determines appropriate.

17.   Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice in any way, this Court hereby retains continuing jurisdiction over: (a) the Plan of Allocation; (b) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (c) disposition of the Settlement Fund; (d) hearing and determining applications for attorneys' fees and expenses in the Action; and (e) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

18.   The Court finds, pursuant to 15 U.S.C. § 77(c)(1), that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

19.   In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendant, then this Final Judgment and Order of Dismissal with Prejudice shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

20.   There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

DATED:   _____, 201__

_____
THE HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT COURT JUDGE