**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

VASILI TSERETELI and VASZURELE
LTD., on behalf of themselves and all others
similarly situated,

                         Lead Plaintiff,

        v.

RESIDENTIAL ASSET SECURITIZATION
TRUST 2006-A8, CREDIT SUISSE
SECURITIES (USA) LLC,

                  Defendants.

No. 08-Civ.-10637 (LAK)

---

**LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED
MOTION FOR (I) CERTIFICATION OF THE CLASS FOR PURPOSES OF
SETTLEMENT, (II) APPROVAL OF NOTICE TO THE CLASS AND (III)
SCHEDULING OF FINAL SETTLEMENT APPROVAL HEARING**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................ ii

I.     INTRODUCTION ................................................................................................... 1

II.    STATEMENT OF FACTS ...................................................................................... 3

III.   ARGUMENT ........................................................................................................... 6

     A.     Certification Of The Class For Settlement Purposes Is Appropriate ...................... 6

          1.     The Class Satisfies the Requirements of Rule 23(a) ................................... 7

               a.     Numerosity ........................................................................................ 7

               b.     Commonality ..................................................................................... 8

               c.     Typicality ......................................................................................... 9

               d.     Adequate Representation ................................................................. 10

          2.     The Class Representative's Claims Satisfy the Prerequisites of Rule
               23(b)(3) ..................................................................................................... 11

               a.     Common Legal and Factual Questions Predominate ...................... 11

               b.     A Class Action is Superior to Other Methods of Adjudication .... 12

     B.     Notice To The Class Should Be Approved ........................................................ 13

IV.   PROPOSED SCHEDULE OF EVENTS ............................................................. 15

V.    CONCLUSION ..................................................................................................... 15

# TABLE OF AUTHORITIES

## CASES

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591, 117 S. Ct. 2231 (1997)....................................................................7, 11, 12

*In re Blech Sec. Litig.*,
187 F.R.D. 97 (S.D.N.Y. 1999) ..............................................................................11, 13

*Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, LLC*,
504 F.3d 229 (2d Cir. 2007)......................................................................................7, 8

*Consol. Rail Corp. v. Town of Hyde Park*,
47 F.3d 473 (2d Cir. 1995)...........................................................................................8

*Denney v. Deutsche Bank AG*,
443 F.3d 253 (2d Cir. 2006)..........................................................................................7

*In re Drexel Burnham Lambert Group, Inc.*,
960 F.2d 285 (2d Cir. 1992)........................................................................................10

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
574 F.3d 29 (2d Cir. 2009).......................................................................................9, 10

*In re Globalstar Sec. Litig.*,
No. 01 Civ. 1748 (PKC), 2004 WL 2754674 (S.D.N.Y. Dec. 1, 2004) ............................8

*Korn v. Franchard Corp.*,
456 F.2d 1206 (2d Cir. 1972)........................................................................................8

*Kottler v. Deutsche Bank AG*,
No. 05 Civ. 7773 (PAC), 2010 WL 1221809 (S.D.N.Y. Mar. 29, 2010) ...........................9

*Lapin v. Goldman Sachs & Co.*,
254 F.R.D. 168 (S.D.N.Y. 2008) ............................................................................ 12-13

*In re Lehman Bros. Mortgage-Backed Sec. Litig.*,
650 F.3d 167 (2d Cir. 2011)..........................................................................................4

*In re Marsh & McLennan Cos. Sec. Litig.*,
No. 04 Civ. 8144 (CM), 2009 WL 5178546 (S.D.N.Y. Dec. 23, 2009).............6, 9, 10, 11

*Moore v. Paine Webber, Inc.*,
306 F.3d 1247 (2d Cir. 2002).......................................................................................11

*In re NASDAQ Market-Makers Antitrust Litig.*,
    172 F.R.D. 119 (S.D.N.Y. 1997) .................................................................9

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    191 F.R.D. 369 (S.D.N.Y. 2000) ............................................................8, 10

*In re Polaroid ERISA Litig.*,
    240 F.R.D. 65 (S.D.N.Y. 2006) ...............................................................10

*In re Prudential Sec., Inc., Ltd. P'ship Litig.*,
    163 F.R.D. 200 (S.D.N.Y. 1995) ...............................................................7

*Robidoux v. Celani*,
    987 F.2d 931 (2d Cir. 1993).......................................................................7

*Tsereteli v. Residential Asset Securitization Trust 2006-A8*,
    692 F. Supp. 2d 387 (S.D.N.Y. 2010)........................................................4

*Tsereteli v. Residential Asset Securitization Trust 2006-A8*,
    283 F.R.D. 199 (S.D.N.Y. 2012) ..................................................... *passim*

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
    396 F.3d 96, 114 (2d Cir. 2005).............................................................14

*In re Warner Chilcott Ltd. Sec. Litig.*,
    No. 06 Civ. 11515 (WHP), 2008 WL 5110904 (S.D.N.Y. Nov. 20, 2008)......................14

*Weinberger v. Kendrick*,
    698 F.2d 61 (2d Cir. 1982).........................................................................6

## OTHER AUTHORITIES

*Manual for Complex Litigation (Fourth)* § 21.612 (2004) ............................6

## STATUTES AND RULES

Fed. R. Civ. P. 23(a) .................................................................................7

Fed. R. Civ. P. 23(a)(1).............................................................................7

Fed. R. Civ. P. 23(a)(2).............................................................................8

Fed. R. Civ. P. 23(a)(3).............................................................................9

Fed. R. Civ. P. 23(a)(4)...........................................................................10

Fed. R. Civ. P. 23(b) ...................................................................................................................7

Fed. R. Civ. P. 23(b)(3)................................................................................................11, 12, 13

Fed. R. Civ. P. 23(f) ...............................................................................................................2, 5

Private Securities Litigation Reform Act of 1995 ...................................................................3, 14

Securities Act of 1933...........................................................................................................1, 3, 8

Lead Plaintiff and Class Representative Vaszurele Ltd. ("Vaszurele" or "Lead Plaintiff") in the above-captioned action (the "Action")[1] respectfully submits this memorandum of law in support of its unopposed motion for: (i) certification of the proposed Class[2] for purposes of the Settlement with Defendant Credit Suisse Securities (USA) LLC ("Defendant" or "Credit Suisse"); (ii) approval of the form and manner of the settlement notice to Class members, through entry of the Notice Order; and (iii) the scheduling of a hearing (the "Final Approval Hearing") on final approval of the Settlement, proposed Plan of Allocation and Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses. The requested relief is embodied in the Notice Order, which is attached to the accompanying Notice of Motion as Exhibit 1, and, with its exhibits, to the Stipulation as Exhibit A.

## I.   INTRODUCTION

The proposed Settlement of this certified class action provides for a total benefit of $11,000,000 to the Class, broken into a $10,900,000 Settlement Fund and a $100,000 Notice and Administration Fund. The Settlement and Notice and Administration Funds are for the immediate benefit of the Class to resolve the claims against Defendant.

This case was originally filed in November 2008 and alleges claims pursuant to Sections 11 and 12(a)(2) of the Securities Act of 1933 (the "Securities Act") concerning untrue statements

---

[1]     Unless otherwise stated or defined, all capitalized terms used herein shall have the meanings provided in the September 17, 2013 Stipulation of Settlement (the "Stipulation") (ECF No. 112), which is submitted contemporaneously.

[2]     As discussed below, the Parties have stipulated to certification of a class for settlement purposes only, defined as follows:  all persons or entities who purchased or otherwise acquired the Certificates (defined below) through and including September 24, 2013. Excluded from the Class are the Released Party, IndyMac, the officers or directors of the Released Party or IndyMac, at any relevant time hereto, and any members of their immediate families and their legal representatives, heirs, successors or assigns. Also excluded from the Class are any persons or entities who exclude themselves by filing a valid request for exclusion in accordance with the requirements set forth in the Notice.   The Certificates included in the Class definition are the twenty-six (26) classes of Senior Mortgage Pass-Through Certificates sponsored by IndyMac Bank, F.S.B., issued by the Trust, and offered pursuant to the Offering Documents. The Certificates bear the following CUSIP numbers: 761119AA4, 761119AB2, 761119AC0, 761119AD8, 761119AE6, 761119AF3, 761119AG1, 761119AH9, 761119AJ5, 761119AK2, 761119AL0, 761119AM8, 761119AN6, 761119AP1, 761119AQ9, 761119AR7, 761119AS5, 761119AT3, 761119AU0, 761119AV8, 761119AW6, 761119AX4, 761119AY2, 761119AZ9, 761119BA3, 761119BB1.

and omissions of material fact in connection with the sale of certain residential mortgage-backed securities ("RMBS" or "MBS") by underwriter Credit Suisse in the Residential Asset Securitization Trust 2006-A8 offering (the "Offering") in June 2006. The sustained allegations relate to the abandonment of underwriting standards at IndyMac Bank, which originated the loans that were securitized and served as the collateral for the MBS sold in the Offering. IndyMac collapsed and was seized by federal regulators in July 2008 and was not named as a defendant in this action.

The Settlement was reached only after extensive investigation and litigation, including in-person mediation and additional negotiations, facilitated by David Geronemus of JAMS, an experienced and highly respected mediator. Indeed, by the time the Settlement was reached, Lead Counsel had: (1) filed a comprehensive complaint after conducting an extensive factual investigation; (2) fully briefed and largely defeated a motion to dismiss filed by Credit Suisse; (3) fully briefed and successfully obtained an order certifying a class, on a record that included document discovery, competing expert reports and depositions; (4) briefed Credit Suisse's Fed. R. Civ. P. 23(f) petition for an interlocutory appeal of this Court's ruling on class certification, and after that petition was accepted, briefed the merits of that appeal to the Second Circuit Court of Appeals; (5) sought for and obtained significant document productions from Defendant and numerous third parties; and (6) retained, provided information to, and reviewed preliminary reports of experts, particularly as to issues of liability.

Lead Plaintiff and Lead Counsel – based upon their evaluation of the facts and applicable law and their recognition of the risk and expense of continued litigation – submit that the proposed Settlement is in the best interests of the Class, providing a meaningful recovery for the

Class now.  Accordingly, Lead Plaintiff respectfully moves for certification of the settlement Class and approval of the form and manner of distribution of the Notice.

## II.   STATEMENT OF FACTS

This is a securities class action alleging false and misleading statements and omissions in violation of §§ 11 and 12(a)(2) of the Securities Act.

On November 19, 2008, a class action complaint was filed against Credit Suisse, Residential Asset Securitization Trust 2006-A8 (the "Trust"), Moody's Investors Service, Inc. ("Moody's"), and the McGraw-Hill Companies, Inc. ("McGraw-Hill"), in the Supreme Court for the State of New York, New York County, Index No. 2008-603380 (the "State Court Action"), asserting claims under §§ 11 and 12 of the Securities Act.  On December 12, 2008, then-defendant McGraw Hill removed the State Court Action to the United States District Court for the Southern District of New York, Case No. 08-CV-10637-LAK (the "Action").  On December 26, 2008, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), a notice of this action was published, alerting investors that the last day to seek lead plaintiff appointment was 60 days from that date.

On February 24, 2009, Vaszurele's predecessor[3] moved for appointment as lead plaintiff and for the appointment of Wolf Popper LLP ("Wolf Popper" or "Lead Counsel") as lead counsel.  By Order dated March 16, 2009, the Court granted the lead plaintiff motion.  ECF No. 16.

On April 20, 2009, Lead Plaintiff filed the Amended Class Action Complaint for Violations of the Securities Act of 1933 ("Complaint") against Credit Suisse, the Trust, Moody's

---

[3]     By Order dated April 16, 2009, the original Plaintiff, Vasili Tsereteli, moved to substitute Vaszurele as the lead plaintiff.  The motion was granted on May 5, 2009.  ECF No. 26.

and McGraw-Hill (Moody's and McGraw-Hill may be collectively referred to herein as the "Ratings Agencies") on behalf of a class of all investors in the Certificates.  ECF No. 25.

On May 22, 2009 Credit Suisse, the Trust[4] and the Ratings Agencies filed motions to dismiss the Complaint.  Following extensive briefing, on February 5, 2010, the Court granted the Rating Agencies' motions to dismiss with prejudice.  ECF No. 52.  On March 15, 2010, Lead Plaintiff timely filed a notice of appeal from the Court's February 5, 2010 Order with the United States Court of Appeals for the Second Circuit.  After briefing and oral argument, on June 1, 2011, the Second Circuit affirmed the District Court's determination with respect to the claims against the Ratings Agencies.  *In re Lehman Bros. Mortgage-Backed Sec. Litig.*, 650 F.3d 167 (2d Cir. 2011) (*Tsereteli* was decided in tandem with related appeals in *Lehman* and *IndyMac MBS*).

On March 11, 2010, the Court denied in part and granted in part Credit Suisse's motion to dismiss, sustaining Lead Plaintiff's claims based on allegations regarding the abandonment of underwriting guidelines at IndyMac, which had originated the loans that served as the collateral for the Certificates.  *Tsereteli v. Residential Asset Securitization Trust 2006-A8*, 692 F. Supp. 2d 387 (S.D.N.Y. 2010); ECF No. 58.

On April 26, 2010, Credit Suisse filed its Answer to the Complaint, denying all liability and asserting 16 affirmative defenses.  ECF No. 67.

On October 15, 2010, the Court entered a Scheduling Order (ECF No. 73), which provided for a pre-trial schedule, including deadlines for class certification, discovery, summary judgment and the filing of a pre-trial order.  Thereafter the parties engaged in discovery,

---

[4]     On February 9, 2010, Lead Plaintiff filed a Notice of Voluntary Dismissal as to its claims against the Trust. ECF No. 53.

primarily through the production of documents by Lead Plaintiff, Defendant and numerous third parties.

On December 10, 2010, Lead Plaintiff filed its Motion for Class Certification.  In connection with the Motion for Class Certification, the Parties submitted expert reports and conducted discovery, including document productions and depositions of Lead Plaintiff and the Parties' experts.  On June 29, 2012 the Court granted Lead Plaintiff's Motion for Class Certification.  *Tsereteli v. Residential Asset Securitization Trust 2006-A8*, 283 F.R.D. 199 (S.D.N.Y. 2012); ECF No. 100.  On July 13, 2012, Credit Suisse filed a petition, pursuant to Fed. R. Civ. P. 23(f), with the United States Court of Appeals for the Second Circuit, seeking an interlocutory appeal of the Court's Order certifying the class in this Action.  On November 26, 2012, the United States Court of Appeals for the Second Circuit granted Credit Suisse's petition for leave to appeal the Court's order granting class certification.  That Appeal, Second Circuit Case Number 12-4411, has been fully briefed, and oral argument on the appeal is scheduled for October 18, 2013.  Due to the pendency of the Rule 23(f) appeal, notice of class certification has not been disseminated.

The Parties began to discuss a possible resolution of the Action in 2012.  Beginning in late 2012, the parties engaged an experienced, mutually-agreed upon mediator, David Geronemus of JAMS, to assist them in attempting to settle the Action.  The parties submitted mediation briefing in December 2012 and had a day-long mediation session in New York in January 2013.  Negotiations over the possible settlement extended on an ongoing basis over the next eight months.  On March 26, 2013, the Court entered an order staying the Action and ordered the parties to engage in settlement discussions.

In August 2013, after extensive mediation and negotiations, Lead Plaintiff and Defendant reached an agreement in principle to settle the Action.  The settlement was documented in the accompanying Stipulation.

## III.   ARGUMENT

### A.   <u>Certification Of The Class For Settlement Purposes Is Appropriate</u>

Certification of the Class for purposes of the Settlement under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure is particularly appropriate, where, as here, the Court has previously certified an effectively identical class on a fully-litigated basis.  *See Manual for Complex Litigation (Fourth)* § 21.612 (2004) ("Courts have held that approval of settlement class actions under Rule 23(e) requires closer judicial scrutiny than approval of settlements reached only after class certification has been litigated through the adversary process").  The proposed Class consists of:

> All persons or entities who purchased or otherwise acquired the Certificates through and including the day before Lead Plaintiff's Motion For a Notice Order. Excluded from the Class are the Released Party, IndyMac, the officers or directors of the Released Party or IndyMac, at any relevant time hereto, and any members of their immediate families and their legal representatives, heirs, successors or assigns.  Also excluded from the Class are any persons or entities who exclude themselves by filing a valid request for exclusion in accordance with the requirements set forth in the Notice.

*See* Stipulation ¶ 1(h).  For many years, the Second Circuit has acknowledged the propriety of a settlement class.  *See Weinberger v. Kendrick*, 698 F.2d 61, 73 (2d Cir. 1982); *In re Marsh & McLennan Cos. Sec. Litig.*, No. 04 Civ. 8144 (CM), 2009 WL 5178546, at *8 (S.D.N.Y. Dec. 23, 2009).  Given this Court's previous class certification ruling there is little reason to question certifying a class for Settlement.  Indeed, certification of a settlement class "has been recognized throughout the country as the best, most practical way to effectuate settlements involving large

numbers of claims by relatively small claimants." *In re Prudential Sec., Inc., Ltd. P'ship Litig.*, 163 F.R.D. 200, 205 (S.D.N.Y. 1995).

As the class previously certified by the Court did, this settlement Class satisfies the requirements of Rule 23(a) and (b).  *See Denney v. Deutsche Bank AG*, 443 F.3d 253, 270 (2d Cir. 2006).  Here, the proposed Class meets all the requirements of Rule 23(a) and Rule 23(b)(3), there is no likelihood of abuse of the class action device, and the settlement is subject to the Court's approval at the Final Approval Hearing.[5]

### 1.    The Class Satisfies the Requirements of Rule 23(a)

Certification is appropriate under Rule 23(a) if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).

#### a.    Numerosity

Class certification under Rule 23(a)(1) is appropriate where a class contains so many members that joinder of all would be "impracticable."  Fed. R. Civ. P. 23(a).  "Impracticable does not mean impossible," *Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993), but "only that the difficulty or inconvenience of joining all members of the class make use of the class action appropriate."  *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, LLC*, 504 F.3d 229, 244-45 (2d Cir. 2007).  Numerosity is presumed when a class consists

---

[5]     Due to the fact that the claims will be resolved in a settlement, the manageability concerns of Rule 23(b)(3) are not at issue.  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 593, 117 S. Ct. 2231, 2235 (1997) ("Whether trial would present intractable management problems is not a consideration when settlement-only certification is requested.") (internal citation omitted).

of forty members or more.  *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995).

This Court previously found that the "numerosity requirement is satisfied" based on Lead Plaintiff's evidence that there were at least 97 class members.  *Tsereteli v. Residential Asset Securitization Trust 2006-A8*, 283 F.R.D. 199, 206 (S.D.N.Y. 2012) (the "*Tsereteli* Class Certification Memorandum Opinion").

### b.    Commonality

Rule 23(a)(2) requires the existence of at least one question of law or fact common to the class.  *See Cent. States*, 504 F.3d at 245.  Federal securities cases easily meet the commonality requirement, because commonality is "plainly satisfied [where] the alleged misrepresentations in the prospectus relate to all the investors, [because the] existence and materiality of such misrepresentations obviously present important common issues."  *Korn v. Franchard Corp.*, 456 F.2d 1206, 1210 (2d Cir. 1972); *see In re Globalstar Sec. Litig.*, No. 01 Civ. 1748 (PKC), 2004 WL 2754674, at *4 (S.D.N.Y. Dec. 1, 2004) ("Common questions of law and fact in this action include whether certain statements were false and misleading, whether those statements violated the federal securities laws, whether those statements were knowingly and recklessly issued, and ensuing causation issues."); *In re Oxford Health Plans, Inc. Sec. Litig.*, 191 F.R.D. 369, 374 (S.D.N.Y. 2000) ("Where the facts as alleged show that Defendants' course of conduct concealed material information from an entire putative class, the commonality requirement is met.").

Lead Plaintiff has asserted claims under Sections 11 and 12(a)(2) of the Securities Act against the Defendant.  These claims present many questions of law and fact that are common to all Class members, including whether "(1) the Offering Documents contain untrue statements or

omit statements of fact; (2) that the untrue statements or omissions are 'material'; and (3) that Class members have sustained damages." *Tsereteli* Class Certification Memorandum Opinion, 283 F.R.D. at 207 (footnote omitted).

In its decision previously certifying the class in this Action, the Court found that "the central issues in this case are common to the claims of all. The commonality requirement has been satisfied." *Id.* Nothing necessitates a different finding now.

### c.        *Typicality*

Rule 23(a)(3) requires that the claims of the class representatives be "typical" of the claims of the class. Fed. R. Civ. P. 23(a)(3). Typicality is satisfied where "each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009); *see also*, *In re NASDAQ Market-Makers Antitrust Litig.*, 172 F.R.D. 119, 126 (S.D.N.Y. 1997) (Plaintiffs "'have the incentive to prove all the elements of the causes of action which would be presented by the individual members of the class were they initiating individualized actions'")(citation omitted). "Typical" does not mean "identical." *See Marsh & McLennan*, 2009 WL 5178546, at *10. The focus of the typicality inquiry is not the plaintiff's behavior, but rather the defendants' actions. *Kottler v. Deutsche Bank AG,* No. 05 Civ. 7773 (PAC), 2010 WL 1221809, at *2 (S.D.N.Y. Mar. 29, 2010).

Here, the same alleged course of conduct by the Defendant caused the injuries to Lead Plaintiff and the members of the Class, and liability for this conduct is predicated on the same legal theories. Vaszurele alleges that, like the rest of the Class, it paid artificially-inflated prices for RMBS as a result of Defendant's allegedly materially false statements in the Offering Documents. Lead Plaintiff's claims, and the claims of absent Class members, rest on the same

theories and require the same proof.  Therefore, the Rule 23(a)(3) typicality requirement is satisfied.  This is entirely consistent with the Court's prior ruling where it found that the "typicality requirement … has been met."  *Tsereteli* Class Certification Memorandum Opinion, 283 F.R.D. at 208.

### d.      Adequate Representation

Rule 23(a)(4) is satisfied if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Court must measure the adequacy of representation by two standards: whether "'(1) plaintiff's interests are antagonistic to the interest of other members of the class and (2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation.'"  *In re Flag*, 574 F.3d at 35 (citation omitted); *see also In re Drexel Burnham Lambert Group, Inc*., 960 F.2d 285, 291 (2d Cir. 1992); *Marsh & McLennan*, 2009 WL 5178546, at *10; *Oxford Health Plans*, 191 F.R.D. at 376.

Lead Plaintiff and the Class share the common objective of maximizing their recovery, no conflict exists between Lead Plaintiff and the members of the Class and Lead Counsel are well qualified to represent the Class.  *Tsereteli* Class Certification Memorandum Opinion, 283 F.R.D. at 210 ("The Court is convinced that Vaszurele and its counsel will fairly and adequately pursue and protect the interests of the entire class."); Wolf Popper Firm Resume, ECF No. 77-7 (Exhibit G to the Harrod Declaration in Support of Class Certification); s*ee Drexel*, 960 F.2d at 291; *In re Polaroid ERISA Litig*., 240 F.R.D. 65, 77 (S.D.N.Y. 2006) ("Where plaintiffs and class members share the common goal of maximizing recovery, there is no conflict of interest between the class representatives and other class members").  Rule 23(a)(4) is satisfied.

## 2.     The Class Representative's Claims Satisfy the Prerequisites of Rule 23(b)(3)

Rule 23(b)(3) authorizes class certification if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  Rule 23(b)(3) is "designed to secure judgments binding all class members save those who affirmatively elect[] to be excluded," where a class action will "achieve economies of time, effort, and expense, and promote … uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results."  *Amchem*, 521 U.S. at 614-15, 117 S. Ct. at 2245-46 (internal quotations and citations omitted).  Certification of the Class for settlement serves these purposes.

### a.     *Common Legal and Factual Questions Predominate*

"Class-wide issues predominate if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof."  *Marsh & McLennan*, 2009 WL 5178546, at *11 (quoting *Moore v. Paine Webber, Inc.*, 306 F.3d 1247, 1252 (2d Cir. 2002)).  Common issues will predominate where each class member is alleged to have suffered the same kind of harm pursuant to the same legal theory arising out of the same alleged course of conduct, and the only individualized questions concern the amount of damages.  *See Marsh & McLennan*, 2009 WL 5178546, at *11; *In re Blech Sec. Litig.*, 187 F.R.D. 97, 107 (S.D.N.Y. 1999) ("In determining whether common questions of fact predominate, a court's inquiry is directed primarily toward whether the issue of liability is common to members of the class.").  As the Supreme Court has noted, predominance

is a test "readily met" in cases alleging securities fraud.  *Amchem*, 521 U.S. at 625, 117 S. Ct. at 2250.

Here, the same alleged course of conduct by the Credit Suisse forms the basis of all Class members' claims.  There are numerous common issues relating to the Defendant's liability that predominate over any individualized issues.  The predominance requirement of Rule 23(b)(3) is, therefore, satisfied, as found previously by this Court.  *See Tsereteli* Class Certification Memorandum Opinion, 283 F.R.D. at 217.

> **b.**      ***A Class Action is Superior to Other Methods of Adjudication***

Rule 23(b)(3) sets forth the following non-exhaustive factors to be considered in making a determination of whether class certification is the superior method of litigation: "(A) the class members' interests in individually controlling the prosecution ... of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by ... class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action."  *See* Fed. R. Civ. P. 23(b)(3).

Considering these factors, this class action is clearly "superior to other available methods for fairly and efficiently adjudicating" the federal securities law claims of the large number of purchasers of the mortgage-backed securities at issue.  Indeed, courts have concluded that the class action device in securities cases is usually the superior method of redressing injuries to a large number of individual plaintiffs:

> In general, securities suits .... easily satisfy the superiority requirement of Rule 23. Most violations of the federal securities laws . . . inflict economic injury on large numbers of geographically dispersed persons such that the cost of pursuing individual litigation to seek recovery is often not feasible ... Moreover, although a large number of individuals may have been injured, no one person may have been

damaged to a degree which would induce him to institute litigation solely on his own behalf.

*Lapin v. Goldman Sachs & Co.*, 254 F.R.D. 168, 187 (S.D.N.Y. 2008) (citation omitted); *see also In re Blech Sec. Litig.*, 187 F.R.D. at 107-08.

There has been no indication that Class members wish to individually control the prosecution of separate actions against Defendant.  Indeed, no individual actions have been filed and the scope and complexity of Lead Plaintiff's claims against Credit Suisse, together with the high cost of individualized litigation, make it unlikely that, absent class certification, the vast majority of the Class members would be able to obtain relief.  Finally, any potential difficulties of managing the class action in further litigation and at trial need not be considered here because the parties seek to certify the Class solely for the purposes of settlement.  The requirements of Rule 23(b)(3) are satisfied.  *See Tsereteli* Class Certification Memorandum Opinion, 283 F.R.D. at 218 ("The Court concludes that the superiority requirement is satisfied here.").

    B.    **Notice To The Class Should Be Approved**

As outlined in the proposed Notice Order (Stipulation, Exhibit A, and attached as Exhibit 1 to the accompanying Notice of Motion), Lead Plaintiff will notify Class members of the Settlement by mailing the Notice and Proof of Claim to all Class members, and identifiable nominees holding certificates on behalf of Class members, who can be identified with reasonable effort.  The Notice will advise Class members of (i) the pendency of the class action; (ii) the essential terms of this Settlement; and (iii) information regarding Lead Counsel's motion for attorneys' fees and reimbursement of litigation expenses.  The Notice also will provide specifics on the date, time and place of the Final Approval Hearing and set forth the procedures for objecting to the Settlement, the proposed Plan of Allocation or the motion for attorneys' fees and reimbursement of litigation expenses.

In addition to mailing the Notice and Proof of Claim form, Lead Plaintiff will provide for the publication of a Summary Notice in *The Investor's Business Daily* within ten (10) days of the date of entry of the Notice Order.

The form and manner of providing notice to the Class satisfy the requirements of due process, Rule 23, and the PSLRA, 15 U.S.C. § 77z-1(a)(7).  The Notice and Summary Notice "'fairly apprise the prospective members of the class of the terms of the proposed settlement[s] and of the options that are open to them in connection with the proceedings.'"  *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc*., 396 F.3d 96, 114 (2d Cir. 2005)  (citation omitted).  The manner of providing notice, which includes individual notice by mail to all Class members who can be reasonably identified, represents the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23.  *See In re Warner Chilcott Ltd. Sec. Litig.*, No. 06 Civ. 11515 (WHP), 2008 WL 5110904, at *3 (S.D.N.Y. Nov. 20, 2008).

## IV.    PROPOSED SCHEDULE OF EVENTS

Lead Plaintiff proposes the following schedule for the Settlement-related events in this case.  The proposed dates in the right column are examples that respectfully assume that the instant, unopposed Motion is granted on September 27, 2013.

| Event | Proposed Due Date | Date/Deadline |
|---|---|---|
| Deadline for mailing the Notice and Proof of Claim to Class members and Publishing the Summary Notice ("Notice Date") (Notice Order ¶ 5) | 10 days after entry of Notice Order | October 7, 2013 |
| Deadline for filing of papers in support of final approval of Settlement, Plan of Allocation, and Lead Counsel's application for attorneys' fees and expenses (Notice Order ¶ 11) | 35 days prior to Final Approval Hearing | December 21, 2013 |
| Deadline for submitting exclusion requests (Notice Order ¶ 19) | 21 days prior to Final Approval Hearing | December 26, 2013 |
| Deadline for serving and filing objections (Notice Order ¶ 12) | 14 days prior to Final Approval Hearing | January 2, 2014 |
| Deadline for filing reply papers (Notice Order ¶ 11) | 7 days prior to the Final Approval Hearing | January 9, 2014 |
| Final Approval Hearing (Notice Order ¶ 10) | No less than 101 days from the date of the Notice Order | January 16, 2014 |
| Deadline for submitting claims forms (Notice Order ¶ 17) | 120 days after entry of the Notice Order | January 25, 2014 |

## V.    CONCLUSION

Lead Plaintiff respectfully requests that the Court (i) certify the proposed settlement Class for the purposes of the Settlement; (ii) approve the proposed form and manner of notice to Class members; and (iii) schedule a hearing on Lead Plaintiff's motion for final approval of the Settlement and Lead Counsel's motion for an award of attorneys' fees and reimbursement of

litigation expenses.  The proposed Notice Order is attached to the accompanying Notice of

Motion and as Exhibit A to the Stipulation (ECF No. 112).

Dated: New York, New York
         September 25, 2013

**WOLF POPPER LLP**

    /s/  James A. Harrod
Lester L. Levy
James A. Harrod
Robert S. Plosky
845 Third Avenue, NY 10022
Tel:  (212) 759-4600
Fax:  (212) 486-2093
llevy@wolfpopper.com
jharrod@wolfpopper.com
rplosky@wolfpopper.com

***Lead Counsel for Lead Plaintiff
Vaszurele Ltd.***
