**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VASILI TSERETELI and VASZURELE LTD., on behalf of themselves and all others similarly situated, | No. 08-Civ.-10637 (LAK) |
| Lead Plaintiff, | |
| v. | |
| RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A8, CREDIT SUISSE SECURITIES (USA) LLC, | |
| Defendants. | |

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/27/14

[PROPOSED] FINAL JUDGMENT AND
ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order of this Court, dated October 3, 2013, on the application of the Lead Plaintiff for approval of the Settlement set forth in the Stipulation of Settlement dated as of September 17, 2013 (the "Stipulation"). Full and adequate notice having been given to the Class as required in the Court's Notice Order, and the Court having considered all papers filed and proceedings held herein and good cause appearing therefore,

NOW, THEREFORE, 1T IS HEREBY ORDERED THAT:

1.     This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2.     This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby certifies the Action as a class action for settlement purposes.  The Class consists of all persons or entities who purchased or otherwise acquired the Certificates[1] through and including September 24, 2013.  Excluded from the Class are the Released Party, IndyMac, the officers or directors of the Released Party or IndyMac, at any relevant time hereto, and any members of their immediate families and their legal representatives, heirs, successors or assigns.  Also excluded from the Class are any persons or entities who exclude themselves by filing a valid request for exclusion in accordance with the requirements set forth in the Notice, a list of which is attached hereto as Exhibit 1.

4.      With respect to the Class, this Court finds, solely for the purposes of settlement, that:

a.      the members of the Class are sufficiently numerous that joinder of all Class Members in the Action is impracticable;

b.      there are questions of law and fact common to the Class;

c.      the claims by the Class Representative are typical of the claims of the Class;

d.      the Class Representative and Lead Counsel have fairly and adequately represented and protected the interests of the Class Members;

---

[1]      "Certificates" means the twenty-six (26) classes of Senior Mortgage Pass-Through Certificates sponsored by IndyMac Bank, F.S.B., issued by Residential Asset Securitization Trust 2006-A8, and offered pursuant to a Form S-3 shelf registration statement filed with the SEC on or about on February 24, 2006 (amended March 29 and April 13, 2006), a prospectus dated June 14, 2006, and a prospectus supplement dated June 28, 2006.  The Certificates  bear the following CUSIP numbers: 761119AA4, 761119AB2, 761119AC0, 761119AD8, 761119AE6, 761119AF3, 761119AG1, 761119AH9, 761119AJ5, 761119AK2, 761119AL0, 761119AM8, 761119AN6, 761119AP1, 761119AQ9, 761119AR7, 761119AS5, 761119AT3, 761119AU0, 761119AV8, 761119AW6, 761119AX4, 761119AY2, 761119AZ9, 761119BA3, 761119BB1.

e.   the questions of law and fact common to the members of the Class predominate over questions affecting only individual members; and

f.   a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Class Members; and (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum.

5.   Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable and adequate to Lead Plaintiff, the Class and each of the Class Members.  The Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties and is in the best interest of the Class.  The Court further finds that the record is sufficiently developed and complete to have enabled the Class Representative and Defendant to have adequately evaluated and considered their positions.  Accordingly, the Settlement embodied in the Stipulation is hereby finally approved in all respects.  The Settling Parties are hereby directed to perform its terms.

6.   Except as to any individual claim of those persons who have validly and timely requested exclusion from the Class (identified in Exhibit 1 hereto), the Action and all claims contained therein are dismissed with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

7.    This Judgment is binding on all members of the Class (which does not include those persons listed in Exhibit 1 hereto who have validly and timely requested exclusion from the Class).

8.    Pursuant to this Judgment, upon the Effective Date, Lead Plaintiff and each of the Class Members, on behalf of themselves and any of their personal representatives, spouses, domestic partners, trustees, heirs, executors, administrators, successors or assigns shall be deemed by operation of law to have fully, finally and forever released, relinquished, waived, discharged and dismissed each and every Released Claims, and shall forever be enjoined from pursuing any or all Released Claims, against the Released Party, whether directly or indirectly, whether on their own behalf or otherwise; and regardless of whether or not such Class Member executes and delivers a Proof of Claim Form (except that the foregoing provision shall not apply to any such representative, spouse, domestic partner, trustee, heir, executor, administrator, successor or assign who independently would be a member of the Settlement Class and timely excludes himself, herself or itself).  By entering into this Settlement, Lead Plaintiff represents and warrants that it has not assigned, hypothecated, conveyed, transferred or otherwise granted or given any interest in the Released Claims, or any of them, to any other person or entity.  The Settling Parties acknowledge, and the Class Members shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and the provisions, rights and benefits of California Civil Code § 1542, was bargained for and is a key element of the Settlement of which the release in this paragraph is a part

9.    Pursuant to this Judgment, upon the Effective Date, the Defendant, on behalf of itself, its executors, administrators, predecessors, successors and assigns, shall be deemed by

operation of law to have released, waived, discharged and dismissed against Lead Plaintiff, Tsereteli and Lead Counsel, all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common or foreign law, that arise out of or related in any way to the institution, prosecution, or settlement of the claims against the Defendant, except for claims relating to the enforcement of the Settlement.,

10.    The distribution of the Notice and the publication of the Summary Notice as provided for in the Notice Order constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort.   Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. § 78aa-(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law.  A full opportunity has been offered to the Class Members to object to Lead Counsel's application for an award of attorneys' fees and for reimbursement of Litigation Expenses and to participate in the hearing thereon.  Thus, it is hereby determined that all Class Members who did not timely elect to exclude themselves by written communication are bound by this Judgment.

11.    Any plan of allocation submitted by Lead Counsel or any other order entered regarding any attorneys' fee and/or expense application shall in no way disturb or affect this Final Judgment and Order of Dismissal with Prejudice and shall be considered separate from this Final Judgment and Order of Dismissal with Prejudice.

12.    Neither the Stipulation nor the Settlement shall be:

a.    offered or received against the Released Party as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by the Released Party with respect to the truth of any fact alleged by Lead Plaintiff, or the validity of any claim that was or could have been asserted against the Released Party in this Action or in any litigation, or of any liability, negligence, fault or other wrongdoing of any kind of the Released Party;

b.    offered or received against the Released Party as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Party, or against the Lead Plaintiff or any Class Member(s) as evidence of any infirmity in the claims of Lead Plaintiff or the other Class Member(s);

c.    offered or received against the Released Party, or against Lead Plaintiff, or any other Class Member(s), as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason or purpose as against the Released Party, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if the Stipulation is approved by the Court, the Released Party may file the Stipulation and/or this Judgment and Order of Dismissal with Prejudice in any

action for any purpose, including, but not limited to, in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release and discharge, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

d.      construed against the Released Party as an admission, concession or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; nor

e.      construed against Lead Plaintiff, or any other Class Member(s) as an admission, concession or presumption that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the amount of the Settlement Fund.

13.      The Stipulation may be filed in an action to enforce or interpret the terms of the Stipulation, the Settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein.

14.      Lead Counsel are hereby reimbursed $ **39,093.26** for Litigation Expenses, which expenses and costs the Court finds to have been reasonably incurred.

15.      The Court hereby awards Lead Counsel attorneys' fees of ~~29 % of the Settlement Consideration, which is~~ $ **3,190,000**, ~~plus the interest earned on the Settlement Fund for the same time period and the same rate as that earned on the Settlement Fund until the fee is paid.~~ The Court finds that the amount of fees awarded is appropriate and is fair and reasonable under both the "percentage-of-recovery" method and the lodestar method given the substantial risks of non-recovery, the substantial time and effort involved, and the result obtained for the Class.

16.    Lead Counsel is authorized to pay the Claims Administrator for its work performed thus far, and shall pay the Claims Administrator's future invoices from the Net Settlement Fund as Lead Counsel determines appropriate.

17.    Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice in any way, this Court hereby retains continuing jurisdiction over: (a) the Plan of Allocation; (b) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (c) disposition of the Settlement Fund; (d) hearing and determining applications for attorneys' fees and expenses in the Action; and (e) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

18.    The Court finds, pursuant to 15 U.S.C. § 77(c)(1), that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

19.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendant, then this Final Judgment and Order of Dismissal with Prejudice shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

20.   There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

DATED:  Jan. 27      , 2014

_____
THE HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT COURT JUDGE